## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **STEVEN PALANGE,** | : | |
| ***Pro Se Plaintiff,*** | : | |
| | : | |
| **VS.** | : | **C.A. NO. 1:19-cv-00340-JJM-PAS** |
| | : | |
| **MICHAEL B. FORTE in his official capacity** | : | |
| **only as Chief Judge of the Rhode Island Family** | : | |
| **Court,** | : | |
| ***Defendant.*** | : | |

### <u>DEFENDANT'S MOTION TO DISMISS</u>

Now comes the Defendant, Michael B. Forte in his official capacity only as Chief Judge of the Rhode Island Family Court ("Defendant"), pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and hereby moves to dismiss the Complaint filed in this civil action by *pro se* Plaintiff Steven Palange ("Plaintiff"). In support hereof, Defendant submits the accompanying Memorandum of Law.

WHEREFORE, Defendant respectfully requests that his Motion to Dismiss the Complaint be granted.

Respectfully submitted,

DEFENDANT,

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Sean Lyness*
Sean Lyness, Bar No. 9481
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2481
Fax: (401) 222-3016
SLyness@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via U.S. First Class mail to the following on this 16th day of July, 2019:

Steven Palange
10 Grandeville Court
Apartment #934
Wakefield, Rhode Island 02879

*/s/ Dylan Gaddes*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **STEVEN PALANGE,** | : | |
| *Pro Se Plaintiff,* | : | |
| | : | |
| **VS.** | : | **C.A. NO. 1:19-cv-00340-JJM-PAS** |
| | : | |
| **MICHAEL B. FORTE in his official capacity** | : | |
| **Only as Chief Judge of the Rhode Island Family** | : | |
| **Court,** | : | |
| *Defendant.* | : | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This Memorandum of Law supports the Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss filed by Defendant Michael B. Forte in his official capacity only as Chief Judge of the Rhode Island Family Court ("Defendant"). Defendant moves to dismiss the Complaint filed in this civil action by *pro se* Plaintiff Steven Palange ("Plaintiff"). As Plaintiff has thoroughly litigated his family law case in Rhode Island Family Court and the Rhode Island Supreme Court – and lost – Plaintiff's Complaint is barred by the Rooker-Feldman doctrine and the domestic relations exception. Further, Plaintiff's Complaint fails to sufficiently articulate a federal or state constitutional claim. Accordingly, Defendant respectfully requests that his Motion to Dismiss be granted.

### I.      STATEMENT OF FACTS

Plaintiff brings the instant Complaint pursuant to 42 U.S.C. § 1983, seeking declaratory relief that "the policies and practices of the Rhode Island Supreme Court and the Rhode Island Family Court deprive Steven Palange of his United States and State of Rhode Island Constitutional Rights." Compl. at 1. Specifically, Plaintiff alleges that he "is denied of his rights to be free from

3

deprivations of his property, liberty and life without due process of law, his rights to family integrity and familial relationships and his rights to equal protection under state and federal laws." Id. Plaintiff's Complaint is aimed at Defendant in his official capacity only. Id. at 2.

It appears that Plaintiff's allegations stem from a May 9, 2018 Order of the Rhode Island Family Court that Plaintiff contends "de-factually [sic] terminated the parental, custodial and relationship rights of Mr. Palange and his minor daughter Katerina." Id. at 3, ¶ 5. Plaintiff maintains that the Order was issued ex-parte and "without due process of law and without a record[.]" Id. at 4, ¶ 7. Plaintiff additionally alleges that he "is further chilled and silenced of his speech and his thoughts, knowledge and concerns to the online community and media." Id. at 5, ¶ 15.

Plaintiff waited until January 16, 2019 to file a Notice of Appeal regarding the May 9, 2018 Order. See Palange v. Palange, W2012-0361 (January 16, 2019 Notice of Appeal attached as Exhibit A).[1] As Plaintiff had filed his Notice of Appeal well-after the twenty (20) day window afforded by Rhode Island Rule of Appellate Procedure 4(a), the Supreme Court dismissed his appeal on June 7, 2019. See Palange v. Palange, SU-2019-0125-A (June 7, 2019 Order attached as Exhibit B).

Days later, on June 20, 2019, Plaintiff filed the instant federal Complaint. See ECF 1. In his Complaint, Plaintiff asserts that his First, Fourth, and Fourteenth Amendment rights have been violated. Id. at 5. Plaintiff only seeks declaratory relief. Id. at 6.

---

[1] The January 16, 2019 Notice of Appeal incorrectly lists the date as January 16, *2016*. As is evident from the Rhode Island Family Court Docket sheet for Palange v. Palange, W2012-0361, Plaintiff filed the Notice of Appeal in 2019.

## II.     <u>LEGAL STANDARD</u>

A motion pursuant to Rule 12(b)(1) asserts that the court lacks subject matter jurisdiction over the lawsuit. Such a motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 506 (2006).

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The underlying purpose of this Rule is to "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)); <u>see</u> <u>also</u> <u>Fraternal Order of Police v. Library of Congress</u>, 692 F. Supp. 2d 9, 20 (D.D.C. 2010) ("Because the Court cannot ascertain what the [plaintiff]'s *** claim is, it cannot find that defendants are able to respond to it.").

In the context of a Rule 12(b)(6) motion to dismiss, courts have interpreted this rule to require that a pleading contain sufficient facts to show an entitlement to the requested relief. Accordingly, a complaint must allege "a plausible entitlement to relief." <u>Twombly</u>, 550 U.S. at 559. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." <u>Clark v. Boscher</u>, 514 F.3d 107, 112 (1st Cir. 2008). In evaluating whether a plaintiff's claims are entitled to relief, the court must accept as true all <u>well-pleaded</u> facts and indulge all <u>reasonable</u> inferences in plaintiff's favor. <u>Twombly</u>, 550 U.S. at 557. The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305 (1st Cir. 2008).

Thus, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (1st Cir. 1998) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).

In Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. Iqbal, 556 U.S. at 662. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 677-79. Specifically, this court is not compelled to accept legal conclusions set forth as factual allegations in the complaint. Id. Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). In other words, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, only a complaint that states a plausible claim for relief can survive a motion to dismiss. Iqbal, 556 U.S. at 679. The Court explained that "[d]etermining whether a complaint states a plausible claim for relief will *** be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

6

### III.   ARGUMENT

#### 1.   Plaintiff's Complaint is Barred by the Rooker-Feldman Doctrine

Respectfully, under the Rooker-Feldman doctrine, the Court lacks subject matter jurisdiction to consider Plaintiff's Complaint. Based on Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Rooker-Feldman doctrine holds that federal district courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The premise is that federal district courts do "not have the authority to review final judgments of state courts; only the Supreme Court has that power." Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps., 471 F.3d 220, 222 (1st Cir. 2006) (citing Feldman, 460 U.S. at 462). Importantly, "[f]ederal courts' application of the Rooker–Feldman doctrine does not depend on what issues were actually litigated in the state court." Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009) (quotations omitted). Instead, invocation of Rooker-Feldman applies where "the federal plaintiff seeks redress of an injury caused by an allegedly erroneous state court decision[.]" Davison, 471 F.3d at 222 (emphasis in original). Moreover, the First Circuit has confirmed that "Rooker-Feldman applies where the state proceeding has ended with respect to the issues that the federal plaintiff seeks to have reviewed in federal court, even if other matters remain to be litigated." Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 22–23 (1st Cir. 2005) ("Federacion"). Rooker-Feldman is "broader and blunter" than res judicata, and "federal courts regularly use Rooker-Feldman to rebuff collateral attacks on prior state court judgments without purporting to apply the technical preclusion rules of res judicata." Id. (quoting

Maymó–Meléndez v. Álvarez–Ramírez, 364 F.3d 27, 32–33 (1st Cir. 2004), cert. denied, 543 U.S. 872 (2004)).

The instant Complaint presents a straightforward case for application of the Rooker-Feldman doctrine. As evidenced by Plaintiff's Complaint, the Rhode Island Family Court issued a May 9, 2018 Order that Plaintiff describes as terminating his parental rights. See Compl. at 3, ¶ 5. The Court can take judicial notice of the fact that Plaintiff appealed this Order to the Rhode Island Supreme Court. See Palange v. Palange, SU-2019-0125-A; see also Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000) (allowing a court to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice[.]"). The Rhode Island Supreme Court dismissed Plaintiff's appeal on June 7, 2019. See id. (June 7, 2019 Order attached as Exhibit B). After losing in state court, Plaintiff almost immediately filed the instant federal action on June 20, 2019. See ECF 1.

Crucial to the Rooker-Feldman analysis, Plaintiff's Complaint seeks redress of an injury allegedly caused by the state court judgment. As an initial matter, Plaintiff's Complaint is brought against Rhode Island Family Court Chief Judge Michael B. Forte in his official capacity only, making the real party in interest the state court itself. The redress Plaintiff seeks is an "end run around the state court's judgment." Miller, 586 F.3d at 59. Specifically, Plaintiff seeks declaratory relief that the May 9, 2018 Order reflects that the state court "causes and enforces a policy of dishonest court and legal services" and "causes and enforces a policy of tampering and altering the transcripts of hearings concerning Mr. Palange[.]" Compl. at 6. These requests make plain that "the only real injury to Plaintiff[] is ultimately still caused by a state court judgment." Davison, 471 F.3d at 223. Indeed, "[t]he desired [relief] would amount to a reversal of the [state court's] ruling on the termination of plaintiff's parental rights[.]" Miller, 586 F.3d at 59. The Rooker-

Feldman doctrine prevents this Court from doing so. See id. (applying Rooker-Feldman to state court's termination of parental rights). It is immaterial that the Complaint attempts to frame his claims as constitutional violations. The First Circuit has held that "a litigant could not avoid the impact of the Rooker-Feldman doctrine simply by recasting his claims in federal court as arising under the United States Constitution, where adjudicating these claims would 'necessarily require reviewing the merits of the Rhode Island Supreme Court's decision.'" Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018) (quoting Mckenna v. Curtin, 869 F.3d 44, 48 (1st Cir. 2017)). The Rhode Island Supreme Court already dismissed Plaintiff's state court appeal. See Federacion, 410 F.3d at 24 ("[W]hen the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have 'ended.'"). As such, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison, 471 F.3d at 223. Accordingly, Plaintiff's Complaint must be dismissed.

## 2.  Plaintiff's Complaint Must be Dismissed under the Domestic Relations Exception

Further, to the extent that Plaintiff asks this Court to interfere with a decision issued by the Rhode Island Family Court concerning the custody of his minor daughter, respectfully, this Court lacks jurisdiction under the domestic relations exception. The domestic relations exception was first recognized by the Supreme Court in Barber v. Barber, 62 U.S. 582, 584 (1858) ("We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony[.]"). Since then, the Supreme Court has expanded the domestic relations exception "to include decrees in child custody cases." Ankenbrandt v. Richards, 504 U.S. 689, 702 (1992) (citing In re Burrus, 136 U.S. 586, 594 (1890)). More recent Supreme Court jurisprudence has reaffirmed the basis for the domestic relations exception. Id. at 700 ("Whatever Article III may

or may not permit, we thus accept the Barber dictum as a correct interpretation of the Congressional grant.") (quoting Patterson v. McLean Credit Union, 491 U.S. 164, 172–173 (1989)). In reaffirming the domestic relations exception, the Supreme Court unequivocally held that "the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees." Id. at 703.

Here, Plaintiff's Complaint is an improper attempt to have this Court review and overturn rulings made by the Rhode Island Family Court concerning the custody of Plaintiff's minor daughter. As framed in his Complaint, Plaintiff seeks relief from an Order issued by the Family Court "which de-factually [sic] terminated a prior divorce settlement between Margarita Palange and Steven Palange and his de-factually [sic] terminated the parental, custodial and relationship rights of Mr. Palange and his minor daughter [K.]" See Compl. at ¶ 5. Such an attempt to interfere with a Rhode Island Family Court decision concerning a divorce and child custody decree squarely fits under the domestic relations exception. See Ankenbrandt, 504 U.S. at 700.

As the First Circuit recently held in Norton v. McOsker, "[t]he aim of the exception is to keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (e.g., family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum." Norton v. McOsker, 407 F.3d 501, 505 (1st Cir. 2005). The Rhode Island Family Court Order with which Plaintiff takes issue is exclusively governed by state law. See generally R.I. Gen. Laws § 8-10-3 (establishing the jurisdiction of the Family Court). Because Plaintiff asks this Court to interfere with a decision issued by the Rhode Island Family Court concerning Plaintiff's divorce and the custody of his minor daughter, the Complaint should be dismissed under the domestic relations exception to federal jurisdiction.

10

### 3. Plaintiff's Complaint Fails to State a Claim

Even assuming, _arguendo_, that this Court had subject matter jurisdiction to hear the instant Complaint, the Complaint fails to adequately articulate any legal claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" _Iqbal_, 556 U.S. at 678 (citing _Twombly_, 550 U.S. at 570); _see also Sepúlveda–Villarini v. Dep't of Educ. of Puerto Rico_, 628 F.3d 25, 29 (1st Cir. 2010) ("The make-or-break standard *** is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.") (citations omitted)." Indeed, "[a] complaint's non-conclusory factual content must 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' An 'unadorned, the-defendant-unlawfully-harmed-me accusation' will not do." _Gianfrancesco v. Town of Wrentham_, 712 F.3d 634, 639 (1st Cir. 2013) (quoting _Iqbal_, 556 U.S. at 663); _see also Papasan v. Allain_, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, Plaintiff purports to assert three constitutional claims: (1) a First Amendment claim; (2) a Fourth Amendment claim; and (3) a Fourteenth Amendment claim. _See_ Compl. at 4. He also generally asserts a claim for "deprivations of his State of Rhode Island Constitutional Rights." _Id._ Respectfully, Plaintiff has not sufficiently pled any of these claims.

With respect to his First Amendment claim, Plaintiff alleges only two paragraphs in support: Paragraphs 6 and 15. Paragraph 6 alleges that the May 9, 2018 Order sought to "silence the speech of Steven palange [sic] and punish, prohibit, threaten and intimidate Mr. Palange from disseminating to the public and media information that he shares with the public." Compl. at ¶ 6. Paragraph 15 similarly alleges that "Mr. Palange is further chilled and silenced of his speech and

his thoughts, knowledge and concerns to the online community and media." Id. at ¶ 15. As these allegations are entirely conclusory in nature, they do not suffice to state a First Amendment violation. It is not clear from these scant allegations how Defendant allegedly sought to chill Plaintiff's First Amendment rights, particularly with respect to "disseminating [information] to the public and media[.]" Id. at ¶ 15.  Respectfully, it is not apparent how Plaintiff's speech "to the online community and media" has been silenced.

With respect to his Fourth Amendment claim, Plaintiff makes no allegations about any search or seizure. As a general matter, parental rights are not cognizable under the Fourth Amendment, but, instead, under the Fourteenth Amendment. See generally Santosky v. Kramer, 455 U.S. 745 (1982); see also Quilloin v. Walcott, 434 U.S. 246, 255 (1978). As such, Plaintiff fails to state a Fourth Amendment claim.

With respect to his Fourteenth Amendment claim, Plaintiff appears to advance two species of claims: (1) an equal protection claim; and (2) a due process claim. Regarding the equal protection claim, Plaintiff makes general allegations that he has been denied "his rights to equal protections under state and federal laws[,]" but fails to substantively allege any different treatment. See Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005) ("To prove a violation of the Equal Protection Clause *** a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination."). This falls far short of alleging an equal protection claim. See Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 639 (1st Cir. 2013) ("An 'unadorned, the-defendant-unlawfully-harmed-me accusation' will not do.") (quoting Iqbal, 556 U.S. at 663).

Regarding the due process claim, Plaintiff appears to allege a procedural due process claim, asserting that the ex-parte "May 09, Order [sic] was granted without due process of law[.]"

12

However, "there is no denial of due process in refusing to grant a full adversary hearing before taking away property or liberty, so long as such a hearing is provided later (as it was here) and there is justification for the delay." Lossman v. Pekarske, 707 F.2d 288, 291 (7th Cir. 1983). This is especially so in the child custody context. See id. ("When a child's safety is threatened, that is justification enough for action first and hearing afterward."); see also Arredondo v. Locklear, 462 F.3d 1292, 1298 (10th Cir. 2006) ("Faced with emergency circumstances which pose an immediate threat to the safety of a child, the state may temporarily deprive a parent of custody without parental consent or a court order.") (Quotations omitted). The Court can take judicial notice of the Rhode Island Family Court matter, Palange v. Palange, C.A. No. W2012-0361, which indicates that the Family Court issued a May 9, 2018 Order after plaintiff filed a Motion for Emergency Relief and Affidavit in support. See Palange, C.A. No. W2012-0361. There was a post-deprivation hearing on May 30, 2018 – memorialized in a June 13, 2018 Order – that continued the terms of the May 9, 2018 Order. See id. As such, the Family Court found sufficient justification to suspend Plaintiff's parental rights and afforded him a post-deprivation hearing just twenty-one (21) days later. See Lossman, 707 F.2d at 291. Accordingly, Plaintiff's Complaint fails to state a due process claim.

Finally, to the extent that Plaintiff asserts state constitutional claims, he fails to identify any specific provisions or claims. See Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 639 (1st Cir. 2013) ("An 'unadorned, the-defendant-unlawfully-harmed-me accusation' will not do.") (quoting Iqbal, 556 U.S. at 663). In any event, the Eleventh Amendment bars any such claims. See Penhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984); see also Southern Union Co. v. Lynch, 321 F. Supp. 2d 328, 334 (D.R.I. 2004) ("This Court will not make declarations about whether the State has abided by its own laws, just as it will not (and, Plaintiff concedes, cannot)

enjoin State officials on those same grounds; to hold otherwise would eviscerate <u>Pennhurst</u>.").
Accordingly, Plaintiff's Complaint fails to state a claim.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully ask that this Honorable Court
dismiss Plaintiff's Complaint.

Respectfully submitted,

DEFENDANTS,
By their Attorney,

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Sean Lyness*
Sean Lyness, Bar No. 9481
Justin J. Sullivan, Bar No. 9770
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2481 / 2007
Fax: (401) 222-3016
SLyness@riag.ri.gov
jjsullivan@riag.ri.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the within document via the ECF filing system and that a copy is
available for viewing and downloading. I have also caused a copy to be sent via U.S. First Class
mail to the following on this 16th day of July, 2019:

Steven Palange
10 Grandeville Court
Apartment #934
Wakefield, Rhode Island 02879

*/s/ Dylan Gaddes*

14