## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **STEVEN PALANGE,** | : | |
| *Pro Se Plaintiff,* | : | |
| | : | |
| **VS.** | : | **C.A. NO. 1:19-cv-00340-JJM-PAS** |
| | : | |
| **MICHAEL B. FORTE in his official capacity** | : | |
| **only as Chief Judge of the Rhode Island Family** | : | |
| **Court,** | : | |
| *Defendant.* | : | |

## DEFENDANT'S MOTION TO STAY DISCOVERY

Now comes the Defendant, Michael B. Forte in his official capacity only as Chief Judge of the Rhode Island Family Court ("Defendant"), and hereby moves to stay discovery in this civil action by *pro se* Plaintiff Steven Palange ("Plaintiff") until resolution of his pending Motion to Dismiss. ECF 11.

Before Defendant's response to the Complaint was due, Plaintiff filed four subpoenas to various Rhode Island Family Court personnel: Chief Judge Michael B. Forte, Judge Sandra Lanni, Clerk Ronald Pirolli, and Chief of Staff Ronald Pagliarini. All four subpoenas request voluminous documents by August 1, 2019. For example, the subpoena to Chief Judge Forte requests the following:

> "Any and all records that relate to Steven Palange, County Clerk Ronald Pirolli, Judge Sandra Lanni, Ad Litem Lois Iannone, Attorney Richard Updegrove."

Clearly, responding to this broad-brush request will be time consuming and costly.

It also may be for naught; on July 16, 2019, Defendant filed his Motion to Dismiss which, if granted, would dispose of Plaintiff's case entirely. This Court has broad discretion to stay discovery pending resolution of a motion to dismiss. See Landis v. North Am. Co., 299 U.S. 248,

254 (1936); see also Microfinancial, Inc. v. Premier Holidays Intern., Inc., 385 F.3d 72, 77 (1st Cir. 2004) ("[F]ederal courts possess the inherent power to stay proceedings for prudential reasons.") (citations omitted).  Indeed, numerous federal courts have found it appropriate to briefly stay discovery pending the resolution of an already-filed dispositive motion. See, e.g., Kolley v. Adult Protective Servs., 725 F.3d 581, 587 (6th Cir. 2013) (holding that a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim); see also Woods v. City of Chicago, 234 F.3d 979, 990-91 (7th Cir. 2000) (holding that the district court did not abuse its discretion in ruling on a police officer's motion for summary judgment before granting the plaintiff leave to depose the victim and arresting officers); Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (holding that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").

Further, Plaintiff's subpoenas are contradicted by Rule 26(d)(1), which provides that:

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

Fed. R. Civ. P. 26(d)(1). Moreover, under the Local Rules, "if in lieu of an answer, a motion is filed that, if granted would dispose of the entire case, the time for the parties' [Rule 26(f)] conference may be deferred until not later than 14 days after such answer or pleading is thereafter filed." DRI LR Cv 26(a).

Here, the parties have not conferred, nor is it necessary for the parties to confer at this stage of litigation. Contrary to Rule 26(d), Plaintiff served the subpoenas before the parties conferred under Rule 26(f). In fact, Plaintiff served the subpoenas before the undersigned counsel even entered his appearance. Additionally, the pending Motion to Dismiss, ECF 11, if granted, would dispose of Plaintiff's case entirely.

In sum, substantial prejudice would result from allowing Plaintiff to conduct discovery before a ruling on Defendant's Motion to Dismiss. This is particularly so given the broad scope of the subpoenas issued. Moreover, Plaintiff's discovery attempts run afoul of the Federal Rules of Civil Procedure and the corresponding Local Rules. Accordingly, Defendant respectfully requests that his Motion to Stay Discovery be granted.

Respectfully submitted,

DEFENDANT,

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Sean Lyness*
Sean Lyness, Bar No. 9481
Justin J. Sullivan, Bar No. 9770
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2481 / 2007
Fax: (401) 222-3016
SLyness@riag.ri.gov / jjsullivan@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via U.S. First Class mail to the following on this 17th day of July, 2019:

Steven Palange
10 Grandeville Court
Apartment #934
Wakefield, Rhode Island 02879

*/s/ Dylan Gaddes*