2019 JUL 30  A 10: 3

STEVEN PALANGE

&. K.P. a minor child

C.A. NO. 1:19-cv-00340-JJM-PAS

*PRO SE PLAINTIFFS*

Vs.

Margarita E. Palange, Richard Updegrove,
Sandra Lanni, Tanya Gravel, Lois Iannone,
Michael B. Forte, Ronald Pagliarini,
Peter F. Neronha, Jean Maggiacomo,
Courtney E. Hawkins
- all as private citizens.
   *DEFENDANTS*


## VERIFIED COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL AND CIVIL RIGHTS SEEKING INJUNCTIVE AND DECLARATORY RELIEF


## PRELIMINARY STATEMENT

1. This is a Federal Civil Rights Complaint brought pursuant to 42 U.S.C.

   sec. 1983,  the Supremacy Clause of the  U.S. Constitution,  the Rhode

   Island and Federal Uniform Declaratory Judgement Acts, the 9th, 1st, 4th,

   14th, 5th,  Amendments of the United States Constitution in seeking an

   order declaring that the policies and practices of Michael B. Forte deprive

Steven Palange and his minor daughter K.P. of their United States and the State of Rhode Island Constitutional Rights. For instance, he is denied his right to be free from deprivation of his property, liberty and life without due process of law, his rights to family integrity and familial relationships and his rights to equal protection under state and federal laws.

2. Steven Palange (the plaintiff) seeks declaratory and injunctive relief to end the unlawful and discriminatory treatment of himself and all others similarly situated.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. sec. 1331 because this case involves federal questions pertaining to the United States Constitution.

2. The Court also has proper pendent jurisdiction arising under state laws.

3. Venue is proper in this Court because the defendants reside in this judicial district and this is the judicial district where the causes of actions have arisen.

## PARTIES

1. Plaintiff Steven J. Palange is a natural-born citizen of the United States and the State of Rhode Island. He resides at 10 Grandville Court Apt. 934, Wakefield, Rhode Island 02879. He and his minor daughter have been deprived of their Constitutional Rights per past court proceedings and thus, continue to be deprived of their Constitutional Rights unless this Court is to bar the Defendants from engaging in the illegal conduct which has subjected Steven J. Palange to numerous ongoing and prospective violations of his Constitutional Rights.

2. K.P. is the minor daughter of Steven Palange and Margarita Palange. K.P. K.P. was born on "redacted". K.P. is a citizen of the State of Rhode Island and a natural-born citizen of the United States of America. Her current whereabouts are not known to Steven J. Palange or this court.

3. Mr. Palange requests that K.P.s current whereabouts be made known to the Court of Rhode Island. As well as requesting that Mother of minor child be banned from removing minor K.P. from the state of Rhode Island or the United States.

4. Currently, K.P. is not represented by an attorney licensed to practice law in this Court, thus Steven J. Palange requests a Guardian Ad Litem (GAL) be appointed and paid for by the court in order to represent the best interests

of said Minor Child. Furthermore, Steven J Palange requests that the Guardian Ad Litem be a neutral party that holds no past ties to any of the previously named defendants or Steven J Palange himself.

5. Defendant Michael B. Forte is the chief administrative officer of the day to day operations of the Rhode Island Family Court and he has direct control of all or many participants that work and operate in the Rhode Island Family Court and the Rhode Island Supreme Court as they relate to Family Court matters.

6. Mr. Forte knowingly has been and continues to violate the United States Constitutional Rights of Steven Palange pertaining to his right to familial relationship with his minor child K.P.. Mr. Forte is responsible for formulating, implementing as well as orchestrating and enforcing the policies and practices engaged in by persons working on his behalf within the day to day operations of the Rhode Island Family Court. Michael Forte has caused, enforced and continues to enforce the challenged laws, customs, and practices applied against Steven J. Palange.

7. Michael B. Forte's conduct violates long standing and established Constitutional and statutory Rights. A formal complaint is being made requesting be brought under review for misconduct and abuse of power

while working in the Rhode Island judicial system. Furthermore, Michael B. Forte does not have any 11th Amendment immunity, nor does he have any qualified immunity acting as a State representative.

8. Michael B. Forte is being sued in his official and individual capacity, not acting on behalf of the State of Rhode Island. As well as being sued in his official and individual capacity for declaratory and prospective injunctive relief.


## STATEMENT OF FACTS

### Count l-Violation of Plaintiff's Rights Under the First Amendment and Art. 1, Sec. 2L of the Rhode Island Constitution


1. The First Amendment of the United States Constitution provides that government "shall make no law...abridging the freedom of speech...or to petition the Government for a redress of grievances". The First Amendment corresponds with Article 1, Section 21 of the Rhode Island Constitution states: "The citizens have a right in a peaceable manner...to apply to those invested with the powers of government, for redress of grievances. ..No law abridging the freedom of speech shall be enacted.

2. Due to both the First Amendment and Article 1, Section 21 of the Rhode Island Constitution Steven J Palanges rights should be protected and upheld during all court proceedings. Furthermore, the 14th Amendment requires the States to respect Due Process rights of individuals.

3. Prior to May 9, 2018 Michael B. Forte established and caused dishonest and unlawful practices to be engaged in within the operations of the Rhode Island courts. His personal conduct caused the following set of circumstances and facts which have resulted in the constitutional deprivations of a familial relationship between daughter K.P. and Father Steven J. Palange.

4. The following statements of fact regarding Michael Forte describes the actions and conduct and involvement of official representatives of the State of Rhode Island that violates the laws and Constitution of the United States of America and the State of Rhode Island. It also describes and seeks relief from impending severe deprivations of K.P. and Steven J. Palange whos Constitutional Rights and Personal Safety have been violated

5. Further described are various past and ongoing suffering from dishonest, violent and criminal conduct engaged in by individuals cloaked with color of Rhode Law, dishonesty and impunity caused by Michael Forte.

6. This lawsuit also claims that all activity, judgments, orders, findings, and restraints on the liberties and properties and lives of K.P. and Steven J Palange created by Michael B. Forte since May 9, 2018, are revaluated and thus made void upon completion of revaluation.

7. Both the Fourth Amendment of the United States Constitution and Article I, Section 6 of the Rhode Island Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

8. On August 20th 2013, a marriage settlement agreement between Steven and Margarita was officiated in the Rhode Island Family Court. See attached marital settlement agreement dated August 20th 2013. (See Exhibit 1)

9. In the months before May 9, 2018, Margarita Palange developed a plan to obtain full physical and emotional possession of K.P. and deny Steven J Palange a familial relationship with K.P., which in turn deprived K.P. of having her father Steven J. Palange partake in being an active parent in K.P.s life.

10. Margarita Palanges plan further consisted of extorting money from Steven by obtaining false official records orders and judgments to compel, under threat of injury, Steven J Palange to pay her money. Her plan was further motivated by her desire to punish Steven J Palange on account of information he published on the internet that angered her and information that she feared would pose a threat to herself or her daughter by exposing the truth. Margarita Palange was further motivated to compel Steven J Palange to be silent on the internet.

11. Margarita Palange summoned the assistance of Attorney Richard E. Updegrove Jr to put her plans against Steven J Palange into effect on or about May 8, 2019. The following day on May 9, 2018, pursuant to knowing that he may be a benefactor of and may obtain judgments and orders with official certifications corruptly, without due process of law and dishonestly Attorney Updegrove conducted a cursory review of

Margarita Palanges plans and desires, the financial capabilities, and conspired with Margarita Palange to file pleadings in court that are dishonest and against the law.

12. Mr. Updegrove filed in Court an ex-parte motion to take physical custody of K.P. and other emergency relief when there were no facts to suggest Steven J Palange was a danger to himself or any persons surrounding. There was no showing of an impending threat of irreparable harm. Margarita Palange and Attorney Updegrove filed that Motion knowing that they were violating Rule 11 and the laws and customs that mandate that all pleadings filed in court be truthful after conducting a reasonable inquiry. In this case, Attorney Updegrove and Margarita Palange knowingly filed a pleading that did not justify the relief they were seeking into a system controlled by Michael Forte that encourages and protects false and or malicious pleadings to be used in cases against men and pro se litigants. Attorney Updegrove and Margarita were promised the benefits of participation in an illegal program that collects and extorts money corruptly and disguise and launder the money as Child support by Michael Forte.

13. Upon information and belief, On May 9, 2018 Attorney Updegrove, Margarita Palange along with Judge Lanni agreed to create an Order against Steven J Palange depriving him of his daughter without, any allegations or findings that Steven J Palange was or is a threat to anyone, without notice, an opportunity to be heard, and without a record. See **EMERGENCY EX-PARTE MOTION** attached.

14. Judge Sandra Lanni, along with the previously named defendants, in this case, agreed participated as individuals to conspire with Michael Forte, Attorney Updegrove, and Margarita Palange to kidnap K.P., violate the Constitution and laws of the United States via conduct and policy that defrauds the Court. Judge Lanni is not acting as an official of the State of Rhode Island rather she is acting as an individual co-operating in a racketeer influenced corrupt organization disguised as a faction of the Rhode Island court system. Because of her conduct that has severely and injuriously harmed and violated the long standing and well established Constitutional rights of K.P. and Steven Palange. We request that Judge Lanni is held in contempt of this court until she has been fully investigated, and upon completion of the investigation is stripped of her official capacity as a state representative and as her capacity as a judicial

officer. Judge Lanni's experience, common sense, education and knowledge of the law indicate that her involvement of participating in creating the false Order on May 9, 2018, essentially kidnapping K.P. was a conscious act and there was a deliberate intent to violate the Constitution.

15. To begin with, the defendants purposely met and conferred off the record to conceal what they knew to be an illegal act. The creation of a frivolous and malicious emergency Order to seize K.P. and separate her from her father the plaintiff Steven J Palange. The motive being substantial amounts of money and control. The intentional refusal to make a record of a proceeding that takes an individual, and a minor child from her family indicates a collective and individual consciousness of guilt. In other words, if the defendants felt that they were acting in good faith to protect K.P. and Margarita Palange then a record would have been made of findings of facts and law relied upon to invoke such upon K.P. and Steven J Palange.

16. In a private and off the record session Attorney Updegrove and Judge Lanni created the false order. Judge Lanni provided no findings of facts that K.P. had been harmed or was likely to be harmed by Steven J Palange. Since at least May 9, 2018, and continuing till present the named

defendants have acted to corruptly influence the outcome of court proceedings and cause other individuals and officials they work with to violate the laws.

17. The first hearing of this case started off with private chamber conference and were immediately followed by Mr. Palange's attorney, Ms. Tanya Gravel, standing before Judge Lanni and agreeing to 1. The restraining order keeping Mr. Palange from his child, 2. That Mr. Palange would undergo a mental health evaluation, and 3. That Mr. Palange agreed to pay child support as of the hearing date of May 9th, 2018. Upon hearing these words come out of his lawyer's mouth, having not heard of discussing these agreements, Mr. Palange spoke up and OBJECTED to all of the above.

18. After objecting to the private chamber agreements made without the benefit of an official transcript of what was discussed, Ms. Gravel tried to agree to three significant Constitutional Rights of Mr. Palange and his minor daughter, without due process by not even asking if Mr. Palange agreed to these conditions.

19. At the end of the May 9th, 2018 hearing Mr. Palange addressed honorable Judge Lanni directly and asked her why she was ordering him to have a

mental health examination. Judge Lanni replied "because you admitted to smoking marijuana." Mr. Palange replied that he has a valid RI Medical Marijuana license. To which Judge Lanni replied "I follow Federal laws so you are a criminal and hence I have the legal right to order you to a mental health evaluation. Review of the May 9th transcript is void of this dialogue between honorable Judge Lanni and the Plaintiff Mr. Palange.

20. Some weeks after May 5th, 2018 Attorney Tanya Gravel, while acting as Steven J Palanges attorney, was induced and influenced by Forte, Lanni, Updegrove and pursuant to Forte's policy of requiring attorneys practicing law in court to be dishonest and produce to the record and court that which Forte requires from them…. In this case it meant agreement and compliance with the May 9th, 2018 order and doing so without the consent, best interest, and permission of Steven Palange or K.P.. Specifically Attorney Gravel engaged in numerous off the record and generally secretive communications, directly and or directly with Forte, Lanni, Updegrove.

21.The above mentioned act includes but is not limited to the communication from Mr Palanges Attorney to the named defendants above stating Mr

Palange "Being a danger to his child" based on the fact that on several occasions Mr Palange "Brings K.P. late to school" or "Recently forgot a field trip school lunch, and equally and imminent dangers to his child." None of which pose a threat to K.P..

22. A Guardian Ad Litem was assigned to evaluate the domestic situation of K.P.. The Guardian Ad Litem was paid approximately $8,000. The Guardian Ad Litem Lois Iannone never set eyes on the child or spoke to her alone without the mother present. The Guardian Ad Litem never spoke to the minor child K.P. regarding a domestic abuse related case or was able to attain the best interests of the child due to the threatening presence of Margarita Palange on the occasions that the GAL met with K.P..

23. On September 20th, 2018 Mr. Palange was finally "Referred For Supervised Visitation", over four months since his shared custody, shared placement and being primary caretaker of K.P. was terminated.

24. The May 9th ex-parte "emergency" motion was frivolous in that, according to the affidavit of Ms. Palange, K.P.s mother, there was no "imminent harm and danger to the minor child K.P.

25. Mr. Palange has been barred by the R.I. Family Court's IT Department after he requested several times to get access to the State of Rhode Island

Electronic Filing System. Mr. Palange has a string of emails between himself and an unnamed IT employee of the Court who repeatedly claimed Pro Se did not have a Right to submit Pleadings electronically. Mr. Palange was finally informed by a Court IT employee representing the IT Dept that Mr. Palange's repeated requests for access had to be addressed by the Court's legal department.

26. Mr. Palange and K.P. Due Process Rights to reliable legal services were violated and compromised when Michael B. Forte relieved Guardian Ad Litem Lois Iannone of all responsibilities to not only testify on the minor child K.P.s behalf in future hearings but by doing this Mr. Forte "sanctions" the abuse that is a practice and pattern of Guardian Ad Litem charging thousands and tens of thousands of dollars for investigations where the Guardian Ad Litem never laid physical eyes on the child. The Defendant Mr. Palange had concerns and facts that alleged K.P. was being abused by her mother's boyfriend. Mr. Palange specifically requested that the Ad Litem "see" the child and ask her about her relationship with the mother's boyfriend who lived in the house full time but didn't contribute financially to the household. Michael B. Forte's ongoing practices are severe and extremely injurious to Steven Palange and his minor daughter

K.P.. The consequences that Steven Palange and his daughter K.P. are irrevocably harmed unless Mr. Forte is preemptively injunctive relief is granted.

27. Mr. Forte is directly responsible for Mr. Palange and K.P. having "no physical contact" or be within 500 yards of each other for over one year. He specifically ordered honorable Judge Sandra Lanni to never allow Mr. Palange to see his child by relieving Mr. Palange of the all Visitation, supervised or otherwise was terminated, per Michael B. Forte. This was in response to Mr. Palange expressing his First Amendment Freedom of Speech.

28. Mr. Forte has personal knowledge that K.P.'s mother was a flight risk. Mr. Forte was monitoring this case and must be aware that the Defendant Mr. Palange filed numerous pleadings expressing that his wife and child were flight risks. Mr. Forte, in not his official capacity, as Head of RI Family Court "ordered" Judge Sandra Lanni to not interfere with the mother's plans to flee the State. Mr. Palange testified to this flight risk during a courtroom hearing. Mr. Palange defend his opening a sales office in Adams County PA, the home of Ms. Palange's live in boyfriend Mr. Michael Garretson. Less than six months after Honorable Judge Sandra

Lanni accused Mr. Palange "on the stand" of being a "a man who lacks all credibility" for his wildly speculative claims his ex-wife and mother of K.P. would flee the State of Rhode Island, Ms. Palange fled the State of Rhode Island and in violation of a Divorce Agreement that specifically forbid either parent from removing K.P. from the State without a Court Order.

29. Because of the practices and patterns of abuse of due process and Civil Rights not done in his official capacity but as a private citizen and for the financial gain of his constituency, the lawyers who work the financial abuse being done to citizens within Rhode Island Family Court. Ms. Palange and K.P.s whereabouts are as of July

30. K.P. and Steven Palange are denied the completely obstructed in their ability to cohabitate, communicate and be one as a family. His Constitutional Rights have been abrogated by specific actions that were perpetrated by Mr. Forte. Specifically, on or about December 11th 2018, Mr. Forte had his assistant Ronald Pagliarini call Mr. Palange to inform him that based on anti-RI Family Court social media posts, that he, Michael B. Forte was terminating supervised visitation at the Providence Family Court. Termination of his supervised visitation was in retaliation

of Mr. Palange's expressing his Freedom of Speech. Phone records will reveal that Mr. Ron Pagliarini called Mr. Palange on or about the date claimed to inform him of Mr. Forte's abuse of his Civil and Constitutional Rights.

31. Mr. Forte is responsible for supporting and enforcing a practice and pattern of allowing Justices to have private chamber conferences with one or both lawyers without the benefit of a stenographic or audio recording, as was done to Mr. Palange in every hearing he was represented by counsel. Mr. Forte also supports private chamber testimony when it will contribute to increasing the length and expensive of litigation.

32. Mr. Forte also supports a practice and pattern of adjudication that increases the cost of litigation by allowing private chamber conferences, in not just one or two hearings per case but off transcript without the protections offered by transcript or recording are being conducted as a "practice and pattern". These off transcript discussions beyond the protections cited, offer opportunity to make private backroom dealings that violate both Due Process but Constitutional Rights.

33. Supreme court found in ex parte that an official who engages in an unconstitutional action cannot be held to be performing it on behalf of the

state even if the official complies with the states own laws. As well as Article 3 of the Constitution supremacy clause makes the constitution superior to all contrary laws. Those who violate the supremacy clause reduces an official to the level of a private citizen who can be sued. Official could be a state actor under the 14th amendment, his infringement upon due process rights could be challenged. In 1908 the Supreme Court held that when a state official VIOLATES THE LAWS AND CONSTITUTION OF THE UNITED STATES, THE OFFICER IS STRIPPED OF HIS OFFICIAL OR REPRESENTATIVE CHARACTER THE OFFICER IS â€œ stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct.â€ Ex parte Young, 209 U.S. 123, 123 (1908).

34. Which means that Michael B. Forte to be sued in his individual capacity and official capacity. Because of his individual ongoing conduct that violates and continues to violate the clearly established Constitutional rights of steven palange and his minor daughter K.P., including but not limited to, equal protections under the laws and continues to subject K.P. and Steven Palange to deprivations of serious civil rights and serious injury.

# **PRAYER FOR DECLARATORY RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. That Michael Forte causes persons working on his behalf to engage in practices and patterns that subject Mr. Palange to deprivations of federal, constitutional and state protected rights.

2. And to issue a declaratory judgment declaring that Michael Forte causes and enforces a policy of dishonest court and legal services and that policy causes Mr. Palange to deprivation of his Constitutional Rights;

3. Declaring that Michael Forte causes and enforces a policy of tampering and altering the transcripts of hearings concerning Mr. Palange;

4. Declaring that Michael Forte causes and enforces a policy of having off the record, ex-parte, in chambers meetings to substitute and replace open and on the record hearings concerning Mr. Palange;

5. Declaring that Michael Forte causes and enforces policies, practices and customs that deprive Mr. Palange of his Constitutional rights to family integrity, property, due process of law, equal protection under the laws and honest court services and access to the public facilities of the courts.

Respectfully submitted,

Steven J. Palange

By himself Pro Se,

_____

10 Grandeville Ct., #934

Wakefield, RI 02879

(401) 225-0700

steven_palange@tlic.com

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL
ISSUES SO TRIABLE.

**CERTIFICATION OF SERVICE**

I hereby certify that on the 30th day of July, 2019 I emailed a copy of this
document to Attorney Sean Lyness and Justin J. Sullivan at
SLyness@riag.ri.gov, jjsullivan@riag.ri.gov and Tamara Rocha at
trocha@courts.ri.gov

Steven J. Palange, Pro Se