Case Number: W20120361
Filed in Washington County Family Court
Submitted: 5/9/2018 3:12:11 PM
Envelope: 1534784
Reviewer: Lauren Berke

STATE OF RHODE ISLAND        FAMILY COURT
WASHINGTON, Sc.

MARGARITA E. PALANGE,
     Plaintiff

vs.                          C. A. NO. W12-0361

STEVEN J. PALANGE,
     Defendant

## *MOTION FOR EMERGENCY AND OTHER RELIEF*

     NOW comes the Plaintiff, MARGARITA E. PALANGE, and states that the parties were divorced by Final Judgment of Divorce dated December 18, 2013; that the Final Judgment incorporated by reference (but did not merge) a Marital Settlement Agreement dated August 20, 2013; that the parties have one minor child, to wit: Katerina (d/o/b 12/11/09); that pursuant to the Final Judgment of Divorce the parties were granted joint custody and shared placement of the minor child, with the parties having parenting time in accordance with the terms of Clause 4 (B) of the Marital Settlement; according to that provision, the Defendant had the minor child overnights on every Monday, Tuesday and every other Wednesday; the Plaintiff had the minor child overnights on every other Wednesday and every Thursday and Friday overnights; the parties alternated having the child on weekends (Saturday through Monday morning) so that the party having the weekend did not have the child on the subsequent Wednesday evening.

     That, as described in Plaintiff's affidavit which is attached hereto and incorporated by reference herein, Defendant's recent conduct, especially with regard to the child, is injurious to the child; the Defendant previously agreed that the court ordered visitation should change in order to assure that the child's school work was being completed, which did not occur on the days following the Defendant's overnight visitation; as a result, the new visitation schedule has the Plaintiff having the child overnight each Sunday, Monday, Tuesday and Wednesday; Defendant has the child overnight each

Case Number: W20120361
Filed in Washington County Family Court
Submitted: 5/9/2018 3:12:11 PM
Envelope: 1534784
Reviewer: Lauren Berke

Thursday, Friday and Saturday – as a result, Defendant has only one overnight prior to school, thereby mitigating the harm to the child which resulted from incomplete homework on days following the father's overnight.

Recently, the Defendant's Husband's illness and medication regimen have resulted in a pronounced change in his conduct towards his daughter. Defendant's texts, emails and unsolicited video communications with Plaintiff when the child is in his possession increasingly are characterized by manic and paranoid behavior, much of which is directed towards the child. Defendant refers to his 8 year old daughter as "a monster", whose conduct makes him incapable of eating, and whom he says that he cannot control (Defendant has Crohn's disease, is heavily medicated and, upon information and belief, holds a medicinal marijuana card, regularly using this drug while in possession of the child). Plaintiff has asked if he would undergo parenting counselling, and he has refused.

Defendant has recently terminated his visitation prematurely; he dropped the child off at Plaintiff's home, calling the child profane names, causing Katerina to cry. During his rant while dropping the child off, he said that he cannot eat and "feels very weak and am about to pass out." Defendant's conduct was manic and aggressive towards both the Plaintiff and the minor child. Defendant has also noticeably lost a significant amount of weight in addition to his change in conduct.

In addition, while the child is in his possession, the Defendant has recently sent the Plaintiff unsolicited videos in which he clearly denigrates the child, makes nonsensical comments, delivered in a manic cadence.

This conduct is clearly scaring our eight year old daughter, and is inimical to her best interests. As a result, Plaintiff prays for the following relief:

1) That the Defendant's visitation with the minor child Katerina (d/o/b 12/11/09) be suspended ex parte; that Defendant be permitted to have contact with the child only by text, email or Facetime (at a designated time) until further order of the court.
2) That the Defendant be ordered to execute releases to Plaintiff's counsel permitting him to obtain reports from Defendant's primary

Case Number: W20120361
Filed in Washington County Family Court
Submitted: 5/9/2018 3:12:11 PM
Envelope: 1534784
Reviewer: Lauren Berke

care physician, Crohn's disease specialist, and counselor/psychologist/psychiatrist.

3) That the Defendant be evaluated by a psychologist regarding the threat of harm posed by the Defendant to the minor child as a result of any visitation schedule.
4) That all communications between the parties be by text and email;
5) That the Defendant be ordered to engage in parenting counselling forthwith, with reports of his progress and compliance provided to Plaintiff's counsel and the Court;
6) That the Defendant be ex parte restrained and enjoined from bothering, harassing or interfering with the Plaintiff at any time or place;
7) That the Defendant be ordered to pay child support;
8) That the Plaintiff be awarded such other and further relief as this honorable court may deem just, including a reasonable counsel fee for the prosecution of this motion.

          MARGARITA PALANGE,
          By her attorney

/S/ Richard E Updegrove, Jr., Esq.
UPDEGROVE LAW, LTD.
Richard E. Updegrove, Jr., Esq.
314 Oliphant Lane
Middletown, Rhode Island 02842
(401) 847 5684  Bar No. 2245

STATE OF RHODE ISLAND          FAMILY COURT
WASHINGTON, Sc.

MARGARITA E. PALANGE,
    Plaintiff

vs.                            C. A. NO. W12-0361

STEVEN J. PALANGE,
    Defendant

## ORDER

THIS matter came to be heard in the Family Court, Washington County, Judge Lanni presiding; on the 9 day of May, 2018, upon Plaintiff's Motion for Emergency Relief, and IT IS ORDERED, ADJUDGED AND DECREED:

1) That the Defendant's visitation with the minor child Katerina (d/o/b 12/11/09) be suspended ex parte; that Defendant be permitted to have contact with the child only by text, email or Facetime (at a designated time) until further order of the court.
2) That the Defendant be restrained and enjoined from bothering, harassing or interfering with the Plaintiff at any time or place;
3) That this matter is continued to _____5/30_____, 2018 for hearing on other requests for relief contained in Plaintiff' Emergency Motion.

Electronically APPROVED and Entered as a Decree of the Family Court by:

_Sandra A Lanni_
Judicial Officer

_5-9-18_
Date

Presented by:

/S/ Richard E Updegrove, Jr.
Attorney for Plaintiff,
Richard E. Updegrove, Jr., Esquire
UPDEGROVE LAW, LTD.
314 Oliphant Lane
Middletown, Rhode Island 02842
(401) 847-5684           #2245

STATE OF RHODE ISLAND       FAMILY COURT
WASHINGTON, Sc.

MARGARITA E. PALANGE,

     Plaintiff

vs.                C. A. NO. W12-0361

STEVEN J. PALANGE,
     Defendant

## AFFIDAVIT OF PLAINTIFF MARGARITA E. PALANGE

I, MARGARITA E. PALANGE, being duly sworn, do depose and state:

1) That I am the Plaintiff in the above entitled matter.

2) That I am the mother of KATERINA PALANGE (d/o/b 12/11/09).

3) Defendant's conduct, especially towards our daughter, has changed dramatically in the last year. This change in conduct has occurred coincidently with an increase in my ex-Husband's symptoms from Crohn's Disease; my ex-Husband has lost a lot of weight, seems to be heavily medicated insofar as his conduct exhibits periods of manic, paranoid, irrational and aggressive behavior towards myself and towards our daughter when the child is in my husband's possession.

4) My ex-Husband has had difficulty getting our daughter to school and making sure that her homework assignments are completed, and that she is prepared for tests, when in his possession overnight. As a result, we agreed to change the existing schedule so as to minimize the overnights that my ex-Husband has prior to school days (he now has only one overnight prior to a school day – Thursday night).

5) My ex-Husband has forgotten to pack drinks or snacks for school, and on one occasion during the February vacation he failed to provide my daughter with lunch for camp, forcing her to share the bus driver's lunch.

6) My ex-Husband has admitted to me that oftentimes he cannot care for our daughter while in his possession; recently he prematurely discontinued his visit with our daughter, stating that he could not provide proper care for her; in a video that he sent to me he appears clearly excited, aggressive towards our daughter, uses profane language, paranoid and manic. When he dropped our daughter off, my daughter was crying.

7) I am aware that my Husband frequently uses marijuana, oftentimes when the child is in his possession; I believe that he is taking other medication as a result of his illness, and his behavior has worsened since the beginning of the new year.

8) I am in fear that my child may be injured, both physically and emotionally, if the existing unsupervised visitation continues while my ex-husband is in his present state. I need the intervention of the Family Court to suspend visitation until my ex-husband receives counselling and appropriate psychological care so that my daughter is not at risk. I have asked the Defendant to go to counselling, both for himself and to learn how to parent our child, and he has flatly refused.

9) I am willing to permit the Defendant to contact my child by text and email, and to have regularly scheduled Facetime monitored by myself until he can be successfully treated.

_____
MARGARITA E. PALANGE

Subscribed and Sworn to before me this ⁹ᵗʰ day of May, 2018.

_____
Notary Public

STATE OF RHODE ISLAND      FAMILY COURT
WASHINGTON, Sc.

MARGARITA E. PALANGE,
    Plaintiff

vs.                                 C. A. NO. W12-0361

STEVEN J. PALANGE,
    Defendant

## ORDER

THIS matter came to be heard in the Family Court, Washington County, Judge Lanni presiding; on the 9 day of May, 2018, upon Plaintiff's Motion for Emergency Relief, and IT IS ORDERED, ADJUDGED AND DECREED:

1) That the Defendant's visitation with the minor child Katerina (d/o/b 12/11/09) be suspended ex parte; that Defendant be permitted to have contact with the child only by text, email or Facetime (at a designated time) until further order of the court.
2) That the Defendant be restrained and enjoined from bothering, harassing or interfering with the Plaintiff at any time or place;
3) That this matter is continued to _____5/30_____, 2018 for hearing on other requests for relief contained in Plaintiff Emergency Motion.

Electronically APPROVED and Entered as a Decree of the Family Court by:

_Sandra A Lanni_
Judicial Officer

_5-9-18_
Date