UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN PALANGE, : | |
| *Pro Se Plaintiff*, : | |
| : | |
| VS. : | C.A. NO. 1:19-cv-00340-JJM-PAS |
| : | |
| MICHAEL B. FORTE in his official capacity : | |
| Only as Chief Judge of the Rhode Island Family : | |
| Court, et al. : | |
| *Defendants.* : | |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR EMERGENCY EX-PARTE TEMPORARY RESTRAINING ORDER

Now comes Defendant Michael B. Forte in his official capacity only as Chief Judge of the Rhode Island Family Court ("Defendant") and hereby objects to the "Motion for Emergency Ex-Parte Temporary Restraining Order" ("Motion") filed in this civil action by the Plaintiff, Steven Palange ("Plaintiff"). Citing to purported constitutional violations that date to May of 2018, Plaintiff attempts to move for temporary injunctive relief against "all defendants[,]" seeking an order that prevents defendants "from depriving me [Plaintiff] of my United States Constitutional Rights." Pl.'s Mot. at 1. In his request for relief, Plaintiff states that he "request[s] the court halt all hearings until discovery of this Federal case is completed." Id. at 3.

Plaintiff's Motion is procedurally and substantively inapt. As an initial matter, Plaintiff recently amended his Complaint, adding new defendants whose summons have not yet been returned. See ECF 19. Those defendants have not yet had the opportunity to respond to Plaintiff's Amended Complaint. Further, Plaintiff has not articulated "any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The irony of this fact is not lost on Defendant, as Plaintiff is now seeking an *ex parte* Order of this Court without complying with the Federal Rules of Civil Procedure when his Amended Complaint

is largely predicated on alleged constitutional violations stemming from an *ex parte* Order of the Rhode Island Family Court. These procedural deficiencies suffice to deny Plaintiff's Motion.

But Plaintiff's Motion also suffers from substantive flaws. For one thing, Plaintiff does not identify "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Although Plaintiff has submitted a twelve-page affidavit listing a litany of perceived constitutional violations, he does not articulate how any of those past alleged violations cause immediate and irreparable harm. Indeed, in his Motion itself, the alleged violations date to May of 2018, over a year ago. Nor does Plaintiff explain how "halt[ing] all hearings until discovery of this Federal case is completed" fits within this rubric. Pl.'s Mot. at 3.

Moreover, because Plaintiff's Amended Complaint is directed at Defendant – Chief Judge of the Rhode Island Family Court – as well as other defendants who are judicial officers or clerks of Rhode Island courts, the plain language of 42 U.S.C. § 1983 prevents the issuance of injunctive relief. As amended in 1996, Section 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." This prohibition on injunctive relief against judicial officers has been applied to quasi-judicial officers as well, including clerks of court. See Mattatall v. Rhode Island, No. CA 07-234-ML, 2009 WL 3514634, at *4 (D.R.I. Oct. 29, 2009). Plaintiff has not made any argument that a declaratory decree was violated or that declaratory relief was unavailable; in fact, Plaintiff's Amended Complaint seeks declaratory relief. As such, the plain language of Section 1983 prohibits the injunctive relief sought by Plaintiff here.

To the extent Plaintiff seeks to have this Court enjoin the Rhode Island Family Court proceedings based on non-1983 claims, this requested relief is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, which "prohibit[s] federal courts from enjoining all but a few state-court proceedings." Garcia v. Bauza-Salas, 862 F.2d 905, 907 (1st Cir. 1988). The Anti-Injunction Act specifically enumerates those limited exceptions as "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of these exceptions apply here, nor does Plaintiff make any argument that they do. Accordingly, Plaintiff's requested relief is precluded by the Anti-Injunction Act.

In sum, Plaintiff's Motion is procedurally and substantively flawed. Defendant respectfully requests that Plaintiff's Motion be denied.

Respectfully submitted,

DEFENDANT,

By his Attorney,

PETER F. NERONHA
ATTORNEY GENERAL

/s/ Sean Lyness
Sean Lyness, Esq. Bar No. 9481
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2481
Fax: (401) 222-3016
slyness@riag.ri.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via U.S. First Class mail to the following on this 13th day of August, 2019:

Steven Palange
10 Grandeville Court
Apartment #934
Wakefield, Rhode Island 02879

                                        */s/ Dylan Gaddes*