UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEVEN PALANGE

&. K.P. a minor child            C.A. NO. 1:19-cv-00340-JJM-PAS

    *PRO SE PLAINTIFFS*

v.

Margarita E. Palange, Richard Updegrove,
Sandra Lanni, Tanya Gravel, Lois Iannone,
Michael B. Forte, Ronald Pagliarini,
Peter F. Neronha, Jean Maggiacomo,
Courtney E. Hawkins
- all in their official and personal capacity as private citizens.
    *DEFENDANTS*

## PLAINTIFF'S MOTION FOR VIOLATIONS OF
## RULE 11 "TRUTH IN PLEADINGS"

Now comes the Plaintiff, Steven J. Palange representing himself and his minor daughter K.P. and humbly requests the court to hold a hearing on innumerable violations of Federal Rules of Civil Procedure Rule 11:

> "Rule 11 of the Federal Rules of Civil Procedure ("Rule 11")' is designed to ensure that claims brought in the federal courts have merit and are not brought for an improper purpose. To accomplish these goals, the Rule imposes upon an attorney or litigant' a duty to make a reasonable examination of the merits of and motives behind a claim before signing a paper and filing it with the court. Rule 11 imposes mandatory sanctions for

failure to comply with this duty, and the Rule encourages both courts and litigants to play an active role in deterring litigation abuses.".[1]

In both the Defendant's (Michael Forte), most recent filings with this court, the Defendant and his attorneys have willfully violated one of the most sacred rules of jurisprudence - truth in pleadings, via his accomplices, Attorney General Peter F. Neronha, and his co conspirators, Justin J. Sullivan and Sean H. Lyness.

In brief, the Defendant is responsible for the filing of a pleading rife with innumerable violations of Rule 11, "Truth in Pleadings", including but not limited to filing a motion that includes "untruths" that have no evidentiary support. The Plaintiff, simply trying to expedite a 42 U.S.C. 1983 complaint for declaratory and injunctive relief should neither waste this honorable court's time objecting to claimed obvious abuses of dishonesty, fraud upon the court, and misrepresentation.

The Plaintiff objects and moves the court to impose the appropriate sanctions for the following violations of Rule 11:

<u>Claim I: "Motion for Extension of Time" Document ECF #26</u>
<u>Dated 8-14-19 Disingenuous Statement(s) of Fact</u>

1. Plaintiff objects to "MOTION for an Extension of Time filed by Michael B. Forte. Filed on 08/14/2019, document ECF # 26. The entire pleading is disingenuous.

2. Plaintiff objects to above said motion that includes misrepresentations of known facts or that have been presented to this court. Specifically, the Plaintiffs, Mr. Palange and his minor daughter K.P. object to the Defendant -
    a. "Titling" his pleading "Michael B. Forte. In his official capacity Only as Chief Judge of the Rhode Island Family Court, et al. (document ECF #26 RIDC), when in fact the original complaint and amended complaint both "Title" and state clearly

---

[1] "Rule 11 - Cornell Legal Information Institute - Cornell University."
https://www.law.cornell.edu/rules/frcp/rule_11. Accessed 21 Aug. 2019.

in it's complete that we, Father and Daughter, are suing the defendant in his official and personal capacity working under the color of law.

3. Plaintiff objects to defendant's Motion for Extension of Time based on disingenuous factual reason for Extension. Defendant's attorneys, or at least one of counsel was on vacation the prior week. This is the factual reason for the need for the extension.
4. Plaintiff objects to this pleading starting off "Now comes Michael B. Forte in his official capacity as Chief Judge of the Rhode Island Family Court.
    a. This pleading is disingenuous as a fact, and the author is aware to submitting a pleading that does not reflect the truth of the underlying amended complaint.
5. Plaintiff objects to "...counsel for Defendant have significant professional obligations in other matter and requires additional time to review the allegations."
    a. This is a disingenuous statement in that either or both counsel were on vacation the prior week of this pleading. The Plaintiff would like more time off, but must adhere to the Federal Rules of Procedure time requirements as they pertain to pleadings, regardless of his personal vacation schedule.
6. Plaintiff objects to the request for "...the opportunity to file a single responsive pleading on behalf of all State defendants.
    a. The Rules aren't meant to be "convenient" they are meant for all to be followed.

Claim II: "Defendant's Objection to Plaintiff's Motion" Document ECF #24
Dated 8-13-19 Disingenuous Statement(s) of Fact

7. Plaintiff objects to Defendant's Objection to Plaintiff's Motion" Document #24 Dated 8-13-19 Disingenuous Statement(s) of Fact.
    a. The entire pleading is disingenuous.
8. Plaintiff objects to "Titling" his pleading "Michael B. Forte. In his official capacity Only as Chief Judge of the Rhode Island Family Court, et al. (document ECF #24 RIDC), when in fact the original complaint and amended complaint both "Title" and state clearly in it's complaint that we, Father and Daughter, are suing the defendant in his official and personal capacity working under the color of law.
9. Plaintiff objects to this pleading starting off "Now comes Michael B. Forte in his official capacity as Chief Judge of the Rhode Island Family Court.

a. This pleading is disingenuous as a fact, and the author is aware of submitting a pleading that does not reflect the truth of the underlying amended complaint.
10. Plaintiff objects to disingenuous statement that "...citing to constitutional violations that date to May of 2018. The Plaintiff's constitutional rights were violated before that date, include numerous additional violations after that date, and most importantly the Plaintiff and his minor daughter (only represented by her Pro Se father) will continue to suffer deprivations of constitutional rights until this court "declares" and enjoins the defendant(s) from violating the Plaintiff's legal rights to a fair and speedy hearing and trial.
11. Plaintiff objects to defense counsel claiming "for the Plaintiff" that he only seeks relief by the court "TO ONLY halting all hearings" until discovery of this Federal case is completed." - is knowingly disingenuous.
    a. Again, the defendant's counsel is being disingenuous and is violating "Truth in Pleadings" by FRAMING the Plaintiff's relief so simply. It is clear from the complaint that the Plaintiff and his minor daughter K.P. have suffered and are suffering ongoing violations of their constitutional rights. This is a disingenuous statement, and an insidious attempt to circumvent the judicial process.
12. Plaintiff objects to "Plaintiff's Motion is procedurally and substantively inapt.....adding new defendants whose summons have not yet been returned.
    a. The Plaintiff still had more time to returned served summons. This is another disingenuous statement made by the defendant's counsel to obfuscate the truth of the facts.
13. Plaintiff objects to "Plaintiff has not articulated "any efforts made to give notice [to the adverse party] and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(B)".
    a. (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
    b. The Plaintiff/Movant objects to this requirement in light of the ongoing violations that threaten his physical safety. The pleading was made "emergency" by virtue of impending doom.
14. Plaintiff objects to the reference of an Ex Parte order "as Plaintiff is now seeking an ex parte Order of this Court without complying.....".

a. Plaintiff objects that he is following the rules setup by the defendant's own Court by moving for emergency motions without proper notification or hearings as required by the FRCP.
15. Plaintiff objects to the reference of "alleged constitutional violations stemming from the ex parte Order of the Rhode Island Family Court.
    a. This is another disingenuous "factual claim". The "alleged constitutional violations are ongoing and will continue to be practiced by "pattern" until these abuses of Constitutional Rights are declared and enjoined.
16. Plaintiff objects to "these procedural deficiencies suffice to deny Plaintiff's Motion."
    a. The complaint and allegations of fact do not lack procedural deficiencies.
    b. Plaintiff objects to the defendant "characterizing" and "framing" my complaint as lacking in procedural deficiencies. Defendant expects an expedited hearing and trial of this case simply based on statements of fact as is contained in his first affidavit filed on 08/12/2019 and as will be shown in his "updated and amended affidavit" to be submitted prior to discovery.
17. Plaintiff objects to defendant's abuse of truth by referring to his "twelve page affidavit listing a litany of perceived constitutional violations.".
    a. Plaintiff objects to the defense counsel characterizing "statements of fact" as a litany of perceived constitutional violations.
    b. Plaintiff wishes to ask this honorable court whether private chamber testimony of witnesses to a Judge in private chamber conference without the Plaintiff present during the testimony is simply a "perceived violations".
    c. Plaintiff would also like to ask K.P. if she agrees that her constitutional rights to her father are not being abused or violated? Please ask counsel for defense to ask K.P. when he or anyone associated with the lower court or Michael B. Forte can find the minor child. K.P. was taken from the State of Rhode Island, in violation of a Custody Order of December 2013, on or about July 1st and kidnapped and all contact with her father terminated.
18. Plaintiff objects to a second reference and claim by the defense this is a result of one violation back in May of 2018. The counsel for the defense is again being disingenuous by trying to claim for the Plaintiff that "the alleged violations date to May of 2018.
    a. The counsel for the defense know, and are lying in their pleading claiming that May 9th and 30th are the only two violations of the Plaintiff's constitutional rights.

b. The Plaintiff objects to this "misrepresentation" of the facts as pleaded in the amended complaint. This complaint is based on ongoing and future violations of constitutional rights to not only himself but all citizens of Rhode Island.
19. Plaintiff objects to the defense's interpretation of 42 U.S.C. 1983. Section 42 U.S.C. 1983, amended in 1938 and again in 1983 expressly allows complaints against State officials in their official capacity, but violating laws, statutes, rules and precedent "in their individual capacity". The defendants, repeatedly violate constitutional law and are being sued in both their private and official capacities for violating constitutional rights "under the color of law". The Plaintiff seeks the Punitive remedies of 42 U.S.C. 1983 as per the reasons it was amended in 1983.
20. Plaintiff objects to the defense counsel continuously framing Plaintiff's complaint as being "in the defendant's official capacity, when it is clear from his amended complaint he is seeking Declaratory and Injunctive Relief under 42 USC 1983 as private individuals.
21. Plaintiff objects to reference to " Mattatall v. Rhode Island, No. CA 07-234-ML, 2009 WL 3514634, at *4 (D.R.I. Oct. 29, 2009)." This case is not a complaint against State individuals, acting under color of law, as private individuals, in the abuse of my and K.P.'s constitutional rights.
22. Plaintiff objects to the allegation that "Amended Complaint seeks declaratory relief.
    a. Plaintiff seeks Declaratory and Injunctive relief under 42 USC 1983 for acts performed, not in the defendant's official capacity but acting under the color of law and of their individual capacity.
23. Plaintiff objects to the defense "speaking for him and his minor daughter K.P.".
    a. Plaintiff does not wish to "enjoin the Rhode Island Family Court proceedings based on 1983 claims of defendant's in their official capacity. This act barrs violations of constitutional law "acting as private citizens", "under the color of law".
24. Plaintiff objects to citing 28 U.S.C. 2283 as that this complaint does not seek an injunction of the court proceedings but of the violations of consti\tutial rights being taken or deprived of the Plaintiffs.
    a. Hence, Garcia v. Bauza-Salas. 862 F.2d 905, 907 (1st Cir. 1988) is NOT a case that can be used in the defense of this complaint.

The Defendant contends that unless both sides adhere to the rules of professional conduct as stated below, justice will and cannot be served in this court:

> "A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice.
>
> As a representative of clients, a lawyer performs various functions. As an advisor, a lawyer provides a client with an informed understanding of the client's legal rights and obligations and explains their practical implications. As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system. As negotiator, a lawyer seeks a result advantageous to the client but consistent with requirements of honest dealings with others. As an evaluator, a lawyer acts by examining a client's legal affairs and reporting about them to the client or to others.[2]

## **RELIEF**

Disingenuous pleadings in any court is a serious violation. Past, present and ongoing violations of "Truths in Pleadings" will continue to be used in this honorable Court uses the powers invested in Rule 11 to "deter" further disingenuous pleadings. The Plaintiff leaves it to the discretion of the court to decide on the appropriate deterrent remedy to terminate this ongoing and systematic violations of Rule 11 by the defendant and his counsel.

---

[2] "Rhode Island Disciplinary Rules of Professional Conduct." https://www.law.cornell.edu/ethics/ri/code/RI_CODE.HTM. Accessed 21 Aug. 2019.

Respectfully submitted,

Steven J. Palange
By himself Pro Se,

*[signature]*

10 Grandeville Ct., #934
Wakefield, RI 02879
P: (401) 225-6456
F: (401) 295-2242
E: steven_palange@tlic.com

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

## CERTIFICATION OF SERVICE

I hereby certify that on the 22st day of August, 2019 I emailed a copy of this document to Attorney Sean Lyness, Justin J. Sullivan at SLyness@riag.ri.gov, jjsullivan@riag.ri.gov, Tamara Rocha at trocha@courts.ri.gov, Stephen M. Prignano at smp@mtlesq.com.

*[signature]*

Steven J. Palange, Pro Se