UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN PALANGE, : | |
| *Pro Se Plaintiff*, : | |
| : | |
| VS. : | C.A. NO. 1:19-cv-00340-JJM-PAS |
| : | |
| MICHAEL B. FORTE in his official capacity : | |
| Only as Chief Judge of the Rhode Island Family : | |
| Court, et al., : | |
| *Defendants.* : | |

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Now come Defendants, Michael B. Forte in his official capacity only as Chief Judge of the Rhode Island Family Court, Jean Maggiacomo in her official capacity only as Deputy Clerk of the Rhode Island Supreme Court, Courtney E. Hawkins in her official capacity only as Director of the Rhode Island Department of Human Services, Honorable Sandra Lanni in her official capacity only as an Associate Justice of the Rhode Island Family Court, Peter F. Neronha in his official capacity only as the Attorney General for the State of Rhode Island, and Ronald Pagliarini in his official capacity only as the Chief of Staff of the Rhode Island Family Court ("Defendants"), pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and hereby move to dismiss the Amended Complaint filed in this civil action by the Plaintiff, Steven Palange ("Plaintiff"). In support hereof, Defendants submit the accompanying Memorandum of Law.

WHEREFORE, Defendants respectfully request that their Motion to Dismiss be granted.

Respectfully submitted,

STATE DEFENDANTS, in their official capacities only,

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Sean Lyness*
Sean Lyness, Esq. Bar No. 9481
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2481
Fax: (401) 222-3016
slyness@riag.ri.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the within document on August 23, 2019 via the ECF filing system and that a copy is available for viewing and downloading.

Steven Palange
10 Grandeville Court
Apartment #934
Wakefield, Rhode Island 02879
steven_palange@TLIC.com

*/s/ Dylan Gaddes*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN PALANGE, : | |
| *Pro Se Plaintiff*, : | |
| : | |
| VS. : | C.A. NO. 1:19-cv-00340-JJM-PAS |
| : | |
| MICHAEL B. FORTE in his official capacity : | |
| Only as Chief Judge of the Rhode Island Family : | |
| Court, et al., : | |
| *Defendants.* : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
AMENDED COMPLAINT**

This Memorandum of Law supports the Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss filed by Defendants, Michael B. Forte in his official capacity only as Chief Judge of the Rhode Island Family Court, Jean Maggiacomo in her official capacity only as Deputy Clerk of the Rhode Island Supreme Court, Courtney E. Hawkins in her official capacity only as Director of the Rhode Island Department of Human Services, Honorable Sandra Lanni in her official capacity only as an Associate Justice of the Rhode Island Family Court, Peter F. Neronha in his official capacity only as the Attorney General for the State of Rhode Island, and Ronald Pagliarini in his official capacity only as the Chief of Staff of the Rhode Island Family Court ("Defendants"). Defendants move to dismiss the Amended Complaint filed in this civil action by *pro se* Plaintif Steven Palange ("Plaintiff").[1] Plaintiff's Amended Complaint adds a few new defendants and embellishes a few

---

[1] Although it appears that Plaintiff attempts to bring suit in his own name *and* on K.P.'s behalf, as a *pro se* Plaintiff may not represent any other party. See LR Gen 205(a)(2) ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this Court to appear on his or her behalf."). Courts in this District have consistently enforced this Local Rule. See Jacobowitz v. YMCA, 2016 WL 1259397, at *1 (D.R.I. March 30, 2016); see also Harris v. Perry, 2015 WL 4879042, at *4 (D.R.I. July 15, 2015); Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005).

facts. However, the core premise of Plaintiff's claim – a dissatisfaction with a Rhode Island Family Court judgment against him upheld by the Rhode Island Supreme Court – remains the same in the Amended Complaint as it did in the initial Complaint. As such, the Rooker-Feldman doctrine and the domestic relations exception bar Plaintiff's Amended Complaint. Further, Plaintiff's Amended Complaint fails to state a claim. Moreover, Plaintiff's Amended Complaint fails to allege any substantive facts that connect Defendants Maggiacomo, Hawkins, or Neronha to the alleged events. Finally, Ex Parte Young is not applicable here. Accordingly, Defendants respectfully request that this Honorable Court dismiss the Plaintiff's Amended Complaint.

## I. STATEMENT OF FACTS

Plaintiff brings an Amended Complaint that dresses up the previous Complaint in a panoply of new causes of action: "42 U.S.C. sec. 1983, the Supremacy Clause of the U.S. Constitution, the Rhode Island and Federal Uniform Declaratory Judgment Acts, the 9th, 1st, 4th, 14th, 5th, [sic] Amendments of the United States Constitution[.]" Compl. at 1, ¶ 1. The Amended Complaint also adds a litany of new defendants to the caption. See id. However, Plaintiff's claim still stems – as before – from a May 9, 2018 Order of the Rhode Island Family Court. See id. at 8, ¶ 11; 9, ¶ 12; 10, ¶ 13; 11, ¶ 15; 15, ¶ 24.

Plaintiff waited until January 16, 2019 to file a Notice of Appeal[2] with the Rhode Island Supreme Court regarding the May 9, 2018 Order. See Palange v. Palange, C.A. No. W2012-0361

---

[2] This Court may consider matters of public record, including documents from other court proceedings, without being required to convert a Motion to Dismiss into a Motion for Summary Judgment. See In Re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003); see also Boateng v. InterAmerican University, Inc., 210 F.3d 56, 60 (1st Cir. 2000). Additionally, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the

(R.I. January 16, 2019) (Notice of Appeal attached as Exhibit A).[3] As Plaintiff had filed his Notice of Appeal well-after the twenty (20) day window afforded by Rhode Island Rule of Appellate Procedure 4(a), the Supreme Court dismissed his appeal on June 7, 2019. See Palange v. Palange, SU-2019-0125-A (June 7, 2019 Order attached as Exhibit B).

Days later, on June 20, 2019, Plaintiff filed the instant federal lawsuit. See ECF 1. The only Defendant named in the original Complaint – Michael B. Forte in his official capacity only – filed a Motion to Dismiss. See ECF 11. Plaintiff then moved to Amend his Complaint on July 29, 2019, adding a number of new defendants. See ECF 16. The Court granted Plaintiff's Motion in a Text order on August 1, 2019. As before, Plaintiff seeks only declaratory relief against official capacity Defendants. See Compl. at 21–22.[4]

---

parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); see also Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000) (allows a court considering a Motion to Dismiss to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice"). Defendants respectfully request that this Court take judicial notice of Plaintiff's proceedings before the Rhode Island Family Court and Rhode Island Supreme Court. The pleadings filed in these matters are public records filed with the Rhode Island Family Court and Rhode Island Supreme Court and therefore are documents susceptible to judicial notice. See In Re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).

[3] The January 16, 2019 Notice of Appeal incorrectly lists the date as January 16, *2016*. As is evident from the Rhode Island Family Court Docket sheet for Palange v. Palange, W2012-0361, Plaintiff filed the Notice of Appeal in 2019.

[4] Although Plaintiff's Amended Complaint initially appears to request injunctive as well as declaratory relief, Plaintiff's request for relief only seeks declaratory relief. Only official capacity Defendants have been served. In any event, only state defendants in their official capacities can afford declaratory relief. Federal courts have repeatedly held that suits seeking declaratory relief from the state can only be provided by defendants in their official capacities, and thus must be brought against those defendants in their official capacities. See Raine v. Carlson, 826 F.2d 698, 701 (7th Cir. 1987) (noting that suit would have to be "against federal officers in their official capacity *** to the extent that it sought types of relief, such as expungement or earlier-than-otherwise release from prison, that only officials and not private individuals can provide"); see also Wolfe v. Strankman, 392 F.3d 358, 367 n.2 (9th Cir. 2004) ("The individual defendants were also sued in their personal capacities, but the declaratory and injunctive relief [plaintiff] seeks is

5

## II.     LEGAL STANDARD

A motion pursuant to Rule 12(b)(1) asserts that the court lacks subject matter jurisdiction over the lawsuit. Such a motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The underlying purpose of this Rule is to "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Fraternal Order of Police v. Library of Congress, 692 F. Supp. 2d 9, 20 (D.D.C. 2010) ("Because the Court cannot ascertain what the [plaintiff]'s *** claim is, it cannot find that defendants are able to respond to it.").

In the context of a Rule 12(b)(6) motion to dismiss, courts have interpreted this rule to require that a pleading contain sufficient facts to show an entitlement to the requested relief. Accordingly, a complaint must allege "a plausible entitlement to relief." Twombly, 550 U.S. at 559. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). In evaluating whether a plaintiff's claims are entitled to relief, the court must accept as true all well-pleaded facts and indulge all reasonable inferences in plaintiff's favor. Twombly, 550 U.S. at 557. The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each

---

only available in an official capacity suit."); Frank v. Relin, 1 F.3d 1317, 1327 (2d Cir. 1993) ("[S]uch equitable relief could be obtained against [the public official defendant] only in his official, not his individual, capacity").

material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Thus, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (1st Cir. 1998) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).

In Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. Iqbal, 556 U.S. at 662. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 677-79. Specifically, this court is not compelled to accept legal conclusions set forth as factual allegations in the complaint. Id. Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). In other words, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, only a complaint that states a plausible claim for relief can survive a motion to dismiss. Iqbal, 556 U.S. at 679. The Court explained that "[d]etermining whether a complaint states a plausible claim for relief will *** be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

7

## III.     ARGUMENT

### 1.     Plaintiff's Amended Complaint is Barred by the Rooker-Feldman Doctrine

Respectfully, under the Rooker-Feldman doctrine, the Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint. Based on Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Rooker-Feldman doctrine holds that federal district courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The premise is that federal district courts do "not have the authority to review final judgments of state courts; only the Supreme Court has that power." Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps., 471 F.3d 220, 222 (1st Cir. 2006) (citing Feldman, 460 U.S. at 462). Importantly, "[f]ederal courts' application of the Rooker–Feldman doctrine does not depend on what issues were actually litigated in the state court." Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009) (quotations omitted). Instead, invocation of Rooker-Feldman applies where "the federal plaintiff seeks redress of an injury caused by an allegedly erroneous state court decision[.]" Davison, 471 F.3d at 222 (emphasis in original). Moreover, the First Circuit has confirmed that "Rooker-Feldman applies where the state proceeding has ended with respect to the issues that the federal plaintiff seeks to have reviewed in federal court, even if other matters remain to be litigated." Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 22–23 (1st Cir. 2005) ("Federacion"). Rooker-Feldman is "broader and blunter" than res judicata, and "federal courts regularly use Rooker-Feldman to rebuff collateral attacks on prior state court judgments without purporting to apply the technical preclusion rules of res

judicata." Id. (quoting Maymó–Meléndez v. Álvarez–Ramírez, 364 F.3d 27, 32–33 (1st Cir. 2004), cert. denied, 543 U.S. 872 (2004)).

The Amended Complaint presents a straightforward case for application of the Rooker-Feldman doctrine. As evidenced by Plaintiff's Amended Complaint, the Rhode Island Family Court issued a May 9, 2018 Order that Plaintiff describes as terminating his parental rights. See Compl. at 10, ¶ 13. The Court can take judicial notice of the fact that Plaintiff appealed this Order to the Rhode Island Supreme Court. See Palange v. Palange, SU-2019-0125-A; see also Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000) (allowing a court to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice[.]"). The Rhode Island Supreme Court dismissed Plaintiff's appeal on June 7, 2019. See id. After losing in state court, Plaintiff almost immediately filed the instant federal action on June 20, 2019. See ECF 1.

Crucial to the Rooker-Feldman analysis, Plaintiff's Amended Complaint seeks redress of an injury allegedly caused by the state court judgment. See Compl. at 11, ¶ 15 ("The creation of a frivolous and malicious emergency Order to seize [K.P.] and separate her from her father the plaintiff[.]"); see also Compl. at 15, ¶ 24 ("The May 9th the [sic] ex-parte 'emergency' motion was frivolous[.]"). Specifically, Plaintiff seeks declaratory relief that the May 9, 2018 Order reflects that the state court "causes and enforces a policy of dishonest court and legal services and that policy causes Mr. Palange to deprivation [sic] of his Constitutional Rights[.]" Compl. at 21, ¶ 2; Plaintiff goes so far as to state that "[t]his lawsuit also claims that all activity, *judgments, orders*, [and] findings *** created by Michael B. Forte since May 9, 2018, [sic] are revaluated [sic] and thus made void upon completion of revaluation [sic]." Compl. at 7, ¶ 6 (emphasis added). These statements make plain that "the only real injury to Plaintiff[] is ultimately still caused by a state court judgment." Davison, 471 F.3d at 223. Indeed, "[t]he desired [relief] would amount to a

9

reversal of the [state court's] ruling on the termination of plaintiff's parental rights[.]" Miller, 586 F.3d at 59. The Rooker-Feldman doctrine prevents this Court from doing so. See id. (applying Rooker-Feldman to state court's termination of parental rights). It is immaterial that the Amended Complaint attempts to frame his claims as various constitutional violations. The First Circuit has held that "a litigant could not avoid the impact of the Rooker-Feldman doctrine simply by recasting his claims in federal court as arising under the United States Constitution, where adjudicating these claims would 'necessarily require reviewing the merits of the Rhode Island Supreme Court's decision.'" Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018) (quoting Mckenna v. Curtin, 869 F.3d 44, 48 (1st Cir. 2017)). The Rhode Island Supreme Court already dismissed Plaintiff's state court appeal. See Federacion, 410 F.3d at 24 ("[W]hen the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have 'ended.'"). As such, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison, 471 F.3d at 223. Accordingly, Plaintiff's Amended Complaint must be dismissed.

### 2. Plaintiff's Amended Complaint Must be Dismissed under the Domestic Relations Exception

Further, to the extent that Plaintiff asks this Court to interfere with a decision issued by the Rhode Island Family Court concerning the custody of his minor daughter, respectfully, this Court lacks jurisdiction under the domestic relations exception. The domestic relations exception was first recognized by the Supreme Court in Barber v. Barber, 62 U.S. 582, 584 (1858) ("We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the

allowance of alimony[.]"). Since then, the Supreme Court has expanded the domestic relations exception "to include decrees in child custody cases." Ankenbrandt v. Richards, 504 U.S. 689, 702 (1992) (citing In re Burrus, 136 U.S. 586, 594 (1890)). More recent Supreme Court jurisprudence has reaffirmed the basis for the domestic relations exception. Id. at 700 ("Whatever Article III may or may not permit, we thus accept the Barber dictum as a correct interpretation of the Congressional grant.") (quoting Patterson v. McLean Credit Union, 491 U.S. 164, 172–73 (1989)). In reaffirming the domestic relations exception, the Supreme Court unequivocally held that "the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees." Id. at 703.

Here, Plaintiff's Amended Complaint appears to be an attempt to have this Court review and overturn rulings made by the Rhode Island Family Court concerning the custody of Plaintiff's minor daughter. As framed in his Amended Complaint, "[t]his lawsuit also claims that all activity, *judgments, orders*, [and] findings *** created by Michael B. Forte since May 9, 2018, [sic] are revaluated [sic] and thus made void upon completion of revaluation [sic]." Compl. at 7, ¶ 6 (emphasis added). Indeed, Plaintiff's Amended Complaint is fixated on relitigating the May 9, 2018 Order. See id. at 8, ¶ 11; 9, ¶ 12; 10, ¶ 13; 11, ¶ 15; 15, ¶ 24. Such an attempt to interfere with a Rhode Island Family Court decision concerning a child custody decree squarely fits under the domestic relations exception. See Ankenbrandt, 504 U.S. at 700.

As the First Circuit held in Norton v. McOsker, "[t]he aim of the exception is to keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (e.g., family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum." Norton v. McOsker, 407 F.3d 501, 505 (1st Cir. 2005). The May 9, 2018 Rhode Island Family Court Order with which Plaintiff takes issue is exclusively governed

11

by state law. See generally R.I. Gen. Laws § 8-10-3 (establishing the jurisdiction of the Family Court). Because Plaintiff asks this Court to interfere with a decision issued by the Rhode Island Family Court concerning the custody of his minor daughter, Plaintiff's Amended Complaint should be dismissed under the domestic relations exception to federal jurisdiction.

### 3. Plaintiff's Amended Complaint Fails to State a Claim

Even assuming, arguendo, that this Court had subject matter jurisdiction to hear the instant Amended Complaint, the Amended Complaint fails to adequately articulate a legal claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570); see also Sepúlveda–Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010) ("The make-or-break standard *** is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.") (citations omitted). Indeed, "[a] complaint's non-conclusory factual content must 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' An 'unadorned, the-defendant-unlawfully-harmed-me accusation' will not do." Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 639 (1st Cir. 2013) (quoting Iqbal, 556 U.S. at 663); see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, Plaintiff purports to assert a whole host of constitutional claims: "42 U.S.C. sec. 1983, the Supremacy Clause of the U.S. Constitution, the Rhode Island and Federal Uniform Declaratory Judgment Acts, the 9th, 1st, 4th, 14th, 5th, [sic] Amendments of the United States

Constitution[.]" Compl. at 1, ¶ 1. Respectfully, Plaintiff has not sufficiently pled any of these claims.

With respect to Plaintiff's citation to the Supremacy Clause of the United States Constitution, the Supremacy Clause does not afford private litigants a private cause of action. See Armstrong v. Exceptional Child Center, Inc., 135 S.Ct. 1378, 1383 (2015) ("It is equally apparent that the Supremacy Clause is not the source of any federal rights, *** and certainly does not create a cause of action.") (internal quotations omitted). Accordingly, Plaintiff's purported Supremacy Clause claim must be dismissed.

With respect to his Ninth Amendment claim, Plaintiff provides no details supporting this conclusory allegation. Nor can he maintain a Ninth Amendment claim. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 9 (1st Cir. 2007) ("The Ninth Amendment *** does not create substantive rights beyond those conferred by governing law.") (quotations omitted); see also Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.") (citations omitted). As such, Plaintiff's Ninth Amendment claim must be dismissed.

With respect to his First Amendment claim, it appears that Plaintiff alleges only two paragraphs in support: Paragraph 27 on page 16 and Paragraph 30 on page 18. These paragraphs generally allege that in response to Plaintiff expressing his First Amendment speech rights, his parental rights were terminated, including supervised visitation. Compl. at 16, ¶ 27; 18, ¶ 30. As these allegations are entirely conclusory in nature, they do not suffice to state a First Amendment violation. See Gianfrancesco, 712 F.3d at 639 ("[A]n 'unadorned, the-defendant-unlawfully-harmed-me accusation' will not do.") (quoting Iqbal, 556 U.S. at 663). Further, it is not clear from

these scant allegations how Defendants allegedly sought to chill Plaintiff's First Amendment rights. Nor is it apparent that Plaintiff's speech has been, in fact, chilled. See Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (holding that for a private citizen to bring a First Amendment retaliation claim the "plaintiff must show *** that his First Amendment rights were 'actually chilled.'"). Indeed, "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." Laird v. Tatum, 408 U.S. 1, 13–14, (1972); see also Curley, 268 F.3d at 73 ("Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech."). Plaintiff alleges that his "anti-RI Family Court social media posts" are the First Amendment speech at issue. Compl. at 18, ¶ 30. The Court can take judicial notice of the fact that Plaintiff still maintains a website where he regularly posts videos and other content about his Family Court case (as well as the instant litigation), indicating that Plaintiff's speech remains as free as ever. See StevenPalange.com. In light of this, Plaintiff cannot maintain his First Amendment claim.

With respect to his Fourth Amendment claim, Plaintiff makes no allegations about any search or seizure. As a general matter, parental rights are not cognizable under the Fourth Amendment, but, instead, under the Fourteenth Amendment. See generally Santosky v. Kramer, 455 U.S. 745 (1982); see also Quilloin v. Walcott, 434 U.S. 246, 255 (1978). As such, Plaintiff fails to state a Fourth Amendment claim.

With respect to his Fourteenth Amendment claim,[5] Plaintiff appears to advance a due process claim, asserting that the ex-parte May 2018 Order deprived Plaintiff "of his daughter

---

[5] Although Plaintiff purports to additionally allege a Fifth Amendment claim, the Fifth Amendment only applies to the federal government. See Dusenbery v. United States, 534 U.S. 161, 167 (2002). Plaintiff does not allege that any of the Defendants are federal actors. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8–9 (1st Cir. 2007) ("As plaintiffs do not allege

without, [sic] any allegations or findings that Steven J Palange was or is a threat to anyone, without notice, an opportunity to be heard, and without a record." Compl. at 10, ¶ 13. However, "there is no denial of due process in refusing to grant a full adversary hearing before taking away property or liberty, so long as such a hearing is provided later (as it was here) and there is justification for the delay." Lossman v. Pekarske, 707 F.2d 288, 291 (7th Cir. 1983). This is especially so in the child custody context. See id. ("When a child's safety is threatened, that is justification enough for action first and hearing afterward."); see also Arredondo v. Locklear, 462 F.3d 1292, 1298 (10th Cir. 2006) ("Faced with emergency circumstances which pose an immediate threat to the safety of a child, the state may temporarily deprive a parent of custody without parental consent or a court order.") (quotations omitted). The Court can take judicial notice of the Rhode Island Family Court matter, Palange v. Palange, C.A. No. W2012-0361, which indicates that the Family Court issued a May 9, 2018 Order after plaintiff, the minor child's mother, filed a Motion for Emergency Relief and Affidavit in support. See Palange, C.A. No. W2012-0361. There was a post-deprivation hearing on May 30, 2018 – memorialized in a June 13, 2018 Order – that continued the terms of the May 9, 2018 Order. See id. As such, the Family Court found sufficient justification to suspend Plaintiff's parental rights and afforded him a post-deprivation hearing just twenty-one (21) days later. See Lossman, 707 F.2d at 291. Accordingly, Plaintiff's Amended Complaint fails to state a due process claim.

In sum, beyond conclusory statements asserting various violations of purported constitutional rights, Plaintiff's Amended Complaint fails to articulate a legal claim. As such, it should be dismissed for failure to state a claim.

---

that any of the defendants are federal actors, any Fifth Amendment claim was properly dismissed.").

### 4. Defendants Maggiacomo, Hawkins, and Neronha Are Unconnected to the Amended Complaint

Plaintiff's Amended Complaint also fails to state a claim against named Defendants Maggiacomo, Hawkins, and Neronha. The Amended Complaint fails entirely to allege any facts against these Defendants. Indeed, other than being listed in the case caption, none of these Defendants appear *anywhere else* in the entire Amended Complaint. See Richardson v. City of Providence by and through Lombardi, 2018 WL 5619719, at *4 (D.R.I. Oct. 30, 2018). ("In essence, Plaintiff asks the Court to guess at what the State (or its alleged agents) may or may not have done that could serve as the basis for Plaintiff's claims."). Without a single allegation alleged against Defendants Maggiacomo, Hawkins, or Neronha, Plaintiff's Amended Complaint fails to state a claim against them.

### 5. Ex Parte Young is Not Applicable Here

One final point warrants mention. Plaintiff appears to seek refuge under Ex Parte Young, 209 U.S. 123 (1908); Compl. at 19, ¶ 33. Respectfully, Plaintiff's argument fundamentally misunderstands the nature of the doctrine. Rooker-Feldman derives from the language of 28 U.S.C. § 1257(a), which permits aggrieved parties from final decisions of highest state courts to seek Supreme Court review. The domestic relations exception stems from a common law "long-held understanding[.]" See Ankenbrandt, 504 U.S. at 703. Defendants' arguments on Rooker-Feldman and the domestic relations exception relate to the Court's subject matter jurisdiction; Ex Parte Young is an exception to Eleventh Amendment sovereign immunity. See Town of Barnstable v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015). In other words, Defendants' arguments go to the question of the Court's authority to hear the matter, not whether Defendants are immune from suit

under the Eleventh Amendment.[6] Neither the Rooker-Feldman doctrine nor the domestic relations exception has been abrogated by Ex Parte Young. As such, respectfully, no matter how Plaintiff frames his claim or request for relief, the proper court to hear Plaintiff's grievances on these issues following the Rhode Island Supreme Court's decision, if any, is the United States Supreme Court.

Further, Defendants disclaim that Ex Parte Young is applicable to Plaintiff's Amended Complaint in any event. Although stylized as a request for prospective declaratory relief, Plaintiff's Amended Complaint in fact still seeks this Court to review a past decision of the Rhode Island Family Court that was upheld by the Rhode Island Supreme Court. See Town of Barnstable, 786 F.3d at 139 ("'[A] court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'") (quoting Verizon Maryland, Inc. v. Pub. Serv. Commission of Maryland, 535 U.S. 635, 645 (2002)); see also Goodson v. Maggi, 797 F. Supp. 2d 587, 603 (W.D. Pa. 2011) ("[T]he so-called prospective relief sought against it is not prospective at all."). This is perhaps most evident in Plaintiff's request that "[t]his lawsuit also claims that all activity, *judgments, orders*, [and] findings *** created by Michael B. Forte since May 9, 2018, [sic] are revaluated [sic] and thus made void upon completion of revaluation [sic]." Compl. at 7, ¶ 6 (emphasis added); see also Goodson, 797 F. Supp. 2d at 603 ("These requests are purely an attempt by [plaintiff] to have this Court review the prior decisions of the state court judges, which it is not empowered to do."). Accordingly, this "eleventh hour attempt by plaintiff[] to bring [his] case under the aegis of the doctrine of Ex parte Young" fails.  Mills v. State of Maine, 118 F.3d 37, 52 (1st Cir. 1997).

---

[6] Defendants reserve the right to present Eleventh Amendment defenses in further briefing if necessary.

## IV.  CONCLUSION

For the reasons set forth above, Defendants respectfully ask that this Honorable Court dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

STATE DEFENDANTS, in their official capacities only,

By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Sean Lyness*
Sean Lyness, Bar No. 9481
Justin J. Sullivan, Bar No. 9770
Special Assistant Attorneys General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400, Extension 2481 / 2007
Fax: (401) 222-3016
SLyness@riag.ri.gov
jjsullivan@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document on August 23, 2019 via the ECF filing system and that a copy is available for viewing and downloading.

Steven Palange
10 Grandeville Court
Apartment #934
Wakefield, Rhode Island 02879
steven_palange@TLIC.com

*/s/ Dylan Gaddes*