# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN PALANGE, | : |
| *Pro Se Plaintiff*, | : |
| | : |
| VS. | : C.A. NO. 1:19-cv-00340-JJM-PAS |
| | : |
| MICHAEL B. FORTE in his official capacity | : |
| only as Chief Judge of the Rhode Island Family | : |
| Court, et al. | : |
| *Defendant* | : |

## OBJECTION AND MOTION TO QUASH
## SUBPOENA ISSUED BY PLAINTIFF

Non-Party, the Rhode Island State Police ("RISP"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby objects and moves to quash the Subpoena served by Plaintiff Steven Palange, *pro se* ("Palange" or "Plaintiff") on or about May 13, 2020. A copy of the Subpoena is attached as Exhibit 1. In sum, the Plaintiff seeks the:

> "Police Report of the arrest of Steven J. Palange on the morning of April 26th 2020;[1] all electronic records pertaining to the arrest, including the phone records of the office[er] who drove Mr. Palange to N. Scituate, and the names of all officers involved in the arrest, including the three sent to arrest Mr. Palange."

See Exhibit 1.

In support of the Objection, the RISP asserts that the matter is currently stayed, the Subpoena seemingly seeks records not relevant to the pending lawsuit and is otherwise procedurally deficient. For the reasons set forth herein, the RISP respectfully objects to the production of requested records.

---

[1] Plaintiff has a pending Access to Public Records Act ("APRA") request to the RISP for the police report. The RISP will respond within the statutory time period. Although the Plaintiff may be provided the police report under the APRA, to preserve its argument and defend against any suggestion of waiver, the RISP does not provide it in response to the instant Subpoena.

1

1.  **BECAUSE THE DISTRICT COURT STAYED THE CASE AT THE PLAINTIFF'S REQUEST, THE SUBPOENA IS IMPROPER**

By motion filed on October 28, 2019, Plaintiff requested this Court "[s]tay all proceedings while this case is under appellate review by the equally honorable 1st Circuit Court of the United States of America." ECF No. 51. By Text Order, on October 29, 2019, this Court granted Plaintiff's motion to stay. As referenced in Plaintiff's motion to stay, the basis for the stay is because an appeal was filed with the First Circuit Court of Appeals. After reviewing the First Circuit Court of Appeals docket for Palange v. Forte et al., No. 19-1951, the appeal is in the briefing stage.

Here, the issuance of Subpoena violates Plaintiff's own request to stay the matter while the case is pending appeal. In addition to the case currently being stayed, the filing of a notice of appeal, "ordinarily confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." DeCambre v. Brookline Hous. Auth., 826 F.3d 1, 7 (1st Cir. 2016); U.S. v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998) ("as a general rule," filing "notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal"). As such, absent an order from this Court (or the First Circuit), the Plaintiff should not be engaging in discovery.

2.  **THE SUBPOENA SEEKS INFORMATION NOT RELEVANT TO THE DISTRICT COURT CASE**

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Where, as is the case here, a party seeks discovery from a non-party, the party seeking discovery "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

In the instant matter, Plaintiff filed an action against numerous individuals associated with the Rhode Island Family Court, including the Chief Judge, seemingly relating to visitation issues involving his daughter. The Rhode Island State Police is not named as party in the Complaint nor is the RISP referenced in the Complaint. It should be noted that, on April 28, 2019, Plaintiff sent an email to various individuals alleging RISP misconduct relating to his April 26, 2020 arrest. Exhibit 2. Respectfully, the Plaintiff cannot be allowed to use a pending federal lawsuit (which is stayed) as a fishing expedition for information concerning a completely unrelated event.

If the Plaintiff wishes to amend his Complaint to add the RISP as a party, as mentioned in Exhibit 2, he must follow the procedural requirements to do so. If the Court allows for the Complaint to be amended, any request to the RISP for documents would need to be propounded through the proper discovery avenues.[2] See also Burns v. Bank of Am., 2007 WL 1589437, at *14 (S.D.N.Y. 2007); ("[S]ubpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34"). Although Plaintiff may intend to attempt to amend the Complaint, knowingly using a stayed federal matter to issue a subpoena on a non-party for purposes unrelated to the Complaint, is not the intended use of a party's subpoena powers and may be construed as vexatious litigation. Frankly, the Plaintiff cannot use one federal lawsuit as a mechanism to engage in pre-filing discovery for a potential separate action.

---

[2] The RISP does not concede that simply amending the complaint to add the RISP as a party would be proper. Regardless, the Plaintiff is misusing his subpoena powers.

Additionally, specific to the instant Subpoena, Plaintiff seeks phone records of the officer who drove him to the barracks.  The RISP objects to providing personal phone records for any employee.  First, any conversation by a trooper on a phone occurred on his/her personal cell phone.  Therefore, the RISP is not in possession of these records.  Second, to the extent the RISP could gain possession, the request as drafted is unduly burdensome and is not limited to any time period.  Additionally, the privacy interests of a trooper outweighs any need for these records.  See Stuart v. Town of Framingham, 2018 U.S. Dist. LEXIS 12728, *9, 2018 WL 575847 (USDC-MA)(January 26, 2018) (police officers have a general privacy interest in the content of their personal cell phone records).

### 3.     THE SUBPOENA IS PROCEDURALLY DEFICIENT

Plaintiff's Subpoena is procedurally deficient for three reasons.  First, the Subpoena is addressed to Lt. Alfred Ruggiero.  Lt. Ruggiero has retired from the RISP.  The undersigned indicated to the constable that he could not accept service for a retired RISP member, but because the Subpoena seeks only records, it was accepted.  To the extent Plaintiff seeks testimony from Lt. Ruggiero, the RISP would press this Objection.  Because of COVID-19, the constable indicated that the undersigned could not note on the Subpoena that the acceptance was limited for the production of records.

Second, the return date on the Subpoena is set for May 25, 2020 at 12:00 a.m.  Respectfully, the date of production is midnight on Memorial Day, a Federal holiday.  This is not an appropriate production date.  See Taal v. Zwirner, 2003WL1191394 (McAuliffe, J.,) (unreported) (it is not good faith for plaintiff to notice the deposition of a defendant to be taken at the federal court on a federal holiday).

4

Lastly, with respect to the phone records of the officer who drove him to the barracks, the RISP's position is that Plaintiff must serve a Subpoena on that specific officer. A Subpoena to an employer is not sufficient to gain access to an employee's personal records.

## CONCLUSION

For the reasons set forth, Non-Party, RISP, respectfully objects to Plaintiff's Subpoena and moves to quash the Subpoena pursuant to Rule 45.

    Respectfully submitted,

    RESPONDENT
    Rhode Island State Police

    By Its Attorney
    /s/ Adam J. Sholes_____
    Adam J. Sholes, Esq. Bar No. 7204
    General Counsel
    R.I. Department of Public Safety
    311 Danielson Pike
    Scituate, RI 02857
    Tel.: (401) 764-5572
    adam.sholes@risp.gov

## CERTIFICATION

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to the attorneys of record on this 14th day of May, 2020.

    /s/ Adam J. Sholes

I, the undersigned, hereby certify that on Thursday, May 14, 2020, I served a true and accurate copy of the within document via United States mail, postage prepaid, to the following:

Mr. Steven Palange
10 Grandeville Court
Apartment #934
Wakefield, Rhode Island 02879

    /s/ Adam J. Sholes