UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN PALANGE, : | |
|    *Pro Se Plaintiff*, : | |
| : | |
| Vs. : | C.A. No. 1:19-cv-00340-JJM-PAS |
| : | |
| MICHAEL B. FORTE, in his official : | |
| Capacity only as Chief Judge of the : | |
| Rhode Island Family Court, et al. : | |
|    *Defendants*. : | |

**DEFENDANT RICHARD E. UPDEGROVE, JR.'S MOTION TO DISMISS
PLAINTIFF'S VERIFIED COMPLAINT**

This action concerns the alleged constitutional violations and other harms perpetrated on the Plaintiff Steven Palange ("Plaintiff") in the course and wake of his divorce from his wife, Margarita E. Palange ("Margarita"), by her, her attorney, the Rhode Island Family Court judge who presided over the divorce, the Family Court itself, and a number of other improbable defendants, several of whom were named, but against whom no allegations were made. It is only the last in a string of frivolous motions and actions by Plaintiff starting with the underlying state court action. As will be explained in more detail in this Motion to Dismiss by Defendant Richard E. Updegrove, Jr.'s ("Updegrove"), this Court lacks subject-matter jurisdiction over this action by virtue of the domestic relations exception to federal jurisdiction and the *Rooker-Feldman* doctrine, and at any rate the Plaintiff has failed to state a plausible claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    **I.**    **FACTS**

Plaintiff and Margarita, who share one minor child, began divorce proceedings in Washington County Family Court on September 19, 2012, in the case bearing the caption *Palange v. Palange*, FC No. W2012-0361 (the "Divorce Action"). The divorce was concluded

on December 18, 2013, when the Family Court entered a final judgment in the divorce proceedings.

However, on May 9, 2018, Margarita filed a motion in the Divorce Action seeking post-judgment relief in the form of suspension of Plaintiff's parental time, an order restraining Plaintiff from contacting the minor child, and payment of child support.  Updegrove represented Margarita in this litigation, which was presided by co-defendant Family Court Associate Justice Sandra Lanni ("Associate Justice Lanni").  Plaintiff, though initially represented by counsel, soon became a *pro se* litigant.  In this capacity, Plaintiff has unsuccessfully litigated certain questions relating to his child custody and visitation rights, and has also filed three unsuccessful appeals to the Rhode Island Supreme Court, bearing case numbers No. SU-2019-0125-A ("*Palange I*"), No. SU-2019-0156-A ("*Palange II*"), and No. SU-2019-372-A ("*Palange III*").  *Palange I* and *Palange II* were appealed on April 16, 2019 and May 9, 2019, respectively, and were dismissed on September 5 and 13, 2019, respectively.  *Palange III* was appealed on September 16, 2019, during the pendency of the instant action.

On April 15, 2019, Associate Justice Lanni held a hearing and issued a bench decision regarding most of the matters at issue in the Divorce Action.  *See generally* Transcript of April 15, 2019 Hearing and Decision ("April Transcript") (attached hereto as *Exhibit A*).  In the course of that hearing, Associate Justice Lanni also addressed numerous objections and motions filed by Plaintiff in the Divorce Action, which she found to be "duplicative of other motions," contrary to prior instructions of the Family Court, and, ultimately, objectively frivolous under R.I. Gen. Laws § 9-29-21.  *See generally id.* at p. 53:9-56:18.  At that hearing, Associate Justice Lanni scheduled a show cause hearing, requiring Plaintiff to show cause why the Court should not award Margarita attorneys' fees for the time spent by Updegrove responding to the Plaintiff's

2

objectively frivolous pleadings.  *See id.* at 57:22-59:22.  On August 22, 2019, Associate Justice Lanni issued a written decision substantially disposing of the issues in the reopened Divorce Action.  *See Palange v. Palange*, FC No. W212-0361 at *1, *16*17 (R.I. Fam. Ct. Aug. 22, 2019) (Lanni, J.) (attached hereto as *Exhibit B*).

On August 1, 2019, Plaintiff filed the instant Verified Complaint with this Court, substantially alleging that the proceedings in the reopened Divorce Action violated his rights under the United States and Rhode Island Constitutions and were the product of a conspiracy between Margarita, Updegrove, Associate Justice Lanni, and Family Court Chief Judge Michael B. Forte ("Chief Judge Forte").  Plaintiff's allegations against Updegrove substantially claim that Updegrove's representation of Margarita has been fitted not to a legitimate role as an advocate, but rather to a corrupt system created and overseen by Chief Judge Forte to permit Margarita to extort money from Plaintiff, and that Updegrove has filed pleadings and motions in violation of Rhode Island Family Court Rule of Domestic Procedure 11 in furtherance of this conspiracy and in accordance with the corrupt system alleged.  *See* Verified Complaint at ¶¶ 11-16.  That said, the Verified Complaint does not include any requests for relief relating directly to Updegrove.  *See id.* at Prayer for Declaratory Relief ¶¶ 1-5.

**II.     STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(1), a plaintiff has the burden of establishing that subject-matter jurisdiction exists for the action.  *See Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013).  In considering a motion to dismiss brought under Rule 12(b)(1), the trial court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor," but may also "consider whatever evidence has been submitted."  *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (internal citation omitted).

Under Fed. R. Civ. P. 12(b)(6), a trial court must dismiss a complaint if the plaintiff fails to plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 278 (2009). All allegations in the complaint must be taken as true, save for conclusory allegations and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id*. Dismissal is appropriate where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 588 (2007).

**III.   ANALYSIS**

It is evident that Plaintiff seeks to relitigate the child custody and visitation issues decided by Associate Justice Lanni by recharacterizing the outcome of the Divorce Case as a series of constitutional violations. Therefore, as argued in more detail below, Plaintiff's Verified Complaint is barred by the domestic relations exception to federal court jurisdiction, and by the *Rooker-Feldman* doctrine. Additionally, Plaintiff's Verified Complaint fails to state a plausible, cognizable claim before this Court.

> A. *This Court Should Dismiss The Verified Complaint Under The Domestic Relations Exception*

Federal courts have long declined to exercise jurisdiction over questions of domestic relations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 693-94 (1992) (citing *Barber v. Barber*, 25 How. 582 (1859)). Though this rule originated in dicta, the Supreme Court affirmed the rule in *Ankenbrandt v. Richards*, and justified it as stemming from the Judiciary Act, 28 U.S.C. § 1332. *See id.* at 695-701. This exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Id.* at 703. This exception is meant to "to keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (e.g., family courts), and in which inter-court conflicts in policy or decrees should be

4

kept to an absolute minimum." *Norton v. McOsker*, 407 F.3d 501, 505 (1st Cir. 2005) (quoting *Dunn v. Cometa*, 238 F.3d 38, 41 (1st Cir.2001)).

Though Plaintiff has pleaded his case in the form of a claim for violation of constitutional rights and primarily requests declaratory judgment, the rights he claims were injured are his rights to visitation and custody of his minor child and his rights relating to child support payments. *See* Verified Complaint at Preliminary Statement ¶ 1, Parties ¶¶ 3-4, 6, Statement of Facts ¶¶ 3-4, 6 (requesting this Court's intervention to restore Plaintiff's visitation and custody rights and appointment of guardian ad litem for minor child). Review of this action would thus necessarily require review and modification/expungement of the child custody, visitation, and support decrees of the Rhode Island Family Court. These fall squarely within the domestic relations exception to this Court's jurisdiction. *See Norton*, 407 F.3d at 505.

    B. **The Verified Complaint Should Be Dismissed Pursuant To The Rooker-Feldman Doctrine**

In addition to the domestic relations exception, the Verified Complaint should be dismissed pursuant to the *Rooker-Feldman* doctrine, which applies where a federal plaintiff "seeks redress of an injury *caused by* an allegedly erroneous state court decision." *Davidson v. Government of Puerto Rico-Puerto-Rico Firefighters Corps.*, 471 F.3d 220, 222 (1st Cir. 2006) (emphasis in original). This is because federal district courts lack "the authority to review final judgments of state courts; only the Supreme Court has that power." *Id.* (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).

The gravamen of the Verified Complaint is that the Family Court's decisions were erroneous and corrupt, and the Verified Complaint specifically requests that this Court reexamine and void the orders of the Family Court. *See, e.g.*, Verified Complaint at Statement of Facts ¶ 6. It is evident that Plaintiff is before this Court hoping for redress from injuries he

claims he suffered due to the Family Court's decisions regarding his child custody and visitation rights and his child support obligations. The fact that the Verified Complaint recasts Plaintiff's injury as a constitutional claim does not serve to avoid application of the doctrine "where adjudicating these claims would 'necessarily require reviewing the merits of the [state court's] decision.'" *See Sinapi v. R.I. Bd. of Bar Examiners*, 910 F.3d 544, 549 (1st Cir. 2018) (quoting *McKenna v. Curtin*, 869 F.3d 44, 48 (1st Cir. 2017)). Because this Court lacks jurisdiction to review state court final judgments, it must dismiss this case. *See Davidson*, 460 F.3d at 222.

### *C. The Verified Complaint Fails To State A Cognizable Claim Against Updegrove*

As stated above, the Verified Complaint does not seek any relief from Updegrove, either in the formal prayer for relief, nor informally in the body of the Verified Complaint. *See generally* Verified Complaint. Though it makes numerous conclusory, false, and defamatory allegations against Updegrove, these allegations do not amount to any request to this Court that Updegrove do or cease to do anything, nor to a claim that Updegrove owes Plaintiff any damages. *See* Verified Complaint at ¶¶ 11-16, 20. Therefore, the Verified Complaint simply fails to present a cognizable claim against Updegrove, and this Court should dismiss the Verified Complaint as against Updegrove.

Even if this Court were to charitably read the Verified Complaint as alleging that Updegrove was part of the alleged scheme to violate Plaintiff's constitutional rights, the Verified Complaint fails to state a claim against Updegrove under 42 U.S.C. § 1983. In order to make out a § 1983 claim, a plaintiff must show "interference with a constitutionally-protected right by someone acting under color of state law." *See Malachowski v. City of Keene*, 787 F.2d 704, 710 (1st Cir. 1986). However, save for a single conclusory allegation, Plaintiff has utterly failed to allege that Updegrove was or is a state actor. *See* Verified Complaint at ¶ 5 (alleging damages

caused by "dishonest, violent and criminal conduct engaged in by individuals cloaked with color of Rhode Law," which does not name, but could conceivable include, Updegrove); *but see id.* at ¶¶ 11-12 (alleging that Updegrove acted as a private representative to a private party).  More importantly, as a matter of law private attorneys do not become state actors by virtue of engaging in routine private representation of clients in state courts.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 & n.7 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Page v. Sharpe*, 487 F.2d 567, 570 (1st Cir. 1973) ("the courts have uniformly held that an attorney, whether appointed or retained, is not acting under color of law."); *see also Broadly v. Hardman*, 301 Fed.Appx. 4, 5-6 (1st Cir. 2008) (attorney who signed and issued subpoena in the name of the State of Rhode Island did not become a state actor, either as an attorney nor as a notary public). Aside from vague and conclusory allegations involving conspiracy, which are "conclusory only and completely devoid of an allegation of fact," Plaintiff has only alleged that Updegrove is a private attorney.  *See Pag*e, 487 F.2d at 570; Verified Complaint at ¶¶ 11-16, 20.

That Updegrove is not a state actor is also apparent if one applies the tests identified in *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1 (1st Cir. 2005).  In that case, the First Circuit held that three tests are generally used to determine if a given defendant is a state actor for purposes of a § 1983 action: the state compulsion test, the nexus/joint action test, and the public function test.  *Id*. at 5.  Under the state compulsion test, "a private party is fairly characterized as a state actor when the state 'has exercised coercive power or has provided such significant encouragement, either overt or covert, that the [challenged conduct] must in law be deemed to be that of the State.'"  *Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991 (1982)).  However, the Plaintiff has not alleged that Updegrove was in any way compelled to act by the state.  See

Verified Complaint at ¶¶ 11-12 (alleging that Updegrove was retained by Margarita, allegedly to review and help to implement her extortion plan). Under the nexus/joint action test, a defendant is deemed a state actor if the state has "so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity]." *Estades-Negroni*, 412 F.3d at 5 (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir.1999)). However, litigating in state courts, without more, does not satisfy this test. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 165-66 (1978) (private party acting pursuant to statute authorizing sale of goods under warehouseman's lien did not become state actor by virtue of acting under statute); *Pag*e, 487 F.2d at 570 (attorney retained to litigate in state court did not become state actor). Finally, the public function test applies where the private defendant "performed a public function that has been 'traditionally the exclusive prerogative of the State.'" *Estades-Negroni*, 412 F.3d 5 (citing *Blum*, 457 U.S. at 1005). However, as noted above, as a matter of law acting as counsel is deemed a private function, not a public one. *See Dodson*, 454 U.S. at 318 ("[The role of counsel] is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed."); *Application of Griffiths*, 413 U.S. 717, 728-29 (1973) ("Unlike [marshals, bailiffs, court clerks, or judges,] a lawyer is engaged in a private profession, important though it be to our system of justice. In general he makes his own decisions, follows his own best judgment, collects his own fees and runs his own business.").

Finally, besides all the above, the Plaintiff's Verified Complaint is based entirely in conclusory allegations regarding an alleged conspiracy. *See generally* Verified Complaint. Under federal pleading standards, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." are not sufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 278. Rather, "the complaint must set forth facts that make the § 1983

8

claim plausible." *Saldivar v. Racine*, 818 F.3d 14, 20 (1st Cir. 2016).  None of the allegations set forth in the Verified Complaint that render Plaintiff's alleged conspiracy plausible.  Nothing set forth regarding Updegrove's participation in the reopened Divorce Action, save for the words adding criminal character to his alleged actions, even comes close to alleging a conspiracy in the first place.  *See* Verified Complaint at ¶¶ 11-16, 20 (alleging that Updegrove evaluated his client's theory of recovery, argued for and obtained an ex parte restraining order affecting Plaintiff's parental rights in the ordinary course on grounds Associate Justice Lanni deemed sufficient, and communicated directly with his then-opposing counsel rather than with the opposing party, as required by the Rhode Island Rules of Professional Conduct).  Without further allegations, nothing in the Verified Complaint makes a plausible allegation against Updegrove, under any theory.  *See Saldivar*, 818 F.3d 14, 18-20.  Therefore, this Court should dismiss the Verified Complaint.

### IV.   CONCLUSION

For the reasons stated above, this Court should dismiss the Verified Complaint as against Updegrove.

>                     Defendant,
>                     Richard E. Updegrove, Jr.,
>                     By his Attorney,
>
>                      /s/ Matthew T. Oliverio
>                     Matthew T. Oliverio, Esquire (#3372)
>                     OLIVERIO & MARCACCIO LLP
>                     55 Dorrance Street, Suite 400
>                     Providence, RI 02903
>                     (401) 861-2900
>                     (401) 861-2922 Fax
>                     mto@om-rilaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on September 1, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                            */s/ Matthew T. Oliverio*