# EXHIBIT A

Case Number: W20120361
Filed in Washington County Family Court
Submitted: 5/8/2019 4:16 PM
Envelope: 2061292
Reviewer: Ron P.

Case 1:19-cv-00340-JJM-PAS   Document 58-1   Filed 09/01/20   Page 2 of 5 PageID #: 487

STATE OF RHODE ISLAND          FAMILY COURT
WASHINGTON, Sc.

MARGARITA E. PALANGE,
      Plaintiff

vs.                                    C. A. NO. W12-0361

STEVEN J. PALANGE,
      Defendant

## ORDER

THIS matter came to be heard on the 15th day of April, 2019 in the Family Court for Washington County, Rhode Island, Judge Sandra Lanni presiding for decision on financial matters after several days of trial; Plaintiff was represented by Attorney Richard E. Updegrove, Jr., and Defendant represented himself.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1) The Defendant's objection to the Order dated April 8, 2019 is denied, and Plaintiff's Motion to Enter said Order is granted; said Order dated April 8, 2019 is entered.
2) The Defendant's second objection to the Order dated March 7, 2019 is denied for a second time; said order had already been entered on April 8, 2019.
3) The Defendant's Motion to Stay Proceedings pending appeal is denied as Defendant's appeal was not yet docketed.
4) The Defendant's oral motion to mediate child support, which had been previously denied on two occasions, is denied.
5) After reviewing the evidence relating to Defendant's income and expenses in 2018 and in 2019, and after reviewing the same information from the Plaintiff, the Court finds that the Defendant had a total of $284,388 of income available for payment towards child support in 2018, or $23,699 per month. The Plaintiff had $125,800 of income available for payment towards child support. The Court averaged on a monthly basis the day care costs eligible for inclusion in the child support guidelines and applied them to the guidelines worksheet. The Defendant is found to be responsible for child support for the year 2018 in the amount of $2,184 per month

Case Number: W20120361
Filed in Washington County Family Court
Submitted: 5/8/2019 4:16 PM
Envelope: 2061292
Reviewer: Ron P.

Case 1:19-cv-00340-JJM-PAS   Document 58-1   Filed 09/01/20   Page 3 of 5 PageID #: 488

retroactive to May 10, 2018. As a result, the Defendant is currently in arrears for the calendar year 2018 in the sum of $16,800.

6) In 2019, the Court finds that the Defendant's monthly income to be used for determining child support was $14,454 per month, and the Plaintiff's income for purposes of computing child support was $10,396. The Court averaged on a monthly basis the day care costs eligible for inclusion in the child support guidelines and applied them to the guidelines worksheet. The Defendant is found to be responsible for child support in the amount of $1,546 per month for 2019, retroactive to January 1, 2019. The Defendant therefore owes for 2019 three and one-half months of child support (Defendant is paid on a bimonthly basis and is assumed to have received one salary payment for April); Defendant therefore is in arrears $5,411 for child support in 2019.

7) The Court prepared and signed child support guidelines worksheets for 2018 and 2019 consistent with the above order.

8) The total child support due at the present time is therefore $22,211. The time and method of payment of the arrearage shall be determined at the hearing on May 8, 2019 at 2:00 p.m.

9) Defendant's child support shall be garnished going forward; Defendant is paid bimonthly, and as a result Defendant shall pay $773 per bimonthly pay period by wage garnishment from each bimonthly salary payment; should any salary payment not be garnished, then Defendant shall make said payment directly to Child Support Enforcement.

10) The existing order in which each party shares equally in any uninsured health care costs and extracurricular costs of the child shall continue in full force and effect.

11) The Court finds that for eight months the Defendant failed to comply with Plaintiff's subpoenas and multiple orders requesting financial information necessary to compute his child support obligation. The Court finds that Defendant's failure to comply was a willful attempt by Defendant to delay, obfuscate and prevent the determination of his child support obligation. The Court finds that the Plaintiff should not be responsible to pay counsel fees based on Defendant's aforesaid conduct. In addition, the Court notes that a prior non-prejudicial consent order of child support was ignored by the Defendant and Defendant failed to pay a child support arrearage in October, 2018 after agreeing to do so forthwith. As a result, the Court sets this matter down for a Show Cause hearing on May 8, 2019 at 2:00 p.m. to determine the cost to Plaintiff in counsel fees and court costs to obtain the financial information required for the determination of child support and his failure to comply with the Orders of this Court. The

Case Number: W20120361
Filed in Washington County Family Court
Submitted: 5/8/2019 4:16 PM
Envelope: 2061292
Reviewer: Ron P.

Case 1:19-cv-00340-JJM-PAS   Document 58-1   Filed 09/01/20   Page 4 of 5 PageID #: 489

Defendant may be heard on his ability to pay the cost incurred by Plaintiff to obtain this information and to obtain compliance with the Orders of this Court. The Court shall take judicial notice of all prior testimony to the extent that it relates to this issue. Counsel for Plaintiff shall separate out his fees required to obtain this financial information and compliance with the Court Orders, and his fees related to his motions to adjudge in contempt.

12) The Court reviewed the various motions filed by the Defendant; in that regard, the Court noted the large number of duplicitous motions and motions filed without reference to any issue being heard at the trial; the Court also took note of the Defendant's objections to Orders filed after every hearing, none of which objected to any substantive provision of the proposed order, and all of which restated previous arguments that had been denied. The Court noted that Defendant filed an Order which contained orders not adopted by the Court. The Court finds all said motions and pleadings which the Court listed on the record to be objectively frivolous. The Court cited RIGL §9-29-21 and noted the ability of the Court to assess sanctions, including counsel fees, as a remedy for the Defendant's violation of this statutory provision. As a result, the Court schedules a Show Cause hearing for May 8, 2019 at 2:00 p.m. regarding the imposition of sanctions, including counsel fees, against Defendant for his aforesaid conduct.

13) The Court finds that the Defendant is the sole owner of TLIC Worldwide, Inc.

14) The Defendant is ordered to produce his 2018 income tax returns and evidence of all amounts paid therefore at the time that the tax return was filed, and written evidence from his accountant concerning his filing for an extension of time to file his corporate tax return for 2018.

15) All other orders, except as modified herein, and all motions not addressed in this matter, shall remain in full force and effect.

Electronically APPROVED and Entered as a Decree of the Family Court by:

/s/ Sandra Lanni
Associate Justice

Judicial Officer   05/09/2019

_____
Date

Case Number: W20120361
Filed in Washington County Family Court
Submitted: 5/8/2019 4:16 PM
Envelope: 2061292
Reviewer: Ron P.

Case 1:19-cv-00340-JJM-PAS   Document 58-1   Filed 09/01/20   Page 5 of 5 PageID #: 490

Presented by:

/S/Richard E. Updegrove, Jr.
Attorney for Defendant,
Richard E. Updegrove, Jr., Esquire
UPDEGROVE LAW, LTD.
314 Oliphant Lane
Middletown, Rhode Island  02842
(401) 847-5684                #2245

CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day of May, 2019:

☐ I filed and served this document through the electronic filing system on the following parties: _____.

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.
☐ I served this document through the electronic filing system on the following parties:

_____ _____.
The document electronically served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

☒ I **emailed** & **mailed** this proposed Order, to the pro se Defendant, at his normal email address and home address.

/s/ RICHARD E. UPDEGROVE, JR.