# EXHIBIT B

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| WASHINGTON, SC. | FAMILY COURT |

MARGARITA PALANGE  :
:
v.  :  FC No. W2012-0361
:
STEVEN PALANGE  :

## DECISION

Associate Justice Sandra A. Lanni
Rhode Island Family Court
August 22, 2019

ATTORNEY FOR PLAINTIFF………………………….............Richard Updegrove, ESQ.

ATTORNEY FOR DEFENDANT…………………………………………..PRO SE

1

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

**WASHINGTON, SC.**                                                          **FAMILY COURT**

| | |
|---|---|
| MARGARITA PALANGE : | |
| v. : | FC No. W2012-0361 |
| STEVEN PALANGE : | |

## DECISION

**Lanni, J.:**

## TRAVEL OF THE CASE

This case reopened in May, 2018, with a Motion for Emergency and Other Relief filed by Plaintiff, who sought an *ex parte order* to suspend Defendant's parenting time, an *ex parte order* to restrain Defendant from contacting, harassing and otherwise interfering with her, and a child support order. An *ex parte* order with regard to the first two of these requests was granted on May 9, 2018.[1] Subsequently, various interim orders were entered; some by consent, with regard to the continued suspension of Defendant's parenting time, the appointment of a guardian ad litem for the parties' minor child, non-prejudicial child support, and Defendant undergoing a psychiatric examination. During the summer and fall of 2018, Plaintiff filed numerous motions to adjudge Defendant in contempt. Many of these alleged violations of discovery orders which

---

[1] Defendant appealed the May 9, 2018 order of the Family Court. His appeal was dismissed on June 21, 2019.

frustrated Plaintiff's efforts to obtain financial documents from Defendant in order to arrive at an accurate income figure for purposes of calculating child support.[2] In all of these motions, Plaintiff sought reasonable attorney's fees. Subsequent to the entry of the non-prejudicial child support order, Plaintiff also filed at least one motion to adjudge Defendant in contempt for failing to pay child support. As part of that motion, Plaintiff sought reasonable attorney's fees.

Until December 7, 2018, Defendant was represented by counsel. On that date, counsel was allowed to withdraw, and Defendant entered an appearance as a self-represented litigant. He has continued to represent himself before the Family Court.

The Court takes judicial notice of certain pleadings and orders which are relevant to the Court's decision. On July 27, 2018, the Court issued an order requiring Defendant to produce certain subpoenaed financial documents within twenty (20) days, and certain subpoenaed medical documents within thirty (30) days. On September 15, 2018, Plaintiff filed a motion to compel compliance with a subpoena and for sanctions. On September 20, 2018, the Court issued an order requiring Defendant to produce certain subpoenaed financial documents prior to his deposition. On October 22, 2018, Plaintiff filed a motion to adjudge in contempt and for sanctions relating to Defendant's failure to produce financial documents previously ordered. On October 26, 2018, Plaintiff filed a motion to adjudge Defendant in contempt and for other relief, again relating to Defendant's failure to produce financial documents previously ordered.[3] On October 31, 2018, the parties entered a consent order, which Defendant stated on the record he was entering freely and voluntarily and which he stated he wanted entered as a court order. Part of this order set child support, without prejudice, at $1395.00 per month, retroactive to May,

---

[2] From the time this case reopened in May, 2018, Defendant is and has been the sole owner of TLIC Worldwide, Inc., a Sub-chapter S corporation which recommends and sells computer-related products to commercial customers.
[3] Plaintiff also renewed her request for child support as part of this motion.

3

2018. Defendant also agreed, as part of this order, to pay retroactive child support in the amount of $8,370.00 forthwith and to turn over subpoenaed financial documents, previously ordered, forthwith. On November 26, 2018, Plaintiff filed a motion to adjudge Defendant in contempt and for other relief for failure to pay child support as agreed and ordered. Again she sought reasonable attorney's fees. On November 29, 2018, Plaintiff filed a fifth motion to adjudge Defendant in contempt. In her motion, she listed all of the financial and other documents that Defendant had been ordered to produce and which he had yet to produce. On December 7, 2018, the Court established a child support arrearage and further ordered Defendant to produce the documents itemized in Plaintiff's fifth motion to adjudge in contempt within thirty (30) days. On January 7, 2019, Plaintiff filed a sixth motion to adjudge Defendant in contempt for failure to comply with both the ongoing child support order and the December 7 order to produce missing financials within thirty (30) days.

Once Defendant entered an appearance representing himself (on December 7, 2018), he began filing a virtual flood of motions and objections. On January 3, 2019, he filed a motion to continue the trial of this case, which had previously been scheduled to begin on January 24, 2019. On January 10, 2019, Defendant filed a document entitled "Defendant's pro se Objection and General Objection to Integrity of Transcripts of Proceedings held December 7, 2018 before Honorable Associate Judge Sandra A. Lanni in Washington County Family Court." On January 14, 2019, Defendant filed "Defendant's Motion for a Certified Copy of the Court's File and Record." On January 16, 2019, Defendant filed a Notice of Appeal and Writ of Certiorari relating to the Court's initial *ex parte* order of May 9, 2018. On the same day, he filed in the Family Court "Defendant's Motion to Accept Filing of Late Appeal and Writ of Certiorari due to Excusable Neglect, Mistake and Legal Services Misreprsentation." On January 18, 2019,

Defendant filed "Defendant's Motion and Petition for a Declaration of Rights, Legal Relationships, and Violations of Defendant's Constitutional Rights and Defendant's Demand for Jury Trial." On the same date, Defendant also filed a motion to quash a subpoena duces tecum issued to Citizens Bank for financial documents that he had failed to produce, despite numerous court orders.

On January 24, 2019, rather than commencing trial, the Court heard and decided a number of motions and again ordered Defendant to produce certain financial documents. At that time, a trial on financial matters only was scheduled on February 18 and February 19.[4] On January 25, 2019, Defendant filed a motion to move to mediation. On February 6, 2019, Defendant filed an objection to proposed order from "Control Hearing" of January 24, 2019. Plaintiff accordingly filed a motion to enter the order and for the imposition of sanctions on Defendant. Defendant responded by filing, on February 7, 2019, an "Objection to Motion to Enter Order of January 24, 2019 and Motion for an Order finding Plaintiff and her Attorney in Willful Contempt of Court and for an Imposition of Sanctions." On February 11, 2019, Defendant filed a second objection with the same title. On February 14, 2019, Defendant filed a "Motion to Order Defendant to Submit an Affidavit and for Emergency Hearing on Affidavit," a "Motion to Order Sheriff's Department to Treat Defendant and Plaintiff Equal," and an "Objection to Ad Litem, Ad Litem Report and Violations of Rhode Island Family Court Rules of Domestic Civil Procedure." On February 15, 2019, Defendant filed an "Objection to Parental Alienation and Motion for Emergency Hearing on Parental Alienation." On February 18, 2019,

---

[4] The Court notes that the trial was limited to financial matters only because the guardian ad litem had been court excused by Chief Judge Forte until July 31, 2019. Although her report was admissible by statute, Defendant wished to question her on the report, and she was unavailable during the period of her court excusal. The Court offered to appoint another guardian ad litem, and both parties agreed to that in theory; however, neither party would agree to contribute to a new guardian ad litem's fee.

5

the date on which the trial of financial matters commenced, the Court entered the order from January 24 in the form originally presented.

On February 26, 2019, while the trial on financial matters was in progress, Defendant refiled the "Objection to Parental Alienation and Motion for Emergency Hearing on Parental Alienation." On March 5, 2019, Defendant filed an "Objection to Integrity of Docket Sheet and Ex Parte Chambers Conferences." On March 6, 2019, Defendant filed a "Motion to Order Negotiation, Mediation, then Binding Arbitration." On each date on which trial was scheduled, the Court first addressed the motions filed since the previous court date. Thus, on March 8, 2019, following a court hearing on the previous date, Plaintiff filed a proposed order. On March 14, 2019, Defendant filed an objection to the proposed order. Plaintiff accordingly filed a motion to enter the order and for the imposition of sanctions. On April 3, 2019, Defendant filed an emergency motion to postpone the continuation of trial scheduled for April 8. On April 5, 2019, Defendant filed an "Objection to Violation of Due Process." On the same date, Defendant filed a "Custody Order and Pick-up Order," which was completely fabricated. On April 8, 2019, Defendant filed "Answers and Counterclaims," together with a jury demand. On April 8, 2019, the Court entered the order from March 7, 2019, as originally filed.

The parties rested on April 8, 2019. On April 9, Plaintiff filed an order reflecting motions and objections which the Court had addressed on April 8, 2019, prior to trial. On April 11, 2019, Defendant filed an "Objection to Proposed March 7 Order."[5] On April 13, 2019, Defendant filed an objection to the proposed order from April 8.

---

[5] Defendant had previously objected to this proposed order, and the Court had previously addressed his objection and entered the order.

6

The Court rendered an oral decision on April 15, 2019, and on May 9 entered an order reflecting the Court's decision. Defendant appealed this order, and on June 7, 2019, the Supreme Court remanded the case for the following limited purposes: (1) an order enforcing prior child support provisions; (2) a hearing on the motion to enter the April 15, 2019 order[6]; and (3) an order establishing the amount of, and method of payment for, counsel fees. On June 20, 2019, the Court scheduled a hearing on the amount of, and method of payment for, counsel fees, to take place on July 31 and August 1. Because Plaintiff registered for full services with Child Support Enforcement, a hearing on the enforcement of child support provisions was scheduled on the DHS calendar before Magistrate Jones.

## SUMMARY OF EVIDENCE SUBMITTED ON JULY 31 AND AUGUST 1, 2019

Prior to commencing an evidentiary hearing on the issue before the Court in accordance with the Supreme Court's remand order, the Court reviewed the motions which had been filed after April 15, 2019, in order to separate those which related to issues not encompassed in the remand order from those which pertained to the issue before the Court on remand. During this process, Defendant refused to sit, despite repeated Court orders, and repeatedly interrupted the Court. Ultimately, the Court was forced to order the Defendant removed from the courtroom for a period of time. When he returned, the Court proceeded with a hearing on attorney fees and costs incurred by Plaintiff as a result of Defendant's willful failure to comply with Court orders to produce financial documents and to comply with an agreed upon non-prejudicial child support order, as well as sanctions pursuant to Rule 11 of the Family Court Rules of Domestic Procedure and RIGL §9-29-21.

---

[6] The Family Court rendered a decision following trial on April 15, 2019. Subsequently, Defendant's first appeal, which has now been dismissed, was docketed. On May 9 the Family Court signed an order reflecting its decision of April 15 because its decision had been issued prior to the docketing of Defendant's first appeal.

7

Initially, the Court determined that Defendant had not produced to Plaintiff various updated financial documents that he was ordered to produce on April 15, 2019 and which were relevant to the present hearing. These included a signed copy of Defendant's 2018 personal income tax return (based on Defendant's representation on April 15, 2018, that he had filed his 2018 return), a copy of the checks showing taxes paid to the United States Treasury and the Rhode Island Division of Taxation for Defendant's 2018 personal income taxes, a letter signed by Defendant's accountant requesting an extension to file TLIC's 2018 federal tax return, and updated account statements for January through April, 2019, for TLIC's Bank of America account, Defendant's personal Amex account, Defendant's personal checking account, Defendant's personal Bank of America account, and a Citizen's account. Contrary to his representation to the Court on April 15, Defendant advised the Court that his 2018 personal income tax returns have not yet been filed. On August 1, 2019, Defendant produced a letter from his personal and business accountant with copies of requests for extensions filed with both the Internal Revenue Service and the Rhode Island Division of Taxation on behalf of Defendant and his business, TLIC Worldwide, Inc. Also produced was documentation showing that Defendant had made payments totaling $15,257 to the United States Treasury towards his 2018 income tax liability, and that he paid by check, on April 10, 2018, an additional $35,000 from his personal Bank of America account ending in 1512. Similarly, he produced documentation showing that he had withholdings in the amount of $5009 towards his state income tax liability and that he paid an additional $5,000 to the State Division of Taxation on April 10 from the same Bank of America account. Plaintiff's Exhibits 15 and 16. Defendant had withdrawn $40,000 from this account at the end of 2018 and deposited it into another Bank of America account, ending in 4389. Plaintiff's Exhibit 18. Although Defendant characterized the second account as his

8

daughter's account, the account statement clearly identifies it as Defendant's account. Although Defendant claimed that this was the same money paid to the Treasury and to the State in April, 2019, he failed to produce the bank statements that he was ordered to produce that would have supported his oral testimony. Defendant claimed that he did not have time to produce these statements, despite the fact that he admitted to using online banking, through which twelve months of statements are available.

Defendant testified that he was diagnosed with Crohn's disease and that he had been very sick for three years. He continued "So once I started to get better about a year ago, a year-and-a-half ago, I, with a five-year life expectancy, I decided to spend every penny I made." He further testified that he had what he characterized as bad spending habits. "...I think last year in 2018, it's not an exaggeration to say I spent over $10,000 purchasing books and audiobooks." Finally, Defendant claimed, without documentary support, that his company's performance would be much lower in 2019 than it was in the previous three years.

Plaintiff's attorney, Richard Updegrove, submitted an affidavit of attorney fees to the Court on April 25, 2019, in accordance with the Court's order of April 15. Plaintiff's Exhibit 13. That affidavit itemized time spent seeking compliance with subpoenas requesting financial information and seeking compliance with child support orders, as well as itemizing out-of-pocket costs expended in order to obtain financial information, and time spent defending and appearing in court on certain pleadings filed by Defendant which the Court ruled, on April 15, were duplicitous and frivolous. Attorney Updegrove testified that he reviewed all of his time records in the preparation of his affidavit.

Attorney Updegrove also submitted an affidavit of Attorney Flanagan in support of the reasonableness of the fees and time he expended on the above matters. Plaintiff's Exhibit 14. At Defendant's request, Attorney Flanagan appeared and testified with regard to his affidavit. Attorney Flanagan is an attorney, licensed to practice in the State of Rhode Island, who practices throughout the State and whose practice is concentrated on family law. He has been practicing for over twenty years. He was proffered as an expert with no objection by Defendant. Based on his review of Attorney Updegrove's affidavit, his review of pleadings in the case, his review of the transcript of the Court's April 15 decision, his review of Rule 1.5 of the Rules of Professional Conduct, and his knowledge of Attorney Updegrove's professional background and experience, Attorney Flanagan stated that an hourly rate of $350 is fair and reasonable and that the fees set forth in Attorney Updegrove's affidavit are fair and reasonable.

The Court admitted an email sent by Defendant to Attorney Updegrove on July 17, 2019, which states "Filed today – more to come – many, many more in many Courts."

Defendant denied that he used pleadings to harass or to extend or to do anything but address the *Pettinato* criteria. He testified that he had a difficult time figuring out how to draft pleadings but felt he did an exceptionally good job. He denied that his motions were frivolous.

## **FINDINGS OF FACT**

The Court makes the following findings of fact, based on a fair preponderance of the evidence, both testimonial and documentary, and considering the credibility of each of the witnesses. The Court has considered both the evidence submitted during trial, as well as the

10

evidence submitted on July 31 and August 1, 2019. Further, the Court incorporates herein all of the findings of fact set forth in its decision of April 15, 2019.

1. The sum of $9,405 was withheld from the distributions to Defendant from his IRA in 2018. This sum was paid to the United States Treasury as part of Defendant's 2018 income tax liability. Plaintiff's Exhibit 2.

2. The sum of $5,851.70 was withheld from Defendant's wages by TLIC Worldwide Inc. and paid to the United States Treasury as part of Defendant's 2018 income tax liability. Plaintiff's Exhibit 3.

3. Defendant paid $2,855 to the United States Treasury from his Bank of America account ending in 1512, with a reference to 2018, in August of 2018. The purpose of this check is unclear. Plaintiff's Exhibit 9.

4. On April 10, 2019, two days after the trial on financial matters ended and five days before the Court had scheduled a court date for the purpose of issuing a decision, Defendant paid $35,000.00 to the United States Treasury and $5,000 to the Rhode Island Division of Taxation towards his 2018 federal and state income tax liabilities. Plaintiff's Exhibits 15 and 16.

5. Five days later, Defendant falsely represented to the Court, without equivocation, that he had filed his personal income tax returns for 2018 when, in fact, on April 10, 2019, he had filed for an extension and paid estimated taxes at the same time.

6. In 2018, there were a number of deposits into Defendant's personal checking account at Bank of America, account ending in 1512, which are unexplained.

11

These include a deposit of $15,002.00 in January, $7,050.94 in April, another $5,025.67 in April, $11,051.34 in June, and $61,448.37 in September. These deposits were in addition to transfers from Defendant's second Bank of America account. All of these deposits were made at ATM machines. Plaintiff's Exhibit 9. There is no evidence as to the source of these deposits.

7. On August 21, 2018, the sum of $3,000 was transferred from TLIC's Bank of America account ending in 2472 into Defendant's personal Bank of America account ending in 1512, and on August 31, 2018, the sum of $1,000 was transferred from TLIC's Bank of America account into Defendant's personal account ending in 1512. Plaintiff's Exhibit 9.

8. Defendant maintains a second personal account at Bank of America, account ending in 4389, which he testified more than once was an account for the parties' daughter. Yet the parties' daughter is not named as an account holder. Defendant is the sole account holder. Defendant transferred $40,000 into this account from his account ending in 1512 in December, 2018. At that time there were no other funds in the account ending in 4389 other than $254.13. Plaintiff's Exhibit 18.

9. The Court found, on April 15, 2019, based on the evidence submitted at trial, that Defendant had, at that time, the financial ability to pay reasonable attorney's fees and costs necessitated by his willful failure to comply with discovery orders to produce financial documents needed to accurately calculate his income. Defendant submitted no credible evidence that would cause the Court to modify this finding. In fact, Defendant admitted that in the last year and one-half he

      made a deliberate decision to "spend every penny he made" and that he spent, in 2018, over $10,000 on books and audiobooks alone.

10. Despite several orders to produce updated banking records for the period between January, 2019 and April, 2019, Defendant failed to do so, even though these records are easily available to him through his online banking. The records Defendant was ordered to produce include records for his two personal Bank of America accounts, ending in 1512 and 4389.

12. It is clear from the evidence before the Court that Defendant has complete control over his business, TLIC Worldwide, Inc., a Subchapter S corporation of which Defendant is the sole owner.

13. Although Defendant testified that he had been extremely ill and almost confined to his apartment for a period of three years until one to one and one-half years prior to August 1, 2019, he admitted that TLIC Worldwide, Inc. was extremely profitable in 2017, when the company's gross income was over $3,000,000. Plaintiff's Exhibit 4. Clearly, TLIC is able to run profitably, even when Defendant is unable to be active in the business due to illness.

14. The Court does not find Defendant's bare assertions regarding his anticipated decline in income credible.

15. Plaintiff's Exhibit 12, an e-mail sent by Defendant to Attorney Updegrove on July 17, 2019, referencing Defendant's objection to a motion to quash a subpoena duces tecum which Defendant had served upon Attorney Updegrove, in which

Defendant promised "more to come ... many, many more ... in many courts" is evidence of Defendant's intent to abuse the court process.

16. Further evidence of Defendant's intent to harass Plaintiff and to abuse the Court process is his repeated filing of virtually identical motions, regardless of the fact that the Court has already denied the motion once, and his repeated objections to virtually all proposed orders, sometimes filed more than once with regard to the same order, even after the Court has addressed his objections on the record and entered the order, and despite the Court's repeated explanation that the purpose of objecting to a proposed order relates to the accuracy of the proposed order and not the substance of the order itself.

17. As the Court previously found, Defendant has filed numerous frivolous motions, objections, and pleadings, which are itemized in the Court's decision of April 15, 2019, in bad faith and for the purpose of harassing Plaintiff and/or needlessly increasing the cost of litigation and unnecessary delay in litigation.

18. Defendant's continued and repeated refusal to respond to appropriate discovery orders with regard to financial matters, coupled with blatantly inaccurate representations of his income, led to unnecessary delay in these proceedings, as well as an extended hearing in order to calculate the child support guidelines.

19. Based upon the evidence before the Court, as well as the Court's knowledge of Family Court practice, the Court finds that Attorney Updegrove's hourly rate of $350.00 is reasonable.

20. The Court has reviewed the time Attorney Updegrove and his paralegal expended and the costs set forth in Section I. of his affidavit, in concert with the corresponding pleadings and court dates, and has segregated the amount of time and costs which the Court finds reasonable and applicable solely to Attorney Updegrove's efforts to obtain financial information necessitated by Defendant's willful failure to comply with subpoenas and discovery orders. In doing so, the Court has considered that in any case a certain amount of time is necessarily expended in seeking discovery of financial information and reviewing that information. The Court finds that attorney fees in the amount of $5,250 and costs in the amount of $752.68 are reasonable for these efforts.

21. The Court finds that Defendant has violated Rule 11 of the Family Court Rules of Domestic Procedure as well as Rhode Island General Laws 9-29-21 with regard to the pleadings itemized by the Court in its decision of April 15, 2019.

22. The Court has reviewed the time Attorney Updegrove has expended set forth in Section II. of his affidavit, in concert with the corresponding pleadings and court dates, and finds that attorney fees in the amount of $8,750 is reasonable for these efforts.

23. In calculating the amount of reasonable attorney fees as set forth above, the Court has specifically not included any time requested for the preparation of affidavits of attorney fees, any time in trial or in preparation for trial (other than the amount of court time devoted to addressing Defendant's motions or objections), any fee for Attorney Flanagan, or any time subsequent to April 15, 2019.

15

24. The Court finds that Defendant has the ability to pay attorney's fees and sanctions as set forth herein.

25. The Court notes that subsequent to April 15, 2019, Defendant has filed at least thirteen motions, nine objections, and one affidavit in Family Court. While some of these relate to the issues on remand, many of them do not, and Defendant has been advised on multiple occasions that once this matter was docketed and remains pending in the Supreme Court, the Family Court has no jurisdiction, other than on the matters on which the Supreme Court has specifically remanded the case.

**BASED ON THE FOREGOING, IT IS ORDERED ADJUDGED AND DECREED:**

1. Defendant is ordered to pay $6,002.68 to Attorney Updegrove in costs and fees relating to Defendant's willful failure to provide financial discovery as ordered in this case.

2. Defendant is sanctioned in the amount of $8,750.00 for violations of Rule 11 and RIGL §9-29-21.

3. The Court is aware that a separate hearing on the DHS calendar has been held with regard to the enforcement of child support orders and further recognizes that as of April 15, 2019, Defendant was significantly in arrears in child support payments. Therefore, Defendant is ordered to pay the amount owed to Attorney Updegrove in the amount of $6,002.68 immediately following the payment, first, of his child support arrearage, or by December 31, 2019, whichever is sooner.

4. In light of the purpose of Rule 11 sanctions to deter repetition of the harm and to remedy the harm caused, Defendant is prohibited from filing further motions in this case in the Rhode Island Family Court, and further prohibited from filing more than one objection in this case to any motion or proposed order in the Rhode Island Family Court, unless such motion or objection has been signed, pursuant to Rule 11 of the Family Court Rules of Domestic Procedure, by a licensed attorney, admitted to practice in Rhode Island. This prohibition shall be in effect until Defendant has paid the monetary sanction ordered to Attorney Updegrove in the amount of $8,750.00. This order applies to this case only and further applies only to pleadings filed in the Rhode Island Family Court.

_____
Associate Justice Sandra A. Lanni

8-22-19
Date

## CERTIFICATION

I hereby certify and say that on the 22nd day of August, 2019, I mailed a true copy of this within Decision to Attorney for Plaintiff, Richard Updegrove, Esq., 314 Oliphant Lane, Middletown, RI 02842 and to Steven Palange, 10 Grandville Ct, Apt. 934, So. Kingstown, RI 02879.

_____
Deputy Clerk

17