## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **STEVEN PALANGE,** | |
| *Plaintiff* | |
| | |
| **v.** | **C.A. No. 1:19-cv-00340-JJM-PAS** |
| | |
| **MICHAEL B. FORTE, i**n his official capacity as Chief Judge of the Rhode Island Family Court, et al., | |
| *Defendant* | |

### STATE DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

**NOW COMES** Defendants Michael B. Forte in his official capacity as Chief Judge of the Rhode Island Family Court, Jean Maggiacomo in her official capacity as Deputy Clerk of the Rhode Island Supreme Court, Courtney E. Hawkins in her official capacity as Director of the Rhode Island Department of Human Services, Sandra Lanni in her official capacity as an Associate Justice of the Rhode Island Family Court, Peter F. Neronha in his official capacity as the Attorney General for the State of Rhode Island, and Ronald Pagliarini in his official capacity as the Chief of Staff of the Rhode Island Family Court (collectively, "State Defendants"), pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure and hereby move to dismiss the Amended Complaint filed in this civil action by the Plaintiff, Steven Palange ("Plaintiff").[1]

---

[1] Although it appears that Plaintiff attempts to bring suit in his own name *and* on K.P.'s behalf, as a *pro se* Plaintiff may not represent any other party. See DRI LR 205(a)(2) ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this Court to appear on his or her behalf."). Courts in this District have consistently enforced this Local Rule. See Jacobowitz v. YMCA, 2016 WL 1259397, at *1 (D.R.I. March 30, 2016); see also Harris v. Perry, 2015 WL 4879042, at *4 (D.R.I. July 15, 2015); Young v. Wall, 228 F.R.D. 411, 412 (D.R.I. 2005).

## FACTS AND TRAVEL

Plaintiff brings an Amended Complaint that dresses up the previous Complaint in a panoply of new causes of action: "42 U.S.C. sec. 1983, the Supremacy Clause of the U.S. Constitution, the Rhode Island and Federal Uniform Declaratory Judgment Acts, the 9th, 1st, 4th, 14th, 5th, [*sic*] Amendments of the United States Constitution[.]" Amended Compl., ECF 1 at ¶ 1. The Amended Complaint also adds a litany of new defendants to the caption. See id. However, Plaintiff's claim still stems—as before—from a May 9, 2018 Order of the Rhode Island Family Court.[2] See id. at ¶¶ 11-13, 15, 24. Plaintiff contends the May 9, 2018 Order "de-factually [*sic*] terminated the parental, custodial and relationship rights of Mr. Palange and his minor daughter Katerina." Id. at ¶ 5.

Plaintiff waited until January 16, 2019 to file a Notice of Appeal with the Rhode Island Supreme Court regarding the May 9, 2018 Order. See Palange v. Palange, C.A. No. W2012-0361

---

[2] This Court may consider matters of public record, including documents from other court proceedings for purposes of deciding a 12(b)(6) motion. See In Re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003); see also Boateng v. InterAmerican University, Inc., 210 F.3d 56, 60 (1st Cir. 2000). Additionally, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); see also Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000) (allows a court considering a Motion to Dismiss to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice").

State Defendants respectfully request the Court take judicial notice of Plaintiff's legal proceedings before the Rhode Island Family Court, Rhode Island Superior Court, and Rhode Island Supreme Court. See Palange v. Palange, C.A. No. W2012-0361 (R.I. Fam. Ct. judgement entered Dec. 18, 2013); Palange v. Palange, C.A. No. SU-2019-0125-A (R.I. filed Apr. 16, 2019); Palange v. Palange, C.A. No. SU-2019-0156-A (R.I. filed May 9, 2019); Palange v. Palange, C.A. No. SU-2019-0372-A (R.I. dismissed Nov. 15, 2019); Palange v. Updegrove, C.A. No. WC-2019-0449 (R.I. Super. Ct. dismissed Aug. 28, 2019); Palange v. Raimondo, C.A. No. WC-2019-0555 (R.I. Super. Ct. dismissed Aug. 28, 2019); Palange v. Updegrove, C.A. No. SU-2020-0068-A (R.I. filed Feb. 26, 2020); Palange v. Raimondo, C.A. No. SU-2020-0069-A (R.I. filed Feb. 26, 2020). These judicial proceedings are matters of public record concerning Plaintiff's lengthy custody battle over his minor daughter and directly relate to the claims asserted in the Amended Complaint (ECF 19).

(R.I. Fam. Ct. judgement entered Dec. 18, 2013), Notice of Appeal, attached hereto as **Exhibit A**.[3]

As Plaintiff had filed his Notice of Appeal well-after the twenty (20) day window afforded by

Rhode Island Rule of Appellate Procedure 4(a), the Supreme Court dismissed his appeal on June

7, 2019. See Palange v. Palange, SU-2019-0125-A (R.I. dismissed June 7, 2019) June 7, 2019

Order and June 20, 2019 Order, attached hereto as **Exhibit B**.

Days later, on June 20, 2019, Plaintiff filed a Complaint (ECF 1), pursuant to 42 U.S.C. §

1983, seeking declaratory relief that "the policies and practices of the Rhode Island Supreme Court

and the Rhode Island Family Court deprive Steven Palange of his United States and State of Rhode

Island Constitutional Rights." Compl., ECF 1 at 1. The only Defendant named in the original

Complaint—Michael B. Forte in his official capacity only—filed a Motion to Dismiss, under Fed.

R. Civ. P. 12(b)(1) and 12(b)(6). See Mtn. Dismiss, ECF 11. Plaintiff then moved to Amend his

Complaint on July 29, 2019, adding several new defendants. See ECF 16. The Court granted

Plaintiff's Motion in a Text order on August 1, 2019. As before, Plaintiff seeks declaratory relief

against official capacity Defendants. See Amended Compl., ECF 19 at ¶¶ 1-5.[4] The court also

---

[3] The January 16, 2019 Notice of Appeal incorrectly lists the date as January 16, *2016*. As is evident from the Rhode Island Family Court Docket sheet for Palange v. Palange, W2012-0361, Plaintiff filed the Notice of Appeal in 2019.

[4] Although Plaintiff's Amended Complaint initially appears to request injunctive as well as declaratory relief, Plaintiff's request for relief only seeks declaratory relief. Only official capacity Defendants have been served. In any event, only state defendants in their official capacities can afford declaratory relief. Federal courts have repeatedly held that suits seeking declaratory relief from the state can only be provided by defendants in their official capacities, and thus must be brought against those defendants in their official capacities. See Raine v. Carlson, 826 F.2d 698, 701 (7th Cir. 1987) (noting that suit would have to be "against federal officers in their official capacity … to the extent that it sought types of relief, such as expungement or earlier-than-otherwise release from prison, that only officials and not private individuals can provide"); see also Wolfe v. Strankman, 392 F.3d 358, 367 n.2 (9th Cir. 2004) ("The individual defendants were also sued in their personal capacities, but the declaratory and injunctive relief [plaintiff] seeks is only available in an official capacity suit."); Frank v. Relin, 1 F.3d 1317, 1327 (2d Cir. 1993)

denied State Defendants' Motion to Dismiss (the original complaint) without prejudice in light of Plaintiff's Amended Complaint, which was filed on August 1, 2019. See Aug. 1, 2019 Text Order; Amended Compl., ECF 19.

Shortly after the Amended Complaint was filed, Plaintiff filed an Emergency Ex-Parte Motion for a Temporary Restraining Order (ECF 22) that sought the same injunctive relief requested in the Amended Complaint. See Mtn. Temporary Restraining Order, ECF 22 (requesting the Court enjoin the Rhode Island Family Court proceedings against Plaintiff); see also Amended Compl., ECF 19 at ¶ 2 (requesting the Court enjoin the Rhode Island Family Court proceedings against Plaintiff). State Defendants timely objected, incorporating the same jurisdictional arguments previously asserted in State Defendants' initial Motion to Dismiss (ECF 11). See Obj. Mtn. Temporary Restraining Order, ECF 24. The Court denied Plaintiff's Motion for a Temporary Restraining Order the following day, finding that "The federal court lacks the authority under 42 U.S.C. § 1983 to issue injunctive relief against judicial officers in this instance. Also, this request is barred by the Anti-Injunction Act, 28 U.S.C. § 2283…." See Aug. 14, 2019 Text Order.

Following the denial of Plaintiff's request for a Temporary Restraining Order, State Defendants filed a second Motion to Dismiss, seeking to dismiss the Amended Complaint, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). See Mtn. Dismiss, ECF 35. However, shortly after State Defendants filed their second dispositive motion, Plaintiff filed an interlocutory appeal with the First Circuit challenging the denial of the temporary restraining order and began filing a tirade of nonsensical motions and frivolous parallel lawsuits aimed at delaying these proceedings—all of

---

("[S]uch equitable relief could be obtained against [the public official defendant] only in his official, not his individual, capacity").

which have been denied and dismissed, including Plaintiff's interlocutory appeal.[5] The First Circuit Court of Appeals entered Judgement against Plaintiff on August 24, 2020, dismissing the appeal on the sole basis that Palange's "arguments lack merit". See Palange v. Forte, U.S.C.A. No. 19-1951 (1st Cir. Entered Aug. 24, 2020), Judgement, Doc. 00117632841. With Plaintiff's interlocutory appeal dismissed, State Defendants again move to dismiss the Amended Complaint (ECF 19), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## **LEGAL STANDARD**

A motion pursuant to Rule 12(b)(1) asserts that the court lacks subject matter jurisdiction over the lawsuit. Such a motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The underlying purpose of this Rule is to "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Fraternal Order of Police v. Library of Congress, 692 F. Supp.

---

[5] See e.g., Mtn. Reconsideration, ECF 28 (Asserting that "[t]he Court misunderstood my Motion…."); Mtn. Rule 11 Sanctions, ECF 30 (claiming that counsel engaged in "an insidious attempt to circumvent the judicial process" by moving to dismiss the Complaint). Plaintiff continued his antics during the pendency of the appeal. See Palange v. Forte, U.S.C.A. No. 19-1951 (1st Cir. Entered Aug. 24, 2020), Mtn. for Injunction Pending Appeal, Doc. 00117499085; Mtn. for Injunction Pending Appeal, Doc. 00117517419; Mtn. for Reconsideration, ECF 00117517615; Mtn. for "Articulation", Doc. 00117521719; Mtn. to Vacate Order, Doc. 00117521725; Mtn. to Consolidate, Doc. 00117522242; Mtn. for "Judicial Signatures", Doc. 00117524934; Mtn. for Injunction Pending Appeal, Doc. 00117532545; Mtn. for Injunction Pending Appeal, Doc. 00117532610; Mtn. to "Motion to Declare Void and, Unconstitutional the Order of the Court", Doc. 00117537857; Judgement, Doc. 00117632841 (concluding that Palange's "arguments lack merit" and dismissing the interlocutory appeal).

2d 9, 20 (D.D.C. 2010) ("Because the Court cannot ascertain what the [plaintiff]'s … claim is, it cannot find that defendants are able to respond to it.").

In the context of a Rule 12(b)(6) motion to dismiss, courts have interpreted this rule to require that a pleading contain sufficient facts to show an entitlement to the requested relief. Accordingly, a complaint must allege "a plausible entitlement to relief." Twombly, 550 U.S. at 559. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F.3d 107, 112 (1st Cir. 2008). In evaluating whether a plaintiff's claims are entitled to relief, the court must accept as true all well-pleaded facts and indulge all reasonable inferences in plaintiff's favor. Twombly, 550 U.S. at 557. The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Thus, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (1st Cir. 1998) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).

In Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), the Supreme Court reaffirmed Twombly and clarified that two underlying principles must guide a court's assessment of the adequacy of pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. Iqbal, 556 U.S. at 662. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. Id. at 677-79. Specifically, this court is not

compelled to accept legal conclusions set forth as factual allegations in the complaint. Id. Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Peñalbert–Rosa v. Fortuño–Burset, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory to the factual."). In other words, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio–Hernandez v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, only a complaint that states a plausible claim for relief can survive a motion to dismiss. Iqbal, 556 U.S. at 679. The Court explained that "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## ARGUMENT

Plaintiff's Amended Complaint adds a few new defendants and embellishes a few facts. However, the core premise of Plaintiff's claim—a dissatisfaction with a Rhode Island Family Court judgment against him—remains the same in the Amended Complaint as it did in the initial Complaint. The jurisdictional infirmities that lay at the heart of Plaintiff's legal claims prove fatal to the Amended Complaint from the outset. As such, the Rooker-Feldman doctrine and the domestic relations exception to federal jurisdiction mandate dismissal under Fed. R. Civ. P. 12(b)(1). See § I-II, infra. Additionally, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). See § III, infra. Furthermore, the Amended Complaint fails to allege any substantive facts that connect Defendants Maggiacomo, Hawkins, or Neronha to the alleged events. See § IV, infra. Finally, Plaintiff's claims are barred by the Eleventh Amendment and must be dismissed. See § V, infra.

Accordingly, Defendants respectfully request that this Honorable Court dismiss the Amended Complaint.

## I.    THE COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS UNDER THE ROOKER-FELDMAN DOCTRINE

Under the Rooker-Feldman doctrine, the Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint. Based on Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), the Rooker-Feldman doctrine holds that federal district courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The premise is that federal district courts do "not have the authority to review final judgments of state courts; only the Supreme Court has that power." Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps., 471 F.3d 220, 222 (1st Cir. 2006) (citing Feldman, 460 U.S. at 462). Importantly, "[f]ederal courts' application of the Rooker–Feldman doctrine does not depend on what issues were actually litigated in the state court." Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009) (quotations omitted). Instead, invocation of Rooker-Feldman applies where "the federal plaintiff seeks redress of an injury *caused by* an allegedly erroneous state court decision[.]" Davison, 471 F.3d at 222 (*emphasis in original*). Moreover, the First Circuit has confirmed that "Rooker-Feldman applies where the state proceeding has ended with respect to the issues that the federal plaintiff seeks to have reviewed in federal court, even if other matters remain to be litigated." Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 22–23 (1st Cir. 2005) [hereinafter, "Federacion"]. Rooker-Feldman is "broader and blunter" than *res judicata*, and "federal courts regularly use Rooker-Feldman to rebuff collateral attacks on prior

state court judgments without purporting to apply the technical preclusion rules of *res judicata*."

Id. (quoting Maymó–Meléndez v. Álvarez–Ramírez, 364 F.3d 27, 32–33 (1st Cir. 2004), cert.

denied, 543 U.S. 872 (2004)).

The Amended Complaint presents a straightforward case for application of the Rooker-

Feldman doctrine. As evidenced by Plaintiff's Amended Complaint, the Rhode Island Family

Court issued a May 9, 2018 Order that Plaintiff describes as terminating his parental rights. See

Amended Compl., ECF 19 at ¶ 13. The Rhode Island Supreme Court dismissed Plaintiff's appeal

on June 7, 2019. See id. After losing in state court, Plaintiff almost immediately filed the instant

federal action on June 20, 2019.[6] See ECF 1.

Crucial to the Rooker-Feldman analysis, Plaintiff's Amended Complaint seeks redress of

an injury allegedly *caused by* the state court judgment. See Amended Compl., ECF 19 at ¶ 15

("The creation of a frivolous and malicious emergency Order to seize [K.P.] and separate her from

her father the plaintiff[.]"); see also id. at ¶ 24 ("The May 9th the [*sic*] ex-parte 'emergency' motion

was frivolous[.]"). Specifically, Plaintiff seeks declaratory relief that the May 9, 2018 Order

reflects that the state court "causes and enforces a policy of dishonest court and legal services and

that policy causes Mr. Palange to deprivation [*sic*] of his Constitutional Rights[.]" Amended

---

[6] Plaintiff recently attempted to recapitulate this same improper collateral attack strategy, further underscoring the frivolousness of the legal claims asserted in the Amended Complaint (ECF 19). During the pendency of the instant action, Plaintiff filed two (2) additional civil actions with the Rhode Island Superior Court. See Palange v. Updegrove, C.A. No. WC-2019-0449 (R.I. Super. Ct. dismissed Aug. 28, 2019), appealed, C.A. No. SU-2020-0068-A (R.I. filed Feb. 26, 2020); Palange v. Raimondo, C.A. No. WC-2019-0555 (R.I. Super. Ct. dismissed Aug. 28, 2019), appealed, C.A. No. SU-2020-0069-A (R.I. filed Feb. 26, 2020). Both lawsuits challenged the same issue that was the subject of Plaintiff's multiple Rhode Island Supreme Court appeals and Plaintiff's interlocutory appeal to the First Circuit, Palange v. Forte, U.S.C.A. No. 19-1951 (1st Cir. dismissed Aug. 24, 2020), and that which remains at the epicenter of the Amended Complaint— May 9, 2018 Rhode Island Family Court Order concerning the custody of Plaintiff's minor daughter.

Compl., ECF 19 at ¶ 2; Plaintiff goes so far as to state that "[t]his lawsuit also claims that all activity, *judgments, orders*, [and] findings … created by Michael B. Forte since May 9, 2018, [*sic*] are revaluated [*sic*] and thus made void upon completion of revaluation [*sic*]." Id. at ¶ 6 (*emphasis added*). These statements make plain that "the only real injury to Plaintiff[] is ultimately still caused by a state court judgment." Davison, 471 F.3d at 223. Indeed, "[t]he desired [relief] would amount to a reversal of the [state court's] ruling on the termination of plaintiff's parental rights[.]" Miller, 586 F.3d at 59. The Rooker-Feldman doctrine prevents this Court from doing so. See id. (applying Rooker-Feldman to state court's termination of parental rights).

It is immaterial that the Amended Complaint attempts to frame his claims as various constitutional violations. The First Circuit has held that "a litigant could not avoid the impact of the Rooker-Feldman doctrine simply by recasting his claims in federal court as arising under the United States Constitution, where adjudicating these claims would 'necessarily require reviewing the merits of the Rhode Island Supreme Court's decision.'" Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018) (quoting Mckenna v. Curtin, 869 F.3d 44, 48 (1st Cir. 2017)). The Rhode Island Supreme Court already dismissed Plaintiff's state court appeal. See Federacion, 410 F.3d at 24 ("[W]hen the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, then without a doubt the state proceedings have 'ended.'"). As such, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison, 471 F.3d at 223. Plaintiff is a quintessential example of a "state-court loser[] complaining of injuries caused by state-court judgments" See Exxon Mobile Corp., 544 U.S. at 284. Plaintiff had ample opportunity to seek federal review following the dismissal of his appeal before the Rhode Island Supreme Court, but Plaintiff foreclosed that option when he failed to pursue an

appeal with the United States Supreme Court. See Palange v. Palange, C.A. No. W2012-0361 (R.I. Fam. Ct. judgement entered Dec. 18, 2013), appealed, C.A. No. SU-2019-0125-A (R.I. dismissed June 7, 2019). Accordingly, this Court lacks jurisdiction over Plaintiff's claims under Rooker-Feldman and the Amended Complaint must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1).

## II.     THE AMENDED COMPLAINT MUST BE DISMISSED UNDER THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL JURISDICTION

Further, to the extent that Plaintiff asks this Court to interfere with a decision issued by the Rhode Island Family Court concerning the custody of his minor daughter, respectfully, this Court lacks jurisdiction under the domestic relations exception. The domestic relations exception was first recognized by the Supreme Court in Barber v. Barber, 62 U.S. 582, 584 (1858) ("We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony[.]"). Since then, the Supreme Court has expanded the domestic relations exception "to include decrees in child custody cases." Ankenbrandt v. Richards, 504 U.S. 689, 702 (1992) (citing In re Burrus, 136 U.S. 586, 594 (1890)). More recent Supreme Court jurisprudence has reaffirmed the basis for the domestic relations exception. Id. at 700 ("Whatever Article III may or may not permit, we thus accept the Barber dictum as a correct interpretation of the Congressional grant.") (quoting Patterson v. McLean Credit Union, 491 U.S. 164, 172–73 (1989)). In reaffirming the domestic relations exception, the Supreme Court unequivocally held that "the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees." Id. at 703.

Here, Plaintiff's Amended Complaint appears to be an attempt to have this Court review and overturn rulings made by the Rhode Island Family Court concerning the custody of Plaintiff's minor daughter. As framed in his Amended Complaint, "[t]his lawsuit also claims that all activity, *judgments, orders*, [and] findings … created by Michael B. Forte since May 9, 2018, [*sic*] are

11

revaluated [*sic*] and thus made void upon completion of revaluation [*sic*]." Amended Compl., ECF 19 at ¶ 6 (*emphasis added*). Indeed, Plaintiff's Amended Complaint is fixated on relitigating the May 9, 2018 Order. See id. at ¶¶ 11-13, 15, 24. Such an attempt to interfere with a Rhode Island Family Court decision concerning a child custody decree squarely fits under the domestic relations exception. See Ankenbrandt, 504 U.S. at 700.

As the First Circuit held in Norton v. McOsker, "[t]he aim of the exception is to keep federal courts from meddling in a realm that is peculiarly delicate, that is governed by state law and institutions (e.g., family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum." Norton v. McOsker, 407 F.3d 501, 505 (1st Cir. 2005). The May 9, 2018 Rhode Island Family Court Order with which Plaintiff takes issue is exclusively governed by state law. See generally R.I. Gen. Laws § 8-10-3 (establishing the jurisdiction of the Family Court). Because Plaintiff asks this Court to interfere with a decision issued by the Rhode Island Family Court concerning the custody of his minor daughter, Plaintiff's Amended Complaint should be dismissed under the domestic relations exception to federal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).

## III.   PLAINTIFF'S REQUEST FOR RELIEF IS BARRED BY THE ELEVENTH AMENDMENT, 42 U.S.C. § 1983, AND THE ANTI-INJUNCTION ACT

Plaintiff's request for injunctive is barred by the Eleventh Amendment, as the alleged harm stems from a prior order of the Rhode Island Family Court. Moreover, the plain language of 42 U.S.C. § 1983, and the Anti-Injunction Act likewise prohibit the relief requested in the Amended Complaint to the extent that Plaintiff seeks injunctive relief with respect to Chief Judge Forte and other quasi-judicial officers of the Rhode Island Family Court.

A.     **The Eleventh Amendment bars Plaintiff's request for relief**

The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI; see also Hans v. Louisiana, 134 U.S. 1 (1890) (holding that a federal court could not entertain a suit brought by a citizen against his own State). The Supreme Court has repeatedly emboldened the jurisdictional limitations imposed upon Article III by the Eleventh Amendment:

> [T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III: That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that *the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given:* not one brought by citizens of another State, or by citizens or subjects of a foreign State, because of the Eleventh Amendment; and not even one brought by its own citizens, because of the fundamental rule of which the Amendment is but an exemplification.

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (internal quotations omitted) (*emphasis in original*) (quoting Ex parte State of New York, 256 U.S. 490 (1928).

Although stylized as a request for "injunctive and declaratory relief," see Amended Compl., ECF 19 at ¶ 8, Plaintiff's Amended Complaint in fact still seeks this Court to review a past decision of the Rhode Island Family Court that was upheld by the Rhode Island Supreme Court. See Town of Barnstable, 786 F.3d at 139 ("'[A] court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'") (quoting Verizon Maryland, Inc. v. Pub. Serv. Commission of Maryland, 535 U.S. 635, 645 (2002)); see also Goodson v. Maggi, 797 F. Supp. 2d 587, 603 (W.D. Pa. 2011) ("[T]he so-called prospective relief sought against it is not prospective at all."). This is perhaps most evident in Plaintiff's request that "[t]his lawsuit also

13

claims that all activity, *judgments, orders*, [and] findings ... created by Michael B. Forte since

May 9, 2018, [*sic*] are revaluated [*sic*] and thus made void upon completion of revaluation [*sic*]."

Amended Compl., ECF 19 at ¶ 6 (*emphasis added*); see also Goodson, 797 F. Supp. 2d at 603

("These requests are purely an attempt by [plaintiff] to have this Court review the prior decisions

of the state court judges, which it is not empowered to do."). Accordingly, this "eleventh hour

attempt by plaintiff[] to bring [his] case under the aegis of the doctrine of Ex parte Young" fails.

Mills v. State of Maine, 118 F.3d 37, 52 (1st Cir. 1997). Plaintiff's mere mention of Ex Parte

Young in the Amended Complaint is insufficient to overcome the Eleventh Amendment.

      To the extent that the Amended Complaint does seek injunctive relief, Plaintiff appears to

seek refuge under Ex Parte Young, 209 U.S. 123 (1908), with respect to the application of Rooker-

Feldman and the domestic relations exception to federal jurisdiction. See Amended Compl., ECF

19 at ¶ 33. Respectfully, Plaintiff's argument fundamentally misunderstands the nature of Rooker-

Feldman and the domestic relations exception. Neither the Rooker-Feldman doctrine nor the

domestic relations exception has been abrogated by Ex Parte Young and both the Rooker-Feldman

doctrine and the domestic relations exception operate independently of the Eleventh Amendment.

As such, respectfully, no matter how Plaintiff frames his claim or request for relief, the proper

court to hear Plaintiff's grievances on these issues following the Rhode Island Supreme Court's

decision, if any, is the United States Supreme Court.

      To the extent that Plaintiff attempts to proceed only on his request for declaratory relief,

the Eleventh Amendment still proves fatal to his claims. While the Federal Uniform Declaratory

Judgement Act, 28 U.S.C. § 2201, permits a federal court to declare the rights of a party,

irrespective of whether the party also seeks injunctive relief, declaratory judgement is not available

in the absence of a continuing violation of federal law or where the issuance of a declaratory

judgement would, in effect, serve as *res judicata* for state-court proceedings. See Green v. Mansour, 474 U.S. 64, 72-74. (1985) ("a declaratory judgment is not available when the result would be a partial "end run" around our decision in Edelman….") (citations omitted); see also Edelman v. Jordan, 415 U.S. 651 (1974) (holding that the Eleventh Amendment barred relief that was retrospective in nature). Here, the declaratory relief that Plaintiff requests centers around the May 9, 2018 Rhode Island Family Court Order, entered by Associate Justice Lanni that suspended Plaintiff's supervised visitation with his minor daughter. See Amended Compl., ECF 19, at 20; see also Def. Updegrove Mot. to Dismiss, Exhibit B, ECF 58-2 at 3. Not only does this Court lack jurisdiction over Plaintiff's claims under Rooker-Feldman and the domestic relations exception, but the issuance of the declaration that Plaintiff requests would have a *res judicata* effect on a Rhode Island Family Court proceeding. See Palange v. Palange, C.A. No. W2012-0361 (R.I. Fam. Ct. judgement entered Dec. 18, 2013). As such, Plaintiff's request for declaratory relief fails.

B. **The plain language of 42 U.S.C. § 1983 and the Anti-Injunction Act, 28 U.S.C. § 2283, bars Plaintiff's request for injunctive relief**

In denying Plaintiff's Motion for a Temporary Restraining Order (ECF 22), this Court found that "The federal court lacks the authority under 42 U.S.C. § 1983 to issue injunctive relief against judicial officers in this instance. Also, this request is barred by the Anti-Injunction Act, 28 U.S.C. § 2283")." See Aug. 14, 2019 Text Order. Because Plaintiff's Amended Complaint is directed at Defendant—Chief Judge of the Rhode Island Family Court—as well as other defendants who are judicial officers or clerks of Rhode Island courts, the plain language of 42 U.S.C. § 1983 prevents the issuance of injunctive relief.

Plaintiff's Motion for a Temporary Restraining Order (ECF 22), which was filed shortly after the Amended Complaint (ECF 19), primarily took aim at Chief Judge Forte and sought the same relief that Plaintiff requests in the Amended Complaint. In particular, the Amended

Complaint (ECF 19) alleges that "[t]he consequences that Steven Palange and his daughter K.P. are [*sic*] irrevocably harmed unless [Chief Judge] Forte is preemptively injunctive relief [*sic*] is granted." Amend. Compl., ECF 19 at ¶ 26. Because Plaintiff's Amended Complaint is directed at Chief Judge Forte, 42 U.S.C. § 1983 prevents the issuance of injunctive relief. The plain language of § 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Mattatall v. Rhode Island, No. CA 07-234-ML, 2009 WL 3514634, at *4 (D.R.I. Oct. 29, 2009) (applying the ban on equitable relief of § 1983 to judges as well as quasi-judicial officers). The Amended Complaint fails to allege the violation of a declaratory decree or the prior unavailability of declaratory relief, § 1983 prohibits Plaintiff from seeking injunctive relief. See 42 U.S.C. § 1983.

Similarly, to the extent that Plaintiff seeks to have this Court enjoin the Rhode Island Family Court proceedings based on non-section 1983 claims, this requested relief is likewise barred by the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act "prohibit[s] federal courts from enjoining all but a few state-court proceedings." Garcia v. Bauza-Salas, 862 F.2d 905, 907 (1st Cir. 1988). The Anti-Injunction Act specifically enumerates those limited exceptions as "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of these exceptions apply here, nor does Plaintiff make any argument that they do. Accordingly, Plaintiff's requested relief is precluded by the Anti-Injunction Act.

In sum, Plaintiff's request for injunctive and declaratory relief is barred by the Eleventh Amendment, 42 U.S.C. § 1983, and the Anti-Injunction Act. As such, the Amended Complaint must be dismissed.

## IV.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM

Even assuming, *arguendo*, that this Court had subject matter jurisdiction to hear the instant Amended Complaint, which it respectfully does not, the Amended Complaint fails to articulate a legal claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570); see also Sepúlveda–Villarini v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 29 (1st Cir. 2010) ("The make-or-break standard … is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief.") (citations omitted). Indeed, "[a] complaint's non-conclusory factual content must 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' An 'unadorned, the-defendant-unlawfully-harmed-me accusation' will not do." Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 639 (1st Cir. 2013) (quoting Iqbal, 556 U.S. at 663); see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, Plaintiff purports to assert a whole host of constitutional claims: "42 U.S.C. sec. 1983, the Supremacy Clause of the U.S. Constitution, the Rhode Island and Federal Uniform Declaratory Judgment Acts, the 9th, 1st, 4th, 14th, 5th, [*sic*] Amendments of the United States Constitution[.]" Amended Compl., ECF 19 at ¶ 1. Respectfully, Plaintiff has not sufficiently pled any of these claims.

With respect to Plaintiff's citation to the Supremacy Clause of the United States Constitution, the Supremacy Clause does not afford private litigants a private cause of action. See Armstrong v. Exceptional Child Center, Inc., 135 S.Ct. 1378, 1383 (2015) ("It is equally apparent that the Supremacy Clause is not the source of any federal rights, … and certainly does not create a cause of action.") (internal quotations omitted).  Accordingly, Plaintiff's purported Supremacy Clause claim must be dismissed. Even with respect to a federal court's power to enjoin unconstitutional actions of public officers, the Supreme Court has "never held or even suggested that, in its application to state officers, it rests upon an implied right of action contained in the Supremacy Clause. Id. at 1384. As such, Plaintiff's Supremacy Clause claim fails and must be dismissed.

Plaintiff's Ninth Amendment claim likewise fails. Plaintiff provides no details supporting his conclusory allegation. Nor can Plaintiff maintain a Ninth Amendment claim, as the Ninth Amendment does not convey any independent civil rights. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 9 (1st Cir. 2007) ("The Ninth Amendment … does not create substantive rights beyond those conferred by governing law.") (quotations omitted); see also Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.") (citations omitted). As such, Plaintiff's Ninth Amendment claim must be dismissed.

With respect to his First Amendment claim, it appears that Plaintiff alleges only two paragraphs in support. See Amended Compl., ECF 19 at ¶ 27 and 18, ¶ 30. These paragraphs generally allege that in response to Plaintiff expressing his First Amendment speech rights, his parental rights were terminated, including supervised visitation. Amended Compl., ECF 19 at ¶¶ 27, 30. As these allegations are entirely conclusory in nature, they do not suffice to state a First

Amendment violation. See Gianfrancesco, 712 F.3d at 639 ("[A]n 'unadorned, the-defendant-unlawfully-harmed-me accusation' will not do.") (quoting Iqbal, 556 U.S. at 663). Further, it is not clear from these scant allegations how Defendants allegedly sought to chill Plaintiff's First Amendment rights. Nor is it apparent that Plaintiff's speech has been, in fact, chilled. See Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (holding that for a private citizen to bring a First Amendment retaliation claim the "plaintiff must show … that his First Amendment rights were 'actually chilled.'"). Indeed, "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." Laird v. Tatum, 408 U.S. 1, 13–14, (1972); see also Curley, 268 F.3d at 73 ("Where a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech.").

Plaintiff alleges that his "anti-RI Family Court social media posts" are the First Amendment speech at issue and arbitrarily concludes that "[t]ermination of his supervised visitation was in retaliation of Mr. Palange's expressing [sic] his Freedom of Speech" without any explanation. Amended Compl., ECF 19 at ¶ 30. Contrary to Plaintiff's conclusory allegations, which the Court need not credit, see Gianfrancesco, 712 F.3d at 639, Plaintiff's speech remains as free as ever.[7] Irrespective of the conclusory nature of Plaintiff's allegations here, Rooker-Feldman

---

[7] State Defendants respectfully request the Court take judicial notice of a website maintained by Plaintiff, http://www.StevenPalange.com (last accessed Aug. 29, 2020), where he regularly publishes self-recorded videos of himself offering discussions of his divorce proceedings in Rhode Island Family Court, the May 9, 2018 Order issued by Defendant Associate Justice Lanni, as well as the instant litigation. See Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000) (allowing a court to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice[.]"). See Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000) (allowing a court to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice[.]").

nevertheless bars Plaintiff from asserting a First Amendment claim on the basis that the Rhode Island Family Court issued the May 9, 2018 Order to retaliate against Plaintiff for his social media posts. Such a claim would necessarily invite this Federal District Court to review a decision of the Rhode Island Supreme Court; a role reserved exclusively for the United States Supreme Court. See Davison, 471 F.3d at 222; see also Palange v. Palange, C.A. No. W2012-0361 (R.I. Fam. Ct. judgement entered Dec. 18, 2013), appealed, C.A. No. SU-2019-0125-A (R.I. dismissed June 7, 2019). For these reasons, Plaintiff's First Amendment claim fails and must be dismissed.

With respect to his Fourth Amendment claim, Plaintiff makes no allegations about any search or seizure. Rather, Plaintiff takes aim at the May 9, 2018 Order entered by the Rhode Island Family Court that suspended Plaintiff's supervised visitation with his minor daughter. See Amended Compl., ECF 19 at ¶ 30. As a general matter, parental rights are not cognizable under the Fourth Amendment. See generally Santosky v. Kramer, 455 U.S. 745 (1982); see also Quilloin v. Walcott, 434 U.S. 246, 255 (1978). As such, Plaintiff fails to state a Fourth Amendment claim.

With respect to his Fourteenth Amendment claim,[8] Plaintiff appears to advance a due process claim, asserting that the May 2018 Order deprived Plaintiff "of his daughter without, [*sic*] any allegations or findings that Steven J Palange was or is a threat to anyone, without notice, an opportunity to be heard, and without a record." Amended Compl., ECF 19 at ¶ 13. However, "there is no denial of due process in refusing to grant a full adversary hearing before taking away property or liberty, so long as such a hearing is provided later (as it was here) and there is justification for

---

[8] Although Plaintiff purports to additionally allege a Fifth Amendment claim, the Fifth Amendment due process clause only applies to the federal government. See Dusenbery v. United States, 534 U.S. 161, 167 (2002). Plaintiff does not allege that any of the Defendants are federal actors. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8–9 (1st Cir. 2007) ("As plaintiffs do not allege that any of the defendants are federal actors, any Fifth Amendment claim was properly dismissed.").

the delay." Lossman v. Pekarske, 707 F.2d 288, 291 (7th Cir. 1983). This is especially so in the child custody context. See id. ("When a child's safety is threatened, that is justification enough for action first and hearing afterward."); see also Arredondo v. Locklear, 462 F.3d 1292, 1298 (10th Cir. 2006) ("Faced with emergency circumstances which pose an immediate threat to the safety of a child, the state may temporarily deprive a parent of custody without parental consent or a court order.") (quotations omitted).

Here, Plaintiff received sufficient due process under the law. the Rhode Island Family Court issued a May 9, 2018 Order after Defendant Margarita Palange, Plaintiff's ex-wife and the minor child's mother, filed a Motion for Emergency Relief and Affidavit in support. See Palange v. Palange, C.A. No. W2012-0361 (R.I. Fam. Ct. judgement entered Dec. 18, 2013). The Court held a post-deprivation hearing on May 30, 2018—memorialized in a June 13, 2018 Order—that continued the terms of the May 9, 2018 Order. See id. As such, the Family Court found sufficient justification to suspend Plaintiff's parental rights and afforded him a post-deprivation hearing just twenty-one (21) days later. See Lossman, 707 F.2d at 291. Accordingly, Plaintiff's Amended Complaint fails to state a due process claim and must be dismissed.

In sum, beyond conclusory statements asserting various violations of purported constitutional rights, Plaintiff's Amended Complaint fails to articulate a legal claim. As such, it should be dismissed for failure to state a claim, under Fed. R. Civ. P. 12(b)(6).

## V.    STATE DEFENDANTS, MAGGIACOMO, HAWKINS, AND NERONHA ARE UNCONNECTED TO THE AMENDED COMPLAINT

Plaintiff's Amended Complaint also fails to state a claim against named Defendants Maggiacomo, Hawkins, and Neronha. The Amended Complaint fails entirely to allege any facts against these Defendants. Indeed, other than being listed in the case caption, none of these Defendants appear *anywhere else* in the entire Amended Complaint. See Richardson v. City of

Providence by and through Lombardi, 2018 WL 5619719, at *4 (D.R.I. Oct. 30, 2018). ("In essence, Plaintiff asks the Court to guess at what the State (or its alleged agents) may or may not have done that could serve as the basis for Plaintiff's claims."). Without a single allegation alleged against Defendants Maggiacomo, Hawkins, or Neronha, Plaintiff's Amended Complaint fails to state a claim against them and must be dismissed, under Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

**WHEREFORE**, for the reasons set forth above, State Defendants respectfully ask that this Honorable Court dismiss the Amended Complaint (ECF 19) with prejudice.

Respectfully Submitted,

STATE DEFENDANTS,
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Justin J. Sullivan*
Justin J. Sullivan (#9770)
Special Assistant Attorney General
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007
Fax (401) 222-2995
jjsullivan@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, September 08, 2020 I electronically filed the foregoing document with the United States District Court for the District of Rhode Island by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Stephen M. Prignano, Esq.
MCINTYRE TATE LLP
50 Park Row West, Suite 109
Providence, RI 02903
smp@mtlesq.com

Matthew Thomas Oliverio, Esq.
OLIVERIO & MARCACCIO LLP
55 Dorrance St, Ste 400
Providence, RI 02903
mto@om-rilaw.com

Mark T. Nugent, Esq.
MORRISON MAHONEY LLP
10 Webosset St, Ste 900
Providence, RI 02903
mnugent@morrisonmahoney.com

John H. Ruginski , Jr., Esq.
127 Dorrance Street, 5th Floor
Providence, RI 02903
ESQ129@hotmail.com

Adam J. Sholes, Esq.
R.I. Department of Public Safety
311 Danielson Pike
Scituate, RI 02857
adam.sholes@risp.gov

Ian P. Anderson
Rhode Island Department of Corrections
Office of Legal Counsel
40 Howard Ave
Cranston, RI 02920
ian.anderson@doc.ri.gov

Tamera N. Rocha, Esq.
Rhode Island Supreme Court
250 Benefit St.
Providence, RI 02920
Email: trocha@courts.ri.gov

*/s/Justin J. Sullivan*

I hereby certify that on Tuesday, September 08, 2020 I served a true and accurate copy of the foregoing document on the following parties or their counsel of record by U.S. mail, postage prepaid:

Steven Palange, pro se
10 Grandeville Court
Apartment #934
Wakefield, RI 02879

*/s/ Justin J. Sullivan*