**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

STEVEN PALANGE

**v.**                                                    C.A. NO.:  1:19-cv-00340

MARGARITA E. PALANGE,
RICHARD UPDEGROVE
SANDRA LANNI, TANYA GRAVEL,
LOIS IANNONE, MICHAEL B. FORTE,
RONALD PAGLIARINI,
PETER F. NERONHA, JEAN MAGGIACOMO
and COURTNEY E. HAWKINS

**DEFENDANT, LOIS IANNONE'S MOTION TO DISMISS
PLAINTIFF'S VERIFIED AMENDED COMPLAINT**

Now comes defendant, Lois Iannone, (hereinafter "Defendant Iannone") pursuant to Rule

12(b)(1) and Rule 12(b)(6) the Federal Rules of Civil Procedure, hereby moves to dismiss the

Verified Amended Complaint filed in this civil action by the plaintiff, Steven Palange

(hereinafter "Palange.")   As noted herein, the dismissal of the plaintiff's Verified Amended

Complaint is required because the Court lacks subject matter jurisdiction over this action by

virtue of the domestic relations exception to federal jurisdiction as well as the Rooker –Feldman

doctrine.

**I. FACTS AND TRAVEL OF THE CASE**

This case arises out of a divorce proceeding filed in the Washington County Family Court

on September 19, 2012 entitled _Palange v. Palange_, C.A. No. WC12-0361 (hereinafter "divorce

action.")   This divorce action was concluded on December 18, 2013, when the Family Court

entered a final judgment in the divorce proceedings.  Almost five years later, the plaintiff's ex-

wife, Margarita Palange, filed a motion in the divorce action seeking post-judgment relief in

order to suspend the plaintiff's visits with their minor child, in addition to seeking a restraining

order and the payment of child support.  On April 15, 2019, Associate Justice Lani held a hearing

856954v.1

and issued a bench decision regarding the issues raised by both sides in the initial divorce action. On August 22, 2019, Associate Justice Lani issued a written decision which granted the plaintiff's ex-wife's request for relief and disposed of the issues raised by Palange in the divorce action.

On August 1, 2019, plaintiff filed this Verified Amended Complaint with this Court alleging that the proceedings in the divorce action violated his rights under the United States and the Rhode Island Constitutions, among many allegations against other defendants, but not Defendant Iannone.  In the plaintiff's 21-Page Verified Amended Complaint, Defendant Iannone is only mentioned in two paragraphs.  The plaintiff falsely claims that Defendant Iannone never met with the minor child alone without her mother present.  More importantly, the Verified Complaint does not include any prayer for relief directed toward Defendant Iannone.

Shortly after the plaintiff had filed the Verified Amended Complaint, Plaintiff moved for an Emergency Ex-Parte Motion for a Temporary Restraining Order (ECF 22.)  The Court denied plaintiff's motion for a temporary restraining order finding that "the Federal Court lacks the authority under 42 USC, Section 1983 to issue injunctive relief against judicial officers in this instance.  Also, this request is barred by the Anti-Injunction Act, 28 USC, Section 2283…) See August 14, 2019 Text Order.

Plaintiff then filed an interlocutory appeal with the First Circuit Court of Appeals challenging the denial of the temporary restraining order.  On August 24, 2020, the First Circuit entered judgement against the plaintiff, dismissing the appeal and stating as reason therefore that Palange's "arguments lack merit."  Defendant Iannone now moves to dismiss the Amended Verified Complaint (ECF 19) pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

## II.  STANDARD OF REVIEW

Under Fed.R.Civ.P.12(b)(1), a plaintiff has the burden to establish that subject matter jurisdiction exists for the action.  *See Calderon-Sera v. Wilmington Trust Co.,* 715 F.3d 14, 17 (1st Cir. 2013.)  In considering a motion to dismiss brought under Rule 12(b)(1), the Trial Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor," but may also "consider whatever evidence has been submitted."  *See Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010.)

Under Fed.R.Civ.P. Rule 12(b)(6), a Trial Court must dismiss a complaint if the plaintiff fails to plead sufficient facts to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 US 662, 278 (2009.)  All allegations of the complaint must be taken as true, save for conclusory allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements….*Id.*   Dismissal is appropriate when the allegations of the complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 US 544, 588 (2007.)

## III.  ARGUMENT

**A. <u>The Court lacks jurisdiction over plaintiff's claims under the Rooker-Feldman Doctrine.</u>**

The plaintiff's Verified Amended Complaint should be dismissed pursuant to the Rooker-Feldman Doctrine, which is applied in cases where a plaintiff files an action in Federal Court and "seeks redress of an injury caused by an allegedly erroneously State Court decisions." *See, Davidson v. Government of Puerto Rico-Puerto Rico Firefighters Corp.,* 471 F.3d 220, 222, (1st Cir. 2006.)  In that case, the Court held that the Federal District Courts "lack the authority to

review final judgments of State Courts; only the Supreme Court had that power." *Id.* (*D.C. Court of Appeals v. Feldman*, 460 US 462, 482 (1983.)

The Rooker-Feldman Doctrine clearly applies to the plaintiff's allegations in his Verified Amended Complaint. Regardless of how he attempts to frame the causes of action, he is attempting to reverse the Rhode Island Family Court Order dated May 9, 2018, which he claims to have terminated his parental rights.  It is important to note that the Rhode Island Supreme Court dismissed plaintiff's appeal of the Family Court Order on June 7, 2019, After his claims were rejected by the Rhode Island Supreme Court, the plaintiff filed the instant federal court action on June 20, 2019.

Under the Rooker-Feldman Doctrine, this Court lacks subject matter jurisdiction over plaintiff's Verified Amended Complaint "when the highest state court in which review is available has affirmed the judgment below and nothing is left to resolve, then without a doubt, the state proceedings of "ended"."  *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, At 24.  Contrary to the plaintiff's request for relief in the present action, "the proper forum for challenging an unlawful State Court ruling is the United States Supreme Court, on appeal of the highest State Court's final judgment." *Davidson v. Government of Puerto Rico-Puerto Firefighters Corps*., 471 F.3d 220, At 223. Based upon the clear authority cited herein, this Court lacks jurisdiction over plaintiff's claims under the Rooker-Feldman Doctrine and the Verified Amended Complaint must be dismissed, pursuant to Fed.R.Civ.P. 12(b(1).

**B.** **The Verified Amended Complaint must be dismissed under Domestic Relations Exception.**

The domestic relations exception was first recognized by the Supreme Court in *Barber v. Barber*, 62 US 582, 584 (1958) "we disclaim altogether any jurisdiction in the Courts of the United States upon the subject of divorce, or for the allowance of alimony." More recently, the Supreme Court affirmed the domestic relations exception in the case of A*nkenbrandt v. Richards*, 504 US 689 (1992.) In that case, the Supreme Court held that "the domestic relationship exception, as articulated by this Court in *Barber,* divests the Federal Court of power to issue divorce, alimony and child custody decrees." *Id.* At 703. Regardless of plaintiff's reference to various federal causes of actions, the ultimate goal that he seeks is to have this Court intervene to restore the plaintiff's visitation and custody rights and to appoint a Guardian-Ad-Litem for the minor child. Therefore, the plaintiff's Verified Amended Complaint would require the review and modification of the child custody, visitation and support decrees of the Rhode Island Family Court. For this reason, the instant action should be dismissed based on the domestic relations exception to this Court's jurisdiction.

**C.** **The Verified Amended Complaint fails to state a claim upon which relief may be granted against Defendant Iannone.**

The plaintiff's Verified Amended Complaint does not seek any relief from Defendant Iannone in the formal prayer-for relief or in the body of the complaint itself. As noted above, Defendant Iannone was only named in two paragraphs in which false, defamatory allegations are made against Defendant Iannone and other defendants. Since Defendant Iannone was appointed to serve as the Guardian-Ad-Litem for the minor child, she owed no duty to the plaintiff, but only to the Rhode Island Family Court. Therefore, the plaintiff has no standing

to bring this action against Defendant Iannone and the Verified Amended Complaint fails to

state a claim upon which relief may be granted under Fed.R.Civ.P.12 (b)(6).

## IV. CONCLUSION

WHEREFORE, for all the above-stated reasons, Defendant Iannone respectfully requests

that this Honorable Court dismiss the Verified Amended Complaint (ECF 19) with prejudice in

favor of Defendant Iannone.

**DEFENDANT,**
**LOIS IANNONE,**
By her Attorney,

**MORRISON MAHONEY LLP**

*/s/ Mark T. Nugent*

_____
Mark T. Nugent, Esquire (#2637)
10 Weybosset Street, Suite 900
Providence, RI  02903-7141
Tel:  (401) 331-4660
Fax:  (401) 351-4420

## CERTIFICATION

I hereby certify that this document has been filed electronically on September 21, 2020
and is available for viewing and downloading from the ECF system.

*/s/ Mark T. Nugent*

856954v.1