UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEVEN PALANGE,
  *Plaintiff*

v.

MICHAEL B. FORTE, in his official capacity as Chief Judge of the Rhode Island Family Court, et al.,
  *Defendant*

C.A. No. 1:19-cv-00340-JJM-PAS

### STATE DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**NOW COMES** Defendants Michael B. Forte in his official capacity as Chief Judge of the Rhode Island Family Court, Jean Maggiacomo in her official capacity as Deputy Clerk of the Rhode Island Supreme Court, Courtney E. Hawkins in her official capacity as Director of the Rhode Island Department of Human Services, Sandra Lanni in her official capacity as an Associate Justice of the Rhode Island Family Court, Peter F. Neronha in his official capacity as the Attorney General for the State of Rhode Island, and Ronald Pagliarini in his official capacity as the Chief of Staff of the Rhode Island Family Court (collectively, "State Defendants") and hereby object to the Motion for leave to file a second amended complaint (ECF 65), by Plaintiff Steven Palange ("Plaintiff"). As grounds thereof, State Defendants assert that amendment is futile, because Plaintiff cannot cure the jurisdictional infirmities that lay at the heart of Plaintiff's claim—a dissatisfaction with a Rhode Island Family Court judgment against him. As such, the Court lacks jurisdiction over the proposed second amended complaint (ECF 64-1) under the Rooker-Feldman doctrine and the Domestic Relations Exception to federal jurisdiction. Moreover, Plaintiff's Motion is dilatory in nature and seeks to needlessly prolong this litigation. Furthermore, the

proposed second amended complaint (ECF 64-1) violates Rule 8, because it fails to assert a short and plain statement showing that Plaintiff is entitled to relief. See Fed R. Civ. P. 8.

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that plaintiffs may amend their complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) guides the court that permission to amend should be freely given when justice so requires; justice being the overriding consideration. "Grounds for denial include 'undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party … [and] futility of amendment." Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011) (quoting ACA Fin Guar. Corp. v. Advest Inc., 512 F.3d 46, 56 (1st Cir. 2008)). The district court's decision "will not be disturbed 'if any adequate reason for the denial is apparent on the record.'" Barber v. Verizon New England, Inc., 2006 WL 561893 *1 (D.R.I. March 7, 2006) (quoting Massachusetts Eye and Ear Infirmary v. OLT Phototherapeutics, Inc., 412 F.3d 215, 231 (1st Cir. 2005)). An appellate court's review is with an "abuse of discretion" eye. Villanueva, 662 F.3d at 127.

## ARGUMENT

I. **PLAINTIFF'S MOTION SHOULD BE DENIED ON THE BASIS OF FUTILITY, BECAUSE THE COURT LACKS JURISDICTION OVER THE PROPOSED SECOND AMENDED COMPLAINT.**

Plaintiff's Motion should be denied because it is an exercise in futility. Fed. R. Civ. P. 15(a) requires that, once litigation has progressed to the point that an answer has been filed "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Notably, the rule specifies that "leave shall be freely given when justice so requires." Id. Applying that standard, courts have identified a number of factors that may

18

preclude permission to amend, including futility of amendment. In Foman v. Davis, the United States Supreme Court alluded to some of those factors, as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

Foman, 371 U.S. 178, 182 (1962). Concerning such futility, the First Circuit has stated that where an amendment "would serve no legitimate purpose, the district court should not needlessly prolong matters." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990); see also Aponte-Torres v. Univ. Of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006) ("When a proffered amendment comes too late, would be an exercise in futility, or otherwise would serve no useful purpose, the district court need not allow it."); Steir v. Girl Scouts, 383 F.3d 7, 12 (1st Cir. 2004); Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989).

Here, the Proposed Second Amended Complaint (ECF 64-1) does not cure the jurisdictional defects present in either the Original Complaint (ECF 1) and the Amended Complaint (ECF 19). As explained in State Defendants' pending Motion to Dismiss (ECF 59)[1] this Court lacks Article III jurisdiction to review a state court decision under Rooker-Feldman. See ECF 59 at 8-11; see also Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps., 471 F.3d 220, 222 (1st Cir. 2006) (Explaining that Rooker-Feldman applies where a "federal plaintiff seeks redress of an injury *caused by* an allegedly erroneous state court decision[.]") (*emphasis added*); Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 22–23 (1st Cir. 2005) [hereinafter, "Federacion"] ("Rooker-Feldman

---

[1] State Defendants incorporate by reference the arguments asserted in State Defendants Motion to Dismiss (ECF 59) as if fully set forth herein.

applies where the state proceeding has ended with respect to the issues that the federal plaintiff seeks to have reviewed in federal court, even if other matters remain to be litigated."). Similarly, this Court also lacks jurisdiction under the Domestic Relations Exception, as asserted in State Defendants' pending Motion to Dismiss. See ECF 59 at 11-12; see also Barber v. Barber, 62 U.S. 582, 584 (1858) ("We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony[.]"); Ankenbrandt v. Richards, 504 U.S. 689, 702 (1992).

The Proposed Second Amended Complaint (ECF 64-1) makes clear that Plaintiff continues to seek this Court to engage in an appellate review of a Rhode Island Family Court decision involving Plaintiff. See ECF 64-1 at 25 ("The May 9th Order and all other proceedings and orders that followed May 9th are void and unconstitutional."). Perhaps most illustrative is Plaintiff's proposed request for declaratory relief, where Plaintiff asks this Court to declare "The Final Judgment December 18, 2013 is the controlling final judgment of Palange v. Palange W2012-00361" and "[t]hat any judgment, decision, order of the [Rhode Island Family] [C]ourt made since the Final Judgment is a nullity and void and has no legal effect or power" and "[t]hat I do not owe child support." See ECF 64-1 at 59-60.

It is clear from the foregoing that Plaintiff seeks to have this Court review a Rhode Island Family Court decision and interfere with child support matters that are the exclusive jurisdiction of the Rhode Island Family Court. Accordingly, this Court lacks jurisdiction over the claims asserted in the Proposed Second Amended Complaint under Rooker-Feldman and the Domestic Relations Exception. As such, Plaintiff cannot cure the jurisdictional defects that lay at the heart of Plaintiff's claims and Plaintiff's Motion should be denied as futile. See Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006) ("When a proffered amendment comes too late,

would be an exercise in futility, or otherwise would serve no useful purpose, the district court need not allow it.").

**II.   PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE PROPOSED SECOND AMENDED COMPLAINT IS DILATORY IN NATURE AND SEEKS TO CAUSE UNDUE DELAY AND VIOLATES RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Plaintiff's one hundred eighty-seven (187) page Proposed Second Amended Complaint (ECF 64-1) is replete with irrelevant information and fails meet the minimum requirements of Rule 8 to state a claim for relief. Rule 8 provides that:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

As outlined in State Defendants' pending Motion to Dismiss, Plaintiff has used his *pro se* status to engage in dilatory tactics to unduly prolong litigation and avoid resolution of the jurisdictional issues raised by State Defendants on July 16, 2019. See ECF 59 at 2-5. Plaintiff's Motion serves no legitimate purpose and emphasizes Plaintiff's dilatory motive to needlessly delay these proceedings. As discussed *supra*, in Section I, the Proposed Second Amended Complaint (ECF 64-1) fails to cure any of the jurisdictional infirmities present in the Original Complaint (ECF 1) and the Amended Complaint (ECF 19). Rather, the Proposed Second Amended Complaint, which spans seventy (70) pages, adds an overly-complex series of irrelevant allegations and as well as many new defendants, none of whom appear to have any connection to

the underlying issues presented in this case.[2] In addition, the Proposed Second Amended Complaint adds one hundred seventeen (117) pages of exhibits, many of which appear to be various pleadings and transcripts filed with the Rhode Island Family Court and Rhode Island Supreme Court.[3] Granting Plaintiff's Motion (ECF 64) will permit Plaintiff to needlessly complicate the facts alleged and unduly delay resolution of State Defendants' pending Motion to Dismiss.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, State Defendants respectfully ask that this Honorable Court deny Plaintiff's Motion (ECF 65).

Respectfully Submitted,

STATE DEFENDANTS,
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Justin J. Sullivan*
Justin J. Sullivan (#9770)
Special Assistant Attorney General
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007
Fax (401) 222-2995
jjsullivan@riag.ri.gov

---

[2] For example, the Proposed Second Amended Complaint names "Tyler Technologies" and its CEO, which produced and maintains the electronic-filing systems used by Rhode Island courts. There are no facts alleged against Tyler Technologies throughout he Proposed Second Amended Complaint. See ECF 64-1 at 2.

[3] Plaintiff's proposed exhibits (ECF 64-2) notably mimic an appendix to an appellate brief, such as the type ordinarily submitted to the First Circuit. See e.g., Fed. R. App. 30; First Circuit Local Rule 30.0. The likeness of Plaintiff's proposed exhibits to an appellate appendix further emboldens that Plaintiff seeks to have this Court sit as an appellate court, which Article III forbids. See Federacion, 410 F.3d at 22–23.

18

## CERTIFICATE OF SERVICE

      I hereby certify that on Monday, December 14, 2020 I electronically filed the foregoing document with the United States District Court for the District of Rhode Island by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Stephen M. Prignano, Esq.
MCINTYRE TATE LLP
50 Park Row West, Suite 109
Providence, RI 02903
smp@mtlesq.com

Mark T. Nugent, Esq.
MORRISON MAHONEY LLP
10 Webosset St, Ste 900
Providence, RI 02903
mnugent@morrisonmahoney.com

Adam J. Sholes, Esq.
R.I. Department of Public Safety
311 Danielson Pike
Scituate, RI 02857
adam.sholes@risp.gov

Tamera N. Rocha, Esq.
Rhode Island Supreme Court
250 Benefit St.
Providence, RI 02920
Email: trocha@courts.ri.gov

Matthew Thomas Oliverio, Esq.
OLIVERIO & MARCACCIO LLP
55 Dorrance St, Ste 400
Providence, RI 02903
mto@om-rilaw.com

John H. Ruginski , Jr., Esq.
127 Dorrance Street, 5th Floor
Providence, RI 02903
ESQ129@hotmail.com

Ian P. Anderson
Rhode Island Department of Corrections
Office of Legal Counsel
40 Howard Ave
Cranston, RI 02920
ian.anderson@doc.ri.gov

                                              */s/ Colleen Cole*

      I hereby certify that on Monday, December 14, 2020 I served a true and accurate copy of the foregoing document on the following parties or their counsel of record by U.S. mail, postage prepaid:

Steven Palange, pro se
10 Grandeville Court
Apartment #934
Wakefield, RI 02879

                                              */s/ Colleen Cole*