UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STEVEN PALANGE,<br>    *Plaintiff*<br><br>v.<br><br>MICHAEL B. FORTE, in his official capacity as Chief Judge of the Rhode Island Family Court, **et al.**,<br>    *Defendants* | C.A. No. 1:19-cv-00340-JJM-PAS |

## STATE DEFENDANTS' OBJECTION TO PLAINTIFF'S "OMNIBUS MOTION FOR SUMMARY JUDGEMENT"

**NOW COMES** Defendants Hon. Michael B. Forte in his official capacity as Chief Judge of the Rhode Island Family Court ("Chief Judge Forte"), Jean Maggiacomo in her official capacity as Deputy Clerk of the Rhode Island Supreme Court, Courtney E. Hawkins in her official capacity as Director of the Rhode Island Department of Human Services, Hon. Sandra Lanni in her official capacity as an Associate Justice of the Rhode Island Family Court ("Associate Justice Lanni"), Peter F. Neronha in his official capacity as the Attorney General for the State of Rhode Island, and Ronald Pagliarini in his official capacity as the Chief of Staff of the Rhode Island Family Court (collectively, "State Defendants" or the "State") and hereby object to the various motions by the Plaintiff, Steven Palange ("Plaintiff" or "Palange"), including Palange's "Motion Declaratory Judgment as a Matter of Law against Defendant Michael B. Forte" (ECF 75), "Omnibus Motion for Summary Judgement" (ECF 71), and "Notification of Fraud" (ECF 79).[1] As grounds therefore,

---

[1] It appears that Palange filed three separate but duplicative motions, see ECFs 71, 75, and 79. Palange's Motions all assert the same core premise that has underlaid his claims throughout the instant civil action and Palange's various lawsuits and appeals to the Rhode Island Supreme Court and the First Circuit—displeasure of an Order entered by the Rhode Island Family Court against

1

State Defendants assert that the Motions filed by Palange are frivolous and calculated solely to waste resources and delay resolution of this litigation. The Motions are wholly without merit, are not supported by any evidence, and fail to conform to the Federal Rules of Civil Procedure and the Local Rules of this Court. Further, this Federal District Court lacks jurisdiction for the reasons set forth in the State's pending Motion to Dismiss (ECF 59) and Objection to Plaintiffs' Motion to Amend (ECF 66).[2] As such, this Honorable Court should deny Palange's Motions (ECFs 71, 75, and 79) and dismiss the Amended Complaint (ECF 19).

## INTRODUCTION

On May 9, 2018, Associate Justice Lanni entered a Family Court Order that suspended Palange's visitation with his minor daughter, enjoined Palange from harassing his ex-wife, and ordered Palange to release medical reports from his physicians, undergo a psychological evaluation, engage in parental counseling, and pay outstanding child support. See id.; see also ECF 59 at 15. Since the Family Court Order was issued in Palange v. Palange, W20120361 (R.I. Family Ct. filed dismissed), Palange has pursued a number of meritless lawsuits and appeals, all of which have been dismissed. See e.g., Palange v. Palange, C.A. No. W20120361 (R.I. Family Ct., filed Sep. 19, 2012), aff'd, C.A. No. SU-2019-0156-A, 2021 WL 275948, (R.I. Jan. 27, 2021) (affirming

---

Palange on May 9, 2018. See Palange v. Palange, C.A. No. W20120361 (R.I. Family Ct. filed Sep. 19, 2012); see also ECF 64-1 at 25 ("The May 9th Order and all other proceedings and orders that followed May 9th are void and unconstitutional."); ECF 71 ("On or around May 9th, 2018 [Chief Judge] Michael Forte, Margarita Palange, and [Attorney] Richard Updegrove created a false judgment that violated the final judgment of divorce."); ECF 75 (alleging that Chief Judge Forte "participated in a scheme and conspiracy" and caused "the Rhode Island Family Court to terminate child-parent rights, relationship, and custody of" Palange's minor daughter); ECF 79 (requesting judicial review of the Final Divorce Decree issued by the Rhode Island Family Court). As such, the State will address the Motions (ECFs 71, 75, and 79) collectively.

[2] State Defendants incorporate by reference the arguments asserted in the State's Motion to Dismiss (ECF 59) and Objection to Plaintiff's Motion to Amend (ECF 66), as if fully set forth herein.

and remanding for consideration of attorney's fees and outstanding child support); Palange v. Palange, C.A. No. WC-2018-0262 (R.I. Super. Ct., dismissed May 23, 2018); Palange v. Updegrove, C.A. No. WC-2019-0449 (R.I. Super. Ct., dismissed Jan. 28, 2020); Palange v. Palange, C.A. No. WC-2019-0555 (R.I. Super. Ct., dismissed Jan. 28, 2020); Palange v. Palange, C.A. No. SU-2019-0125-A, (R.I. 2019); (dismissing Plaintiff's appeal); Palange v. Palange, C.A. No. SU-2019-0372-A, (R.I. 2019) (same); Palange v. Palange, C.A. No. SU-2020-0068-A, (R.I. 2020) (same); Palange v. Palange, C.A. No. SU-2020-0069-A, (R.I. 2020) (same).

Recently, on January 27, 2021, the Rhode Island Supreme Court affirmed the decision of the Rhode Island Family Court and dismissed Palange's appeal challenging the May 9, 2018 Family Court Order. Palange v. Palange, No. 2019-156-APPEAL, 2021 WL 275948 (R.I. Jan. 27, 2021).[3] In its decision, the Rhode Island Supreme Court briefly recounted Palange's contentious divorce proceedings and the "convoluted history" of his various lawsuits and appeals challenging the May 9, 2018 Family Court Order, noting that Palange had already pursued an appeal of the Family Court Order unsuccessfully on a prior occasion. See id. at *2, n.2, n.3. The Rhode Island Supreme Court further found that Palange "utterly failed to develop any cognizable argument to support his claim that the Family Court justice erred" and therefore, dismissed the appeal and affirmed the decision of the Family Court. See id. at *2.

## ARGUMENT

**I.      THE COURT LACKS SUBJECT MATTER JURISDICTION AND MUST DENY PLAINTIFF'S MOTIONS**

Palange concedes that he seeks redress from decisions issued by the Rhode Island Family Court and Rhode Island Supreme Court, with respect to the May 9, 2018 Order. See ECF 71 at 3.

---

[3] A copy of the opinion is attached to State Defendants' Objection, for the Court's convenience.

In his "Omnibus Motion for Summary Judgement",[4] Palange states that: "I am using this honorable Federal Court to rehear a case that is currently being litigated in both the [Rhode Island] Family Court and is on appeal before the [Rhode Island Supreme Court].") contra Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009) (applying Rooker-Feldman where "[t]he desired [relief] would amount to a reversal of the [state court's] ruling on the termination of plaintiff's parental rights[.]").

Palange unsuccessfully challenged the May 9, 2018 Order before both the Rhode Island Family Court and the Rhode Island Supreme Court. See Palange v. Palange, C.A. No. W20120361 (R.I. Family Ct. filed Sep. 19, 2012), aff'd, 2021 WL 275948 (R.I. Jan. 27, 2021). Respectfully, this Federal District Court is without jurisdiction to permit Palange a second "bite at the apple", for the reasons discussed in the State's pending Motion to Dismiss (ECF 59) and Objection to Plaintiffs' Motion to Amend (ECF 66). Cf Kathios v. Gen. Motors Corp., 862 F.2d 944, 951 (1st Cir. 1988) ("There is no reason to expend additional judicial resources on a matter which has already been fully and fairly litigated.... After all, [plaintiff] has already 'had one bite of the apple, and the choice of the bite was [his].'"). Absent subject matter jurisdiction, the Court must deny Plaintiff's Motions, ECFs 71, 75, and 79, and dismiss the Amended Complaint (ECF 19).

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, State Defendants respectfully ask that this Honorable Court deny Plaintiff's Motion for Declaratory Relief (ECF 75), Plaintiff's Motion for Summary Judgement (ECF 71), and Plaintiff's self-styled "Notification of Fraud" (ECF 79) and dismiss the Amended Complaint (ECF 19) for lack of subject matter jurisdiction.

---

[4] It is unclear whether Palange's "Omnibus Motion for Summary Judgement" differs from a traditional motion for summary judgement. In any event, Palange's Motion fails to satisfy many of the procedural requirements of Fed. R. Civ. P. 56 and DRI LR 56. Accordingly, Palange's failure to comply with the rules of civil procedure further warrants denial of his Motion.

Respectfully Submitted,

STATE DEFENDANTS,
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Justin J. Sullivan*
Justin J. Sullivan (#9770)
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007
Fax (401) 222-2995
jjsullivan@riag.ri.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on Thursday, February 11, 2021 I electronically filed the foregoing document with the United States District Court for the District of Rhode Island by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Stephen M. Prignano, Esq.
MCINTYRE TATE LLP
50 Park Row West, Suite 109
Providence, RI 02903
smp@mtlesq.com

Matthew Thomas Oliverio, Esq.
OLIVERIO & MARCACCIO LLP
55 Dorrance St, Ste 400
Providence, RI 02903
mto@om-rilaw.com

Mark T. Nugent, Esq.
MORRISON MAHONEY LLP
10 Webosset St, Ste 900
Providence, RI 02903
mnugent@morrisonmahoney.com

John H. Ruginski, Jr., Esq.
127 Dorrance Street, 5th Floor
Providence, RI 02903
ESQ129@hotmail.com

*/s/ Melissa DiFonzo*

I hereby certify that on Thursday, February 11, 2021 I served a true and accurate copy of the foregoing document on the following parties or their counsel of record by U.S. mail, postage prepaid:

Steven Palange, pro se
10 Grandeville Court
Apartment #934
Wakefield, RI 02879

*/s/ Melissa DiFonzo*

6