**Supreme Court**

No. 2019-156-Appeal.
(W 12-361)

| | |
|---|---|
| Margarita E. Palange | : |
| v. | : |
| Steven J. Palange. | : |

# O R D E R

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  The defendant, Steven J. Palange, appeals *pro se* from "[a]ll [d]ecisions" from an "April 15th, 2019" hearing in the Family Court.  Said hearing resulted in an order entered on May 9, 2019, that resolved several pending financial matters before that court.  On appeal, the defendant contends that the trial justice erred because she (1) failed to consider the best interests of the child; (2) violated his due process rights pursuant to the United States and Rhode Island Constitutions; (3) issued a ruling that he contends was contrary to law because there was no threat of irreparable harm to the plaintiff or the minor child; (4) violated the principle of *res judicata* by altering a prior Family Court order without good cause or due process; and (5) violated his right to free speech.  After

- 1 -

considering the parties' written and oral submissions, we conclude that cause has not been shown and proceed to decide the appeal at this time.  For the reasons set forth herein, we affirm the order of the Family Court.[1]

The parties have been divorced since December 2013.  The final judgment granted Steven and the plaintiff, Margarita E. Palange, Steven's former wife, joint custody and shared placement of their minor daughter, who was born on December 11, 2009.  After the date the judgment was entered, the record indicates a lull in activity for nearly five years, until May 9, 2018, when Margarita filed a post-judgment motion and affidavit seeking emergency relief.  Margarita averred that Steven's conduct towards the minor child had "changed dramatically in the last year[,]" and she detailed defendant's struggle with Crohn's disease and, she alleged, "manic, paranoid, irrational and aggressive behavior towards" Margarita and the child.  Specifically, Margarita contended that Steven had difficulty getting the child to school on time and ensuring that her homework assignments were completed.  Margarita also contended that defendant would forget to pack drinks, snacks, and lunch for the child and that he admitted he oftentimes could not care for the child while she was in his custody.

Margarita sought emergency relief from the Family Court.  Specifically, she requested that the court suspend Steven's visitation and that he be permitted to

---

[1] The parties' first names will be used throughout this order to avoid confusion. No disrespect is intended.

have contact with the child via text, e-mail, or FaceTime only; that he be restrained and enjoined from harassing Margarita; and that he be ordered to (1) release reports from his physicians, (2) undergo a psychological evaluation, (3) engage in parental counseling, and (4) pay child support.

On May 9, 2018, the trial justice granted the *ex parte* emergency motion and ordered that Steven's visitation with the child be suspended and that his contact with her be limited to text, e-mail, or FaceTime communications. The trial justice also restrained and enjoined Steven from harassing or interfering with Margarita. The matter was continued until May 30, 2018, for a hearing as to further relief to Margarita. The parties have been engaged in protracted proceedings since then.

On February 18, 2019, a trial commenced related to financial disputes between the parties. Additionally, the trial justice continued to address multiple motions and objections filed by the parties. The parties rested on April 8, 2019; and on April 15, 2019, the trial justice entered an order that denied several motions, reserved decision on Margarita's request for attorneys' fees, and continued the matter to that afternoon for decision on the pending financial matters. The trial justice also issued a bench decision on April 15, 2019, and an

order entered memorializing that decision on May 9, 2019. That order also addressed certain financial matters, including Steven's child-support obligations.[2]

The defendant's notice of appeal to this Court indicates that he is appealing all decisions from the April 15, 2019 hearing.[3] However, Steven has not provided a transcript of the proceedings about which he complains. This Court has recognized that "[t]he deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." *Bailey v. Saunders*, 151 A.3d 764, 764 (R.I. 2017) (mem.) (quoting *731 Airport Associates, LP v. H&M Realty Associates, LLC ex rel. Leef*, 799 A.2d 279, 282 (R.I. 2002)). Indeed, Article I, Rule 10(b)(1) of the Supreme Court Rules of

---

[2] The travel of this appeal has a convoluted history. Steven's first appeal to this Court, docketed as No. 19-125-A., was dismissed on June 7, 2019. Thereafter, the instant appeal was remanded to the Family Court "for the sole purpose of the Family Court considering [Margarita's] requests for: (1) an order enforcing prior child support provisions; (2) a hearing on the motion to enter the April 15, 2019 order; and (3) an order establishing the amount of, and method of payment for, counsel fees." Because the appeal in No. 19-125-A. had been dismissed, the Family Court properly considered the remand order and determined on August 18, 2019 that "entry of the Order * * * dated April 15, 2019 is moot insofar as said Order has been previously entered[.]" Accordingly, the Family Court properly considered the May 9, 2019 order as the operative order.

[3] Steven's prebriefing statement and oral argument implies that he is appealing the May 9, 2018 *ex parte* order, which suspended his visitation with the child and restrained him from harassing or interfering with Margarita. However, Steven previously appealed from that order in No. 19-125-A., and this Court dismissed that appeal. Accordingly, any appeal of the May 9, 2018 order of the Family Court is not properly before this Court.

Appellate Procedure requires an appellant to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary for inclusion in the record."  Steven's "failure to provide th[is] * * * Court with a sufficient transcript precludes a meaningful review and leaves us no alternative but to deny the appeal and uphold the trial justice's findings." *Calise v. Curtin*, 900 A.2d 1164, 1169 (R.I. 2006) (quoting *Bergquist v. Cesario*, 844 A.2d 100, 108-09 (R.I. 2004)).

Additionally, in his written submission to this Court, defendant does not identify the errors he assigns to the trial justice, nor does he articulate with any specificity why the May 9, 2019 order should be vacated.  This Court "deems an issue waived 'when a party simply states an issue for appellate review, without a meaningful discussion thereof.'" *Broccoli v. Manning*, 208 A.3d 1146, 1149 (R.I. 2019) (quoting *A. Salvati Masonry Inc. v. Andreozzi*, 151 A.3d 745, 750 (R.I. 2017)).  Furthermore, we "will not 'search the record to substantiate that which a party alleges.'" *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017) (quoting *McMahon v. Deutsche Bank National Trust Co.*, 131 A.3d 175, 176 (R.I. 2016) (mem.)).  The defendant utterly failed to develop any cognizable argument to support his claim that the Family Court justice erred.  Accordingly, the defendant's claims are not properly before us and, thus, we affirm the Family Court's ruling.

Finally, we pause to note that, because the May 9, 2019 order concerned modification of child support, review of that order must be initiated by way of a petition for writ of certiorari. *See* G.L. 1956 § 14-1-52(b) ("Every person aggrieved by any decree, judgment, order, decision, or verdict of the family court relating to modification of alimony or of child support, or a finding of contempt for failure to pay alimony or child support, may, within twenty (20) days after entry of the decree, judgment, order, decision, or verdict, seek review of questions of law in the supreme court by petition for writ of certiorari * * *."). However, Steven instituted the instant review by filing a notice of appeal, in accordance with the provisions of G.L. 1956 chapter 24 of title 9. Accordingly, in addition to the foregoing reasons for denying the instant appeal, any challenge of the May 9, 2019 order is not properly before this Court.

For the foregoing reasons, we affirm the order of the Family Court.

Entered as an Order of this Court, this 27th day of January, 2021.

By Order,

_____/s/_____
Clerk

Chief Justice Suttell and Justices Lynch Prata and Long did not participate.

Justice Flaherty participated in the decision but retired before its publication.