UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEVEN J. PALANGE,

for himself and as a parent of KP

*PLAINTIFF*                                C.A NO.1:19-cv-00340-JJM-PAS

v.

Michael Forte, Margarita Palange, Sandra Lanni, Richard E. Updegrove Jr., Tanya Gravel, Lois Iannone, Ronald Pagliarini, Peter Neronha, Jean Maggiacomo, Courtney E. Hawkins, Tyler Technologies(TT), TT President and CEO Lynn Moore, TT President Courts and Justice Division Rusty Smith, Associate Director of Child Support Services Sharon Santilli, Deputy Director, External Affairs Yvette Mendez, Paul Suttel Chief Justice Rhode Island Supreme Court, Carol Malaga Family Court Stenographer.
DEFENDANTS.

### PLAINTIFF'S RESPONSE TO THE THREE MOTIONS TO DISMISS DOCUMENTS 58, 59, AND 62 FILED BY THE STATE DEFENDANTS, RICHARD E. UPDEGROVE JR. AND LOIS IANNONE

1. Steven Palange, the plaintiff in the above-captioned matter, and legal guardian, next of kin, custodial parent of minor child K. P. hereby moves this court to deny #58 Motion to Dismiss for Lack of Jurisdiction filed by Richard Updegrove, #59 Motion to Dismiss Amended Complaint file by Michael B. Forte, Courtney Hawkins, Sandra

1

Lanni, Peter Neronha, Ronald Pagliarini, and #62 Motion to Dismiss Plaintiff's Verified Complaint filed by Lois Iannone.

2. Federal and State Laws, Civil Rules of Court Procedure and common decency forbids or restrains this Court from dismissing any claim brought by, behalf, and or concerning the rights and well-being of minor child K.P. She and her best interest are not represented by counsel. Rule 17 C) (2) mandates this Court, "must" **protect a minor or incompetent person who is unrepresented** in this action. All defendants, especially Iannone indisputably, specifically and self admittedly have acted against the best interest of minor child K.P.

3. Each and every Motion to Dismiss Docket #s 58, 59, and 62 are submitted in violation of Rules 1 and 11 violating the duties to a fair, honest, speedy, just, and inexpensive resolution to every case pending before the Court.

4. Richard Updegrove purports to this Court that this action concerns Constitutional violations and other harms inflicted and caused upon me and K.P.. "in the course and wake of his divorce from his wife "Margarita" By all of the defendants.

5. The truth of the matter reveals that throughout the course of the divorce there was no conflict, claims of misconduct made by me against Margarita, her attorney, the Rhode Island Family Court Judge who presided over the divorce. The actual divorce was peaceful and mutually and jointly crafted, understood, consented to, amicable, and agreed to. It became a final judgment of Divorce on December 18, 2013, without conflict or challenge, and is memorialized as such and protected under the rules of the finality of judgments.

6. It is undisputed that no person, any party has filed any pleading to reopen, vacate, appeal, or modify the judgment of the Rhode Island Family Court. The Family Court's record is void of any attempt to move the court or to notify all parties of any intended disturbance to the Final Judgment.

7. The defendants assert that I, and silently, K.P, are sore losers of a Family Court decision. I contend a fair hearing will reveal that we are the true winners in the family court and simply just want that which we truly own and is just. Further, it reveals that the family court and the defendants are administered and practiced dishonestly, corruptly, and without jurisdiction since at least May 09, 2018, ongoingly till present. As such, the defendants' conduct and practices make it completely impossible to exercise or enforce our rights, lives, family integrity, and property. The ongoing unlawful policies, agreements, and secretive command influence of judgments and decisions of the defendants are injurious to K.P, me, and the integrity and administration of justice in Rhode Island.

8. It is undisputed that K.P has been kidnapped, restrained, imprisoned from me, and removed all the way across the country to the State of California without a trial, an honest court, an honest appeals court, and without honest legal services.

9. It is undisputed that gender discrimination greed, power, revenge, obstructions of justice, and ill-gotten financial gains are the motive of the defendants for kidnapping K.P. Corruptly the defendants unlawfully stole minor child K.P from me and then imposed and collected from me a substantial unlawful financial debt and near-complete deprivation of my daughter and our relationship indefinitely without

review or jurisdiction. Unlawful "child support" the defendant's intentional unlawful conduct and public and private monies generated in the administration and practices of the child support industry is stealing and depriving us of irreplaceable time and relationship together as a family, father, and daughter and her home with her dad. The practice is against the Constitution, provides a financial incentive to create noncustodial families, is injurious, and against the best interest of children and adult families. It is a practice and industry that routinely defrauds the courts and calls for the widespread practice of dishonest court, government, administrative and legal services. This case clearly demonstrates that the family and appeals courts in Rhode Island are operated as a private Racketeer Influenced Corrupt Organization by the defendants.

10. Any family court documents presented to this or any other court by the defendants after the final judgment of December 2013 are void and should not be regarded as true by this Court or any other court.

11. The defendants claim the Rooker-Feldman doctrine prevents this Court from hearing claims seeking declarations that the defendants are engaging in a host of ongoing unconstitutional, discriminatory dishonest, and unlawful conduct routinely engaged in by the defendants. They claim that the courts of Rhode Island are fair, honest, and available to me and K.P. The evidence of this case proves that neither K.P nor I have any prospect of having any sort of access to any Rhode Island Court, trial, declaratory judgments, or any ability to access justice and self-defense.

12. Our grievances, injuries, and deprivations are the collective actions of all of the defendants that participate and operate as one corrupt organization or a corruptly influenced institution.

13. The evidence reveals that judgments currently created in family cases are actually orders from administrative and executive commands and influences and not true judgments of an open and true court. Paragraph thirteen of my, our Amended Complaint Doc. 19 pleads that no record, no notice, no hearing...Essentially not a true court, but an actual pre-arranged corrupt organization kidnapped K.P. and are currently and ongoingly continuing to alienate K.P. and me from each other and obstructing our access to honest and impartial courts.

14. This Court must not believe that whatever event happened on May 09, 2018, a true court as the laws define courts acted against K.P and me. The event was not a proper or legal court with jurisdiction to spark a continuing chain of cruel and inhumane deprivations of Constitutional rights that is still present and probably prospectively continuing and ongoing. The evidence will reveal that no proper forum, trial, evidentiary hearing ever occurred then or ever to disturb the true Final Judgment of Divorce from a true Rhode Island Family Court of December 18, 2013, nor to deprive K.P. and me of the rights and benefits from the Final Judgment.

15. The evidence shows that the defendants routinely and unconstitutionally prosecute, repeat, threaten and extort from my money where the defendants know they cannot do that legally without resulting in fraud and corruption within the practice of law in the appeals and family courts in Rhode Island. The Younger doctrine gives an exception to

abstention in matters such as in my case. Since at least May 9th, 2018, and continuing till present I have been prosecuted and deprived of my property and daughter and legal rights without a trial. They are similar, frivolous, unconstitutional, vexatious acts to suppress and deprive me and my daughter of our rights. The defendants repeat this conduct knowing they cannot win in an honest court and so indefinitely deprive us of a trial and honest legal representation for K.P and myself.

16. We as human beings are reasonable and the truth is usually apparent if one looks. In this case, the wolf is lying in Granny's bed wearing Granny's clothes, pretending to be Granny. The wolf is the defendant's predatorily pretending to be an honest public institution that cruelly kidnapped my daughter for greed, money, control, and power.

17. This is an ongoing case of an unlawful continuing course of conduct and the facts known in this case never stop revealing themselves. The complaint should be allowed to be further amended so as to provide a more complete, specific, and particular, sharper operative complaint to the defendants and the Court. A broader picture and map of the terrain of this case.

18. This Motion attaches and incorporates Document's 64 Motion's Attachment 1 Amended Complaint and Attachment 2 evidentiary documents.

19. I, we respectfully pray that this Court denies the pending Motions to Dismiss, allows for one final amended complaint adding new claims for declaratory relief, defendants, material facts, and supporting evidence.

Respectfully submitted,

*[signature]*

Steven J. Palange

By himself Pro Se,

10 Grandeville Ct., #934
Wakefield, RI 02879
P/C (401) 225-0650 F: 401-295-2242
E: steven_palange@tlic.com

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

## CERTIFICATION OF SERVICE

I hereby certify that on Monday, March 30th, I emailed a copy of this document to Attorney jjsullivan@riag.ri.gov, Tamara Rocha at trocha@courts.ri.gov, and all attorneys listed.

*[signature]*

Steven J. Palange, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, March 30th I served a true and accurate copy of the foregoing document on the following parties or their counsel of record by email.

I hereby certify that on Monday, March 30th, I emailed the foregoing document to the United States District Court for the District of Rhode Island.

Stephen M. Prignano, Esq.
MCINTYRE TATE LLP
50 Park Row West, Suite 109
Providence, RI 02903
smp@mtlesq.com

Matthew Thomas Oliverio, Esq.
OLIVERIO & MARCACCIO LLP
55 Dorrance St, Ste 400 Providence, RI 02903
mto@om-rilaw.com

Mark T. Nugent, Esq. MORRISON MAHONEY LLP 10 Weybosset St, Ste 900 Providence, RI 02903
mnugent@morrisonmahoney.com

John H. Ruginski, Jr., Esq. 127 Dorrance Street, 5th Floor
Providence, RI 02903
ESQ129@hotmail.com

Ian P. Anderson Rhode Island Department of Corrections Office of Legal Counsel 40 Howard Ave
Cranston, RI 02920
ian.anderson@doc.ri.gov

Tamera N. Rocha, Esq. Rhode Island Supreme Court 250 Benefit St.
Providence, RI 02920 Email:
trocha@courts.ri.gov

Justin J. Sullivan
Department of the Attorney General
State of Rhode Island
150 South Main Street
Providence, RI 02903
401-274-4400
Email: jjsullivan@riag.ri.gov

Adam J. Sholes, Esq. R.I. Department of Public Safety 311 Danielson Pike Scituate, RI 02857
adam.sholes@risp.gov

8