UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| STEVEN PALANGE,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL B. FORTE; MARGARITA E. PALANGE; SANDRA LANNI; RICHARD UPDEGROVE; TANYA GRAVEL; LOIS IANNONE; RONALD PAGLIARINI; PETER F. NERONHA; JEAN MAGGIACOMO; and COURTNEY E. HAWKINS,<br>    Defendants. | C.A. No. 19-340-JJM-PAS |
| STEVEN J. PALANGE,<br>    Plaintiff,<br><br>v.<br><br>RICHARD UPDEGROVE; MARGARITA E. PALANGE; and MICHAEL B. FORTE,<br>    Defendants. | C.A. No. 21-207-JJM-PAS |

ORDER

I.  **OVERVIEW**

Steven J. Palange brings this suit against a host of Defendants, alleging violations of his constitutional rights in proceedings before the Rhode Island Family Court. Because this Court lacks subject-matter jurisdiction over his claims, Defendants' Motions to Dismiss are GRANTED, ECF Nos. 58, 59, 62, and his second

complaint against several of the same Defendants is also DISMISSED. ECF No. 1 (21-207).[1]

While Mr. Palange is sincerely upset at the loss of contact with his daughter because of state family court rulings and the results of his divorce proceedings, the federal court does not have the authority or power to intervene. Accordingly, the Court DENIES Mr. Palange's Motion for Summary Judgment (ECF No. 71) and Motion for Declaratory Judgment. ECF No. 75. Because his proposed second Amended Complaint would be futile, the Court also DENIES his Motion to Amend his Complaint. ECF No. 64.

## II.   BACKGROUND[2]

In 2013, Mr. Palange and his former wife, Defendant Margarita Palange, finalized their divorce. In 2018, Ms. Palange filed a motion seeking post-judgment relief in the form of an order, among other things, suspending Mr. Palange's parental

---

[1] Fed. R. Civ. P. 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Because any attempt to amend the Complaint would be futile, this Court does not grant Mr. Palange leave to amend. *See Green v. Concord Baptist Church*, 313 F. App'x 335, 336 (1st Cir. 2009) ("To be sure, a *sua sponte* dismissal entered without notice or opportunity to amend may be proper in relatively egregious circumstances . . . . [W]here it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then such a dismissal may stand.") (citations and quotations omitted).

[2] The following facts are drawn from Mr. Palange's Amended Complaint, ECF No. 19, as well as relevant documents central to his claims. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (noting that when considering a motion to dismiss, a court may consider facts set out in "documents the authenticity of which are not disputed by the parties," official public records, "documents central to plaintiffs' claim," and "documents sufficiently referred to in the complaint.").

2

time with the minor child they share, restraining him from contacting Ms. Palange other than by text or email, and requiring him to pay child support. The litigation was presided over by Defendant Sandra Lanni, Associate Justice of the Rhode Island Family Court. While Mr. Palange ultimately proceeded as a *pro se* litigant, he was initially represented by Defendant Tanya Gravel, and his wife was represented by Defendant Richard Updegrove. On May 9, 2018, Associate Justice Lanni issued an order suspending Mr. Palange's visitation with his child and restraining him from harassing or interfering with Ms. Palange. ECF No. 19-1 at 4. Various interim orders, some by consent, have since been entered, including regarding the continued suspension of his parenting time. ECF No. 58-2 at 2.

Despite extensive subsequent litigation, Mr. Palange has generally been unsuccessful in his claims in and challenges to the family court proceedings. He has filed numerous objections and motions in Rhode Island Family Court, as well as several appeals to the Rhode Island Supreme Court. While the state supreme court has largely dismissed his appeals, Associate Justice Lanni disposed of the former filings throughout 2019. Associate Justice Lanni issued an order establishing terms for Mr. Palange's child support obligations, denying several motions and objections filed by him, and finding that many of them were duplicative, contrary to prior instructions by the court, and objectively frivolous under R.I. Gen. Laws § 9-29-21. Associate Justice Lanni also issued an order requiring Mr. Palange to pay attorney's fees and sanctions for his behavior throughout the litigation. ECF No. 58-2 at 14.

Other aspects of this case proceeded concurrently. The Rhode Island Supreme Court denied Mr. Palange's appeal of the order suspending visitation and restraining his contact with Ms. Palange, due to his failure to timely file. Days later Mr. Palange filed his initial federal complaint before this Court, seeking declarative relief solely against Rhode Island Family Court Chief Judge Michael B. Forte. ECF No. 1. He has since amended his complaint, ECF No. 19, and filed several motions, including an Emergency Ex-Parte Motion for a Temporary Restraining Order requesting that this Court enjoin the Rhode Island Family Court proceedings against him. ECF. No. 22.[3]

Mr. Palange brings his Amended Complaint *pro se*, "pursuant to 42 U.S.C. sec. 1983, the Supremacy Clause of the U.S. Constitution, the Rhode Island and Federal Uniform Declaratory Judgment Acts, the 9th, 1st, 4th, 14th, 5th, [*sic*] Amendments of the United States Constitution." ECF No. 19 at 1. At the heart of his Complaint are allegations that various parties involved in the family court proceedings – leading up to and in the wake of the order suspending his parental time – in fact participated "in an illegal program that collects and extorts money corruptly and disguise[s] and launder[s] the money as [c]hild support." ECF No. 19 at 9. Calling the order "false,"

---

[3] This Court has thus far denied such motions. Shortly after he filed his Amended Complaint, the First Circuit Court of Appeals dismissed his interlocutory appeal challenging this Court's refusal to grant his request for a Temporary Restraining Order. *Palange v. Forte*, U.S.C.A. No. 19-1951 (1st Cir. Entered Aug. 24, 2020), Judgement, Doc. 00117632841.

4

he refers to its mandate as "essentially kidnapping" his daughter.[4] *Id.* at 11. He charges numerous Defendants with complicity with the plan.

Specifically, he brings his claims against Michael B. Forte, Chief Judge of the Rhode Island Family Court; Jean Maggiacomo, Deputy Clerk of the Rhode Island Supreme Court; Courtney E. Hawkins, Director of the Rhode Island Department of Human Services; Associate Justice Sandra Lanni; Peter F. Neronha, Attorney General for the State of Rhode Island; and Ronald Pagliarini, Chief of Staff of the Rhode Island Family Court. He also brings his claims against others involved in the family court proceedings, including his former attorney, Tanya Gravel; his former wife, Margarita Palange; her attorney, Richard Updegrove; and Lois Iannone, who was appointed to serve as Guardian-Ad-Litem during the proceedings.

Mr. Palange has since filed a second suit against several of the same Defendants, again referring to the proceedings surrounding the order as a conspiracy to kidnap his minor daughter. ECF No. 1 (21-207). Given the similar nature of the two complaints, this Court will consider both in combination.[5]

---

[4] Mr. Palange attempts to bring his claims on behalf of both himself and his minor daughter. However, a *pro se* plaintiff may not represent any other party. DRI LR 205(a)(2) ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this Court to appear on his or her behalf."). Accordingly, this Court will consider the Complaint solely on behalf of Mr. Palange.

[5] Fed. R. Civ. P. 42(a) provides that "If actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions." "It is well settled that causes of action may be consolidated for judicial economy when the actions involve common law and facts, but that the consolidated matter does not merge into a single cause of action. Instead, the causes of action remain distinct throughout trial and in the event of an appeal, a notice of appeal must be filed for each action." *Malinou v. Neri*, 197 A.3d 1282, 1286 (R.I. 2018) (quotations and

Defendants have moved to dismiss the claims against them, arguing for dismissal under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF Nos. 58, 59, 62. Because their Motions to Dismiss under 12(b)(1) are dispositive, this Court will confine its analysis to Defendants' argument that this court lacks subject-matter jurisdiction over Mr. Palange's claims.

## III.   STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Destek Grp. v. State of N.H. Pub. Utils. Comm'n.*, 318 F.3d 32, 38 (1st Cir. 2003). "A district court generally has the obligation, when there is any question, to confirm that it has subject matter jurisdiction prior to considering the merits of the underlying controversy." *Sinapi v. Rhode Island Bd. of Bar Examiners*, 910 F.3d 544, 549 (1st Cir. 2018) (citing *Acosta-Ramírez v. Banco Popular de P.R.*, 712 F.3d 14, 18 (1st Cir. 2013)). "The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1)." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001).

Because Mr. Palange proceeds *pro se*, his Complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted); *see, e.g., Bohne v. Computer Assocs. Int'l, Inc.*, 514 F.3d 141, 144-45 (1st Cir. 2008) ("That he proceeded *pro se* might entitle him to some lenience in construing arguments that he did make . . .").

---

citations omitted); *see also Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (citations omitted) ("[T]he majority of courts have held that consolidated actions retain their separate character.").

6

## IV.   DISCUSSION

Mr. Palange alleges a host of constitutional violations throughout his Rhode Island Family Court proceedings. In their Motions to Dismiss under Fed. R. Civ. P. 12(b)(1), Defendants argue that this Court lacks subject-matter jurisdiction over the claims under the *Rooker-Feldman* doctrine. ECF Nos. 58 at 5-6, 59 at 8-11, 62 at 3-4. The doctrine holds that federal district courts lack jurisdiction over claims in which a plaintiff "seeks redress of an injury *caused* by an allegedly erroneous state court decision." *Davison v. Government of Puerto Rico-Puerto-Rico Firefighters Corps.*, 471 F.3d 220, 222 (1st Cir. 2006) (emphasis in original). In his subsequent Motion for Summary Judgment Mr. Palange contests the charge, denying "that [he is] in any way using the Rhode Island Federal Court to relitigate [his] RI Court cases." ECF No. 71 at 2.

Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is premised on the fact that federal district courts do "not have the authority to review final judgments of state courts; only the Supreme Court has that power." *Davison*, 471 F.3d at 222 (1st Cir. 2006) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).

Mr. Palange's Complaint falls squarely within the scope of the doctrine, as it seeks to challenge the order suspending his parental rights, which he unsuccessfully

attempted to appeal before the Rhode Island Supreme Court. Specifically, his Complaint requests declaratory relief from the order. The Complaint repeatedly references the order, describing it as "frivolous and malicious" and claiming that all activity, judgments, orders, and findings by the Rhode Island Family Court since May 9, 2018 are "void upon completion of revaluation [*sic*]." *See* ECF No. 19 at 7, 11, 14.

Mr. Palange's attempt to frame his claims as constitutional violations does not help. The First Circuit has held that "a litigant [can] not avoid the impact of the *Rooker-Feldman* doctrine simply by recasting his claims in federal court as arising under the United States Constitution, where adjudicating these claims would 'necessarily require reviewing the merits of the Rhode Island Supreme Court's decision.'" *Sinapi*, 910 F.3d at 549 (quoting *Mckenna v. Curtin*, 869 F.3d 44, 48 (1st Cir. 2017)). Any relief requested by Mr. Palange would require this Court to impermissibly revisit and review the order, which he has already unsuccessfully attempted to appeal before the Rhode Island Supreme Court. This Court may not provide him with any relief, as "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." *Davison*, 471 F.3d at 223.

Given this Court's lack of subject-matter jurisdiction over Mr. Palange's claims, Defendants' Motions to Dismiss, ECF Nos. 58, 59, 62, are GRANTED.[6] For the same reason, this Court *sua sponte* DISMISSES Mr. Palange's second suit, which

---

[6] Accordingly, Mr. Palange's Motion for Summary Judgment, ECF No. 71, and Motion for Declaratory Judgment, ECF No. 75, are DENIED.

8

makes nearly identical claims that this Court lacks subject-matter jurisdiction over.[7] ECF No. 1 (21-207).

### *Mr. Palange's Motion to Amend*

Mr. Palange has also filed a Motion to Amend his Complaint, seeking to "add additional claims, necessary joinder of parties, supporting evidence, [and] supporting facts." ECF No. 64. "The default rule mandates that leave to amend is to be freely given when justice so requires, unless the amendment would be futile, or reward undue or intended delay." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (quotations and citations omitted). Mr. Palange's proposed Amended Complaint contains a host of allegations regarding the proceedings before and holdings by the Rhode Island Family Court. ECF No. 64-1. Given this Court's lack of subject-matter jurisdiction over his claims, such an amendment would be futile. Therefore, Mr. Palange's Motion to Amend is DENIED. ECF No. 64.

### V. CONCLUSION

Under the *Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction over Mr. Palange's claims. Therefore, the Court:

---

[7] *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . .. Rule 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"); *see also Neitzke*, 490 U.S. 319, 327 n.6 (1989) ("A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).").

1. GRANTS Defendants' Motions to Dismiss. ECF Nos. 58, 59, 62.

2. DENIES Mr. Palange's Motion for Summary Judgment (ECF No. 71) and Motion for Declaratory Judgment. ECF No. 75.

3. Because his request to amend his Complaint would be futile, this Court also DENIES his Motion to Amend. ECF No. 64.

4. For the same reason, this Court *sua sponte* DISMISSES Mr. Palange's second suit against several of the same Defendants. ECF No. 1 (21-cv-207-JJM-PAS).

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

May 20, 2021