# United States Court of Appeals
## For the First Circuit

_____

No. 21-1481

STEVEN J. PALANGE,

Plaintiff - Appellant,

v.

MICHAEL B. FORTE; JUDGE SANDRA LANNI; RICHARD UPDEGROVE; TANYA GRAVEL; LOIS IANNONE; RONALD PAGLIARINI; PETER F. NERONHA; JEAN MAGGIACOMO; CELIA J. BLUE,

Defendants - Appellees.
_____

Before

Lynch, Howard and Kayatta,
Circuit Judges.
_____

**JUDGMENT**

Entered: April 7, 2022

     Pro se plaintiff-appellant Steven J. Palange appeals from the district court's dismissal of his amended complaint, in which he asserted various violations of his constitutional rights stemming from a child custody and visitation case in Rhode Island Family Court. Several defendants-appellees have moved for summary disposition, arguing that Palange's failure to develop any argument opposing application of the Rooker-Feldman doctrine in the district court has worked a waiver of any appellate claims of error. Palange did not file a response to either motion.

     Failure to develop an argument against dismissal before the district court may work a waiver of appellate arguments unless "extraordinary circumstances" are present. See Pomerleau v. W. Springfield Pub. Schools, 362 F.3d 143, 147 (1st Cir. 2004) (concluding that failure to raise any argument to the district court, whether in response to the motion to dismiss or via timely filed post-judgment Fed. R. Civ. P. 59 or 60 motion, "foreclosed" appellants "from advancing their arguments on appeal"). Palange has not suggested that any "extraordinary circumstance" warranting consideration of his arguments on appeal is present, and review of the record discloses none. Careful review of Palange's filings in the district court suggests that he was capable of opposing dismissal on Rooker-Feldman grounds. At the very least, Palange could have filed a

timely post-judgment motion under Rule 59 or 60 following the district court's application of the doctrine. Thus, Palange is now foreclosed from advancing on appeal any challenge to dismissal on Rooker-Feldman grounds. See id. at 147 ("To hold otherwise would undermine the ability of the district courts to serve as an effective and efficient forum for the resolution of disputes.").

We note that, even if Palange had not waived the issue, his contention on appeal that the Rooker-Feldman doctrine does not bar his claims fails to convince. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine bars federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Additionally, Palange has failed to elucidate an abuse of discretion as to the district court's denial of leave to again amend his complaint. See Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 389 (1st Cir. 2013) (standard of review).

The motions for summary disposition are granted. The district court's judgment is affirmed as to all appellees. See 1st Cir. R. 27.0(c) (court may affirm at any time if no "substantial question" presented).

Affirmed.

By the Court:

Maria R. Hamilton, Clerk

cc:
Ian Paul Anderson
Mark T. Nugent
Matthew Thomas Oliverio
Steven J. Palange
Stephen M. Prignano
John H. Ruginski, Jr.
Adam J. Sholes
Justin James Sullivan